UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAVELL FOX,

                Plaintiff,

    v.

SUPERINTENDENT LEE, et al.,

                Defendants.

9:15-CV-0390
(TJM/CFH)

---

**ORDER**

Plaintiff Javell Fox commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). Plaintiff alleges that Defendants have violated his free-exercise rights by beating him and subjecting him to solitary confinement for failing to cut his hair to comply with prison regulations. Plaintiff alleges that he is an "Anunake member which is a[n] ancient African religion." Dkt. No. 37 at 11. Plaintiff wears his hair in "a Mohawk style with Dreadlocks, that represent wisdom in plaintiff's religion." *Id*. at 1. After an initial review of the Complaint, the Court dismissed several claims and defendants from this action, but permitted several of Plaintiff's First, Eighth, and RLUIPA claims to go forward. Plaintiff then filed motions for preliminary injunctive relief. Dkt. Nos. 37, 53.

Construing Plaintiff's motions liberally, plaintiff may allege a violation of a First Amendment right to freely practice his religion. Because an alleged violation of a

constitutional right may "trigger[ ] a finding of irreparable harm," the Court **will assume for purposes of these motions only** that plaintiff satisfies the requirement that a party applying for a preliminary injunction show irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996).

Even assuming that plaintiff alleges irreparable harm, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). The Court finds that the evidence presented by the parties is at this time insufficient to determine whether injunctive relief is warranted. The Court will therefore order the parties to engage in discovery in order to develop the evidence sufficient to address Plaintiff's motions.

To this end, the Court will provide the parties with a period of time to engage in discovery designed to address Plaintiff's motions. Plaintiff shall produce any credible evidence in his possession that (1) his hairstyle is religiously significant in his scheme of beliefs, (2) the belief is sincerely held, and (3) the challenged practice or conduct of prison officials substantially burdens his religious belief. While the Court is aware that the sincerity of plaintiff's religious beliefs are not easily quantified, plaintiff is directed to produce any documents – including but not limited to religious texts and correspondence with DOCCS officials relating to his hairstyle and/or religious beliefs – that may assist the Court in assessing his claim that his sincerely held religious beliefs are being substantially burdened. Defendants may depose Plaintiff on these issues if they desire.

Defendants shall produce any credible evidence in its possession that rebuts plaintiff's

claims and demonstrates that the practice or conduct challenged by plaintiff furthers some legitimate penological objective.  Defendants shall at minimum supply copies of (1) plaintiff's disciplinary records and (2) plaintiff's grievances, communications with DOCCS' employees, and all DOCCS directives or regulations relevant to plaintiff's requests for preliminary injunctive relief.  Defendants shall also produce any other documents relevant to their opposition to plaintiff's requests for preliminary injunctive relief, including evidence that the challenged conduct or policy furthers some legitimate penological objective.

     The parties shall be afforded 60 days from today's date to conduct this discovery.  The parties shall supplement their briefing on these issues within 75 days of today's date, and also supplement the record with copies of any evidence collected in discovery that the parties deem relevant to the issues before the Court.  The Court will determine whether an evidentiary hearing is necessary after examining this additional evidence and briefing.

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

Dated: August 5, 2016