UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAVELL FOX,

                  Plaintiff,

                                            9:15-CV-0390
     v.                                      (TJM/CFH)

SUPERINTENDENT LEE, et al.,

                  Defendants.

---

APPEARANCES:                            OF COUNSEL:

JAVELL FOX
12-B-1626
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ERIC T. SCHNEIDERMAN        MARIA E. LISI-MURRAY, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Javell Fox commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. Dkt. No. 1 ("Compl."). Presently before the Court is plaintiff's motion for a temporary restraining order. Dkt. No. 67.[1]

---

[1] A more complete history of this action, including plaintiff's factual allegations, is set forth in the Court's previous orders and will not be repeated here.

Plaintiff filed motions for preliminary injunctive relief. Dkt. Nos. 37, 53 (the "PI Motions").[2] By Decision and Order filed on August 5, 2016, the Court found that the evidence presented by the parties with regard to those motions was insufficient to determine whether injunctive relief is warranted. Dkt. No. 66 (the "August 2016 Order") at 2. Thus, the Court directed the parties to engage in discovery, as more fully set forth in the August 2016 Order, to develop the evidence sufficient to address plaintiff's PI Motions. *Id*. at 2-3. The parties were afforded 60 days from the filing date of the August 2016 Order to conduct this discovery. *Id*. at 3. The parties were directed to supplement their briefing on the issues relevant to plaintiff's PI Motions within 75 days of the filing date of the August 2016 Order, and to also supplement the record with copies of any evidence collected in discovery that the parties deem relevant to the issues before the Court. *Id*. Once the supplemental briefing is complete, the Court will then determine "whether an evidentiary hearing is necessary after examining this additional evidence and briefing." *Id*.

Plaintiff now seeks a temporary restraining order to enjoin "the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them from infringing on plaintiff's right to the freedom of exercise of religion by his hairstyle being in a Mohawk with dreadlocks" pending determination of the PI Motions Dkt. No. 67. Defendants oppose the motion. Dkt. No. 68. Plaintiff has filed a reply. Dkt. No. 69. Both parties have essentially reiterated the same arguments in those submissions that were asserted in support of, and in opposition to, the PI Motions.

As noted in the August 2016 Order, "'[a] preliminary injunction is an extraordinary and

---

[2] Plaintiff has also filed two motions to amend his complaint and a motion for appointment of counsel. Dkt. Nos. 42, 54, 55. Those motions will be addressed in a separate order.

drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).

"'The purpose of a temporary restraining order is to preserve an existing situation in *statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.'" *Garcia v. Yonkers School Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842 (2d Cir. 1962); *see also* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951, at 253 (2d ed. 1995) ("The [temporary restraining order] is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction. . . ."). By his motion, plaintiff seeks affirmative relief changing the status quo, therefore a temporary restraining order is inappropriate here. Moreover, plaintiff has not put forth evidence or specific facts to clearly show his entitlement to a temporary restraining order. *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO*, 965 F.2d at 1228; *Perri*, 2008 WL 2944642, at * 2; *Mazurek*, 520 U.S. at 972.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for a temporary restraining order (Dkt. No. 67) is **DENIED**; and it is further

3

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

Dated: August 31, 2016