UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAVELL FOX,

                     Plaintiff,

                                                  9:15-CV-0390
      v.                                             (TJM/CFH)

SUPERINTENDENT LEE, et al.,

                     Defendants.
_____

**ORDER**

On August 5, 2015, the Court directed the parties to engage in additional discovery to address the issues in this case concerning free exercise of religion in a New York State prison. See dkt. # 66. The Court directed that:

> Defendants shall produce any credible evidence in its possession that rebuts plaintiff's claims and demonstrates that the practice or conduct challenged by plaintiff furthers some legitimate penological objective. Defendants shall at minimum supply copies of (1) plaintiff's disciplinary records and (2) plaintiff's grievances, communications with DOCCS' employees, and all DOCCS directives or regulations relevant to plaintiff's requests for preliminary injunctive relief. Defendants shall also produce any other documents relevant to their opposition to plaintiff's requests for preliminary injunctive relief, including evidence that the challenged conduct or policy furthers some legitimate penological objective.

The Court further directed that the parties complete the relevant discovery within 60 days. Within seventy-five days, the parties were ordered to supplement their briefing on these issues using the materials from the additional discovery.

Defendants have not filed any additional briefing and therefore have not complied with the Court's discovery order. Under Federal Rule of Civil Procedure 37(b)(2)(A), the Court may impose sanctions for a party's failure to comply with a discovery order. Among the

sanctions which the Court could impose are an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i-vii). The Defendants are hereby ordered to produce the filings that are the subject of the Court's August 5, 2016 Order, dkt. # 66, within fifteen (15) days of the date of this Order. **Failure to file the material as ordered by the Court will cause the Court to impose one or more of the above sanctions**.

Dated: October 27, 2016

*Thomas J. McAvoy* (signature)
Thomas J. McAvoy
Senior, U.S. District Judge