UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAVELL FOX,

                                                  *Plaintiff*,        **ANSWER TO AMENDED COMPLAINT**

        -against-

                                                        **Jury Trial Demanded**

SUPERINTENDENT LEE, et al.,

                                            *Defendants*.       15-CV-0390

                                                                TJM/CFH

      Defendant William Webbe (hereinafter "Answering Defendant") by his attorney, Eric T. Schneiderman, Attorney General of the State of New York, Maria Lisi-Murray, Assistant Attorney General, of counsel, answers the complaint as follows:

      1.     Admit the allegations contained in paragraph 1 in so far as the complaint is brought pursuant to 42 USC §1983 of the complaint and the Court has jurisdiction over properly commenced claims when brought in the proper venue.

      2.     Admit the allegations contained in paragraph 2 of the complaint to the extent plaintiff sets forth his name and address.

      3.     Admit the allegations contained in paragraph 3 (a) through 3(y) only insofar that plaintiff sets forth the names of defendants he seeks to identify in the above captioned matter.

      4.     Deny the allegations contained in all allegations set forth under the heading "Facts" and numbered 1 through 148.

      5.     Deny the allegations contained under each and every heading unnumbered but titled: "First Cause of Action" through "One Hundred and Fifty Fifth Cause of Action."

6. To the extent the amended complaint contains allegations dismissed by the Hon. Christian F. Hummel, United States Magistrate Judge in an Order dated December 19, 2016 and entered at Docket No. 75, those allegations are denied in their entirety.

7. Deny any factual allegation or alleged entitlement to relief requested in the wherefore clause.

8. Deny any allegation of the complaint not specifically responded to above.

## Affirmative Defenses

9. The complaint fails to state a claim upon which relief can be granted.

10. At all relevant times Answering Defendant acted under the reasonable belief that his conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

11. The complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

12. To the extent plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

13. To the extent plaintiff raises state law claims, they are barred by section 259-q of the Executive Law, by the Eleventh Amendment, and by other state law.

14. The complaint is barred by the applicable statute of limitations.

15. The complaint is barred, in whole or in part, under the Eleventh Amendment.

16. No personal jurisdiction has been acquired over Answering Defendants.

17. Answering Defendant was not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983. The doctrine of

respondeat superior does not apply in civil rights cases, and the complaint should therefore be dismissed.

18.  Plaintiff has failed to exhaust administrative remedies.

19.  To the extent plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under section 1915.

20.  To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

21.  Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending.  Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

22.  Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes.  Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated.  Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

23.  Plaintiff failed to mitigate his damages.

24.  The incidents described in the complaint and the injuries alleged to have resulted therefrom were caused or contributed to by the culpable conduct of the plaintiff, and if the plaintiff

is entitled to any verdict, such verdict must be diminished to the extent and to the degree such fault bears to the culpable conduct causing the damages.

25. Answering Defendants hereby demand a trial by jury.

WHEREFORE, Answering Defendant respectfully asks that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
February 6, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for William Webbe
The Capitol
Albany, New York  12224-0341
By: *s/ Maria Lisi-Murray*
Maria Lisi-Murray
Assistant Attorney General, of Counsel
Bar Roll No.   302577
Telephone:     518-776-2263
Fax: 518-915-7738 (not for service of papers)
Email: maria.lisi-murray@ag.ny.gov

TO: Javell Fox
12B1626
Plaintiff pro se
Attica Correctional Facility
P.O. Box 149
Attica, NY  14011