**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAVELL FOX,**

    **v.**                                                                              **9:15-CV-390**
                                                                                           **(TJM-CFH)**
**SUPERINTENDENT LEE, Easter NY**
**Correctional Facility, et al.,**

              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

Before the Court is Plaintiff's motion for a preliminary injunction. See dkt. # 128. Plaintiff, a prisoner held by New York State, seeks an order from the Court directing that he be transferred to long-term protective custody at the Clinton, New York, Correctional Facility. Defendants have responded to the motion. For the reasons stated below, the Court will deny the motion.

**II.**    **Background**

The present action alleges that Defendants have violated Plaintiff's rights under the Constitution and Federal law by preventing him from wearing his preferred religious hairstyle while incarcerated in New York prisons. Plaintiff's Amended Complaint names numerous New York State Correctional Officers and officials, most at Eastern Correctional Facility in Napanoch, New York. See dkt. # 76. Plaintiff wears his hair "shaved on the sides and dreadlocked in a Mohawk style." Id. at ¶ 1. He claims that this "hairstyle is a

1

religious symbol that signifies wisdom and is protected by the First Amendment[.]" Id. Defendants, Plaintiff alleges, issued him misbehavior reports and retaliated against him for refusing an order to cut his hair. Id. at ¶¶ 2-16. Defendants restricted his movement and limited his privileges in retaliation for his complaints. Id. at ¶¶ 17, 29, 41, 112-113. Plaintiff also complains of being exposed to extreme cold in his prison cell, and that Defendants failed to provide him with warm clothing or blankets. Id. at ¶¶ 42-43. He alleges he has been denied religious materials. Id. at ¶¶ 123, 127. He further complains of sexual assault by a guard during a search, and continued sexual harassment. Id. at ¶¶ 51-52, 63-64. Defendants' conduct, he claims, also restricted his access to the courts. Id. at ¶ 98. Plaintiff raises various causes of action related to this alleged conduct.

In the instant motion for a preliminary injunction, Plaintiff contends that that he has named more than 50 defendants at different correctional facilities in various lawsuits he is currently pursuing. See dkt. # 128, at 1. "I fear for my life[,]" Plaintiff alleges. Id. He avers that he has been assaulted at Eastern and Great Meadows Correctional Facilities. These assault were in part caused by a lack of cameras at those facilities. Plaintiff fears that "officers [will] attempt to kill me or beat me [until] my face is disfigured." Id. at 1-2. One attack by an officer, Plaintiff claims, nearly left him blind. Id. at 2.

Plaintiff pleads:

Please protect my being sir, this is not fair. Can you please put in a[n] order to transfer me immediately to Clinton Correctional Facility APPU or Sullivan, or even Shawagunk. I wouldn't ask you if it wasn't foresee[a]ble. Please sir, and can you make the order for my transfer immediate pleas.

Id. at 3. Defendants have responded to the motion.

**II.    LEGAL STANDARD**

Plaintiff requests that the Court issue a preliminary injunction directing the New York Department of Corrections and Community Supervision ("DOCCS") to transfer him. "A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015) (quoting Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010)). Plaintiff here seeks a "mandatory injunction," which alters the standard. "The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits." Tom Doherty Assocs. v. Saban Entm't Inc., 60 F.3d 27, 34 (2d Cir. 1995). When an injunction "alter[s] the status quo by commanding some positive act," however, that injunction is "mandatory." Id. Such an "injunction should issue 'only upon a clear showing that the moving party is entitled to relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" Id. (quoting Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985)).

### III. ANALYSIS

Defendants contend that Plaintiff has not alleged that he will suffer irreparable harm if he is not transferred to a new housing unit, nor has he demonstrated a likelihood of success on the merits. Defendants contend that Plaintiff points only to past conduct and does not point to any continuing violation of a right, which fails to establish either irreparable harm or a likelihood of success on the merits.

The Court will deny Plaintiff's motion.  Plaintiff has not made a clear showing of irreparable harm, even accepting as true all of the facts alleged in his motion, and an evidentiary hearing on this matter is unnecessary.  Proof of irreparable harm requires a showing that "the injury [plaintiff] will suffer is likely and imminent, not remote or speculative, and that such injury is not capable or being fully remedied by money damages."  NAACP v. Town of E. Haven, 70 F.3d 219, 224 (2d Cir. 1995).  Here, the injury Plaintiff claims is his fear that he will be beat by guards in retaliation for his filing of claims against them.  He claims he has been beaten for such filings before.  As to past beatings, those incidents can surely be remedied by money damages.  Moreover, Plaintiff's prediction that he will be beaten for filing claims against the prisons and Defendants is pure speculation, and the Court cannot alter the present status quo and order Plaintiff to be housed in a different prison based on such speculation.  Even if Plaintiff did suffer beatings, such injuries are capable of being remedied by money damages.  As a general rule, "an injunction is not available to remedy a loss that may be remedied by an award of monetary damages."  Chemical Bank v. Haseotes, 13 F.3d 569, 573 (2d Cir. 1994).  As such, Plaintiff has not demonstrated irreparable harm.

The Court notes that, while Plaintiff could show irreparable harm if he could demonstrate the violation of a constitutional right, Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984), he cannot show such a violation in this instance.  Plaintiff's request is for a court order that he be housed in a particular facility to prevent him from being attacked by guards unhappy with the lawsuits he has filed.  A prisoner does not have any due process right to housing in a particular institution or setting.  Pugliese v. Nelson, 617 F.2d 916, 922 (2d Cir. 1980).  "It is well settled that a prisoner has no constitutional right to serve a

4

sentence in any particular institution or to be transferred or not transferred from one facility to another." Fisher v. Goord, 981 F.Supp. 140, 176 (W.D.N.Y. 1997) (citing Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Meacham v. Fano, 427 U.S. 215, 225 (1976)). Plaintiff has thus failed to show a violation of his constitutional rights in where he is housed, and cannot demand a transfer on that basis. In short, Plaintiff has not demonstrated irreparable harm and cannot prevail on his motion for a preliminary injunction. The motion will be denied.

### IV.   CONCLUSION

For the reasons stated above, the Plaintiff's motion for a preliminary injunction, dkt. # 128, is hereby DENIED.

**IT IS SO ORDERED**

DATED: March 6, 2018

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge