UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAVELL FOX,

                                                *Plaintiff*,            **DECLARATION**

                 -against-                          15-CV-0144

DIANE LABATTE,                                        LEK/RFT

                                                *Defendant.*

---

JEFFERY HALE, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1. I am the Assistant Director of the Inmate Grievance Program for the New York State Department of Corrections and Community Supervision ("DOCCS"). As such, I am fully familiar with the grievance procedure available to inmates for filing complaints in the DOCCS system. I submit this declaration based on personal knowledge and upon review of the applicable Regulations and DOCCS Directives.

2. As the IGP Assistant Director, I am the custodian of records maintained by the Central Office Review Committee (CORC), which is the body that renders the final administrative decisions under DOCCS' Inmate Grievance Program pursuant to 7 NYCRR § 701 *et seq*.

3. Though not named as a party to this lawsuit, I submit this declaration in support of defendants' motion for summary judgment.

4. The inmate grievance process established by 7 NYCRR § 701.7 involves three steps: (1) complaint to the Inmate Grievance Resolution Committee (IGRC) at the individual facility; (2) appeal to the Superintendent of the facility; and (3) appeal to CORC.

5. CORC is the final appellate level of the Inmate Grievance Program.

6. DOCCS also provides for an expedited procedure for the review of grievances alleging harassment by DOCCS employees. NYCRR § 701.8. While the expedited procedure allows for direct forwarding of such a grievance to the superintendent of the facility, a prisoner must still appeal a negative determination to CORC before filing suit. *Id.* §§ 701.8(h) & (i), 701.5.

7. When an inmate appeals a grievance to CORC, DOCCS Directive #4040 stipulates that it is Department policy to maintain grievance files for the current year and the previous four calendar years. CORC maintains files of grievance appeals to CORC in accordance with the directive. In fact, the CORC computer database contains records of all appeals of grievances received from the facility Inmate Grievance Program Supervisor, as well as those reviewed under the expedited procedure, which were heard and decided by CORC since 1990. This database also contains a great deal of historical data with respect to appeals to CORC back to 1986, including data on many of the individual appeals.

8. It is my understanding that plaintiff Javell Fox (DIN # 12-B-1626) brings this action against defendant Diane Labatte alleging that she interfered with his legal mail and failed to mail correspondence to public officials in violation of his First Amendment rights.

9. Complaints or issues such as this are a proper subject for a grievance under DOCCS grievance procedures as outlined at 7 NYCRR § 701.1 *et seq.*

10. I have conducted a diligent search for active and closed appeals filed by inmate Javell

2

Fox (DIN # 12-A-3638) based on grievances denied at the facility level. Attached as **Exhibit A** is a true and correct copy of the computer printouts from the CORC database reflecting the results of that search.

11. As evidenced by **Exhibit A**, plaintiff has appealed one grievance to CORC titled "Harassment/Retaliation" and assigned case number ECF-26147-14. Attached as **Exhibit B** is a true and accurate copy of the grievance appeal packet filed with CORC.

12. This grievance was filed on December 10, 2014, reviewed by the superintendent on December 26, 2014, appealed to CORC on December 26, 2014, and scheduled to be heard on April 15, 2015. **Exhibit B** at 1.

13. CORC issued a decision with respect to this appeal on April 29, 2015. Attached hereto as **Exhibit C** is a true and accurate copy of the decision issued by CORC.

14. Based on my review of the grievance appeal packet, plaintiff's original grievance filed with Eastern C.F.'s IGRC, his appeal to the superintendent, and his appeal to CORC alleges that he was harassed and retaliated against by correction officers and was prevented from wearing a specific hairstyle in violation of his First Amendment rights. **Exhibit B** at 2-3, 5-11, 13-21, 28-29, 33-36, 42, 44-60, 62,

15. In his original grievance filed with the IGRC, his appeal statement to the superintendent, and his appeal statement to CORC, Plaintiff does not grieve that defendant Labatte interfered with his legal mail and failed to mail correspondence to public officials. **Exhibit B** at 2-3, 56.

16. In his grievance appeal packet, however, plaintiff included documents that allege defendant Labatte interfered with his legal mail and correspondence. **Exhibit B** at 22-26, 58.

17. This is the first instance during the procedural history of this grievance that plaintiff

3

raised this specific allegation.

18. In order for a matter to be properly appealed to CORC for a decision, all relevant information must be presented at the time of filing of the grievance at the facility-level, in this case Eastern C.F., in order for a proper investigation to be conducted at the facility level.

19. Accordingly, because plaintiff's issue regarding interference with his mail was not properly grieved at the facility level as a part of ECF-26147-14, plaintiff did not properly appeal this issue to CORC.

20. The CORC panel which reviewed ECF-26147-14 and accepted the grievance in part with respect to plaintiff's complaints concerning specific hairstyles prohibited by DOCCS advised plaintiff to "address his correspondence issues to mailroom staff." **Exhibit C**.

21. I have been informed that plaintiff has filed a facility level grievance assigned case number ECF-26198-15 in which plaintiff grieves the allegations contained in his complaint.

22. To date CORC has not received an appeal of this grievance.

23. Because DOCCS records reflect that inmate Fox failed to properly appeal a grievance concerning the allegations in this lawsuit to CORC, I respectfully submit that defendant Labatte should be granted summary judgment based upon plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. 1997e(a).

Dated: May 13, 2015
Albany County, New York

JEFFERY HALE