UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAVELL FOX,

            *Plaintiff,*  **DECLARATION**

   -against-          15-CV-0390

SUPERINTENDENT LEE, et al.,      TJM/CFH

           *Defendants.*

---

Rachael Seguin, on the date noted below and pursuant to §1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1. I am the Assistant Director of the Inmate Grievance Program for the New York State Department of Corrections and Community Supervision ("DOCCS"). As such, I am fully familiar with the grievance procedures available to inmates in the New York State prison system. I submit this declaration based on personal knowledge and upon review of the applicable regulations and DOCCS Directives.

2. As the IGP Assistant Director, I am the custodian of records maintained by the Central Office Review Committee ("CORC"), which is the body that renders the final administrative decisions under DOCCS' Inmate Grievance Program pursuant to 7 NYCRR §701 et seq.

1

3. Though not named as a party to this lawsuit, I submit this declaration in support of the Defendants' motion for summary judgment.

4. DOCCS has established the Inmate Grievance Program in accordance with Correction Law §139. DOCCS' policies and procedures regarding the Inmate Grievance Program are set forth in Part 701 of Title 7 of the Official Compilation of Codes, Rules and Regulations of the State of New York ("NYCRR"). These regulations are mirrored with minor refinements in DOCCS Directive #4040.

5. Upon information and belief, Title 7 of NYCRR is available in the law library at every DOCCS correctional facility. Directive #4040 is also distributed to every facility and is available in every facility law library and grievance office. Thus, the written policies and procedures concerning the Inmate Grievance Program are widely distributed and readily accessible to inmates. Inmates confined to the facility Special Housing Unit, or otherwise confined, will be provided with such materials from the law library for in-cell use upon request.

6. The inmate grievance process established by Title 7 of NYCRR involves three steps: (1) complaint to the Inmate Grievance Review Committee ("IGRC") at the individual facility; (2) appeal to the Superintendent of the facility; and (3) appeal to the Central Office Review Committee ("CORC").

7. CORC is the final appellate level of the Inmate Grievance Program.

8. DOCCS also provides an expedited procedure for the review of grievances alleging harassment by DOCCS employees. 7 NYCRR §701.8. While the expedited procedure allows for the direct forwarding of such a grievance to the Superintendent of the facility, an inmate must still appeal the determination to CORC before filing suit. 7 NYCRR §§701.8(h) and (i), and 701.5.

9. When an inmate appeals a grievance to CORC, DOCCS Directive # 4040 stipulates that it is Department policy to maintain grievance files for the current year and the previous four calendar years. CORC maintains files of grievance appeals to CORC in accordance with the Directive. In fact, the CORC computer database contains records of all appeals of grievances received from the facility Inmate Grievance Program Supervisor, as well as those reviewed under the expedited procedure of 7 NYCRR §701.8, which were heard and decided by CORC since 1990. This database also contains a great deal of historical data with respect to appeals to CORC dating back to 1986, including data on many of the individual appeals.

10. It is my understanding that the Plaintiff, Javell Fox (DIN #12-B-1626), brings this action against the Defendants alleging, *inter alia*, that: **1)** Defendants Lee, Russo, Madison, Simmons, Sullivan, Wendland, Webbe, Bey, Vanacore, Waugh, Miller, Williamson, and Cruz violated his First Amendment freedom of expression and free exercise rights by not allowing him to wear a certain hairstyle; **2)** Defendants Simmons, Madison, Cruz, Williamson, Bey, Wendland, Kozak, Waugh, Webbe, Russo, Lee, Miller, Vanacore, Sullivan, Connor, and Barg retaliated against him for filing grievances; **3)** Defendants Calao, Jennings, and Labatte denied him access to courts by refusing to appoint an inmate law clerk, denying him copies, and interfering with his legal mail; **4)** Defendants Webbe, Simmons, and Lee violated his constitutional rights by denying him access to magazines; **5)** Defendants Connor, Williamson, and Cruz violated his Fourth Amendment rights during a search/strip search and cell search; **6)** Defendants Lee, Webbe, Simmons, Sullivan, and Henry violated his Eighth Amendment rights because the conditions of his confinement were too cold, he was not provided with warm clothing or blankets, and he was confined to a cell without a feed-up slot; **7)** Defendant Cruz used excessive force and pat frisked

3

him in a sexual manner; and **8)** Defendants Lee, Webbe, Russo, Simmons, Wendland, and Sullivan violated his Fourteenth Amendment rights to due process. It is also my understanding that Plaintiff has made supervisory claims against Defendants Lee and Annucci.

11.   A complaint or issue such as those listed above is the proper subject for a grievance under DOCCS grievance procedures as outlined at 7 NYCRR §701.1 et seq.

12.   Plaintiff was housed at Eastern Correctional Facility ("Eastern") from September 16, 2014 until October 9, 2015. During that time, Eastern had a fully functioning inmate grievance process available to inmates at the facility. Also, inmates at Eastern have had full access to CORC by which to appeal from facility-level grievance determinations.

13.   At the request of the Office of the New York State Attorney General, CORC staff and I have conducted a diligent search of CORC records for determinations upon grievance appeals brought by Plaintiff, Javell Fox (DIN #12-B-1626). Attached as Exhibit "A" is a true and correct copy of the computer printout from the CORC database reflecting the results of that search and a listing all of the grievances that Plaintiff, Javell Fox (DIN #12-B-1626), has appealed to CORC as of August 15, 2017.

14.   As evidenced by Exhibit A, Plaintiff appealed a grievance to CORC titled "Harassment/Retaliation" and assigned case number ECF-26147-14.

15.   Attached hereto as Exhibit "B" is a true and correct copy of the grievance appeal packet filed with CORC (bates numbered 001-139) which demonstrates that grievance ECF-26147-14 was initially filed on December 10, 2014, answered by the Superintendent on December 24, 2014, and appealed to CORC on or about December 29, 2014.

16. CORC issued a decision with respect to the appeal on April 29, 2015. Exhibit B at 001.

17. In grievance ECF-26147-14, Fox alleges that Cruz, Williamson, and Connor harassed him during a pat frisk/cell search; Cruz, Williamson, Madison, Simmons, and Connor harassed and retaliated against him for wearing a certain religious hairstyle/head piece; and Skred issued a false misbehavior report. Exhibit B.

18. In his grievance filed with the IGRC and his appeal statement to CORC, Fox did not make any allegations that he was denied access to the courts by being denied an inmate law clerk or copies of papers. He also did not make any allegations about interference with his legal mail. Exhibit B at 1-4, 6-9, 20.

19. However, in his grievance appeal packet, Fox included documents that allege Labatte interfered with his legal mail and correspondence. Exhibit B at 48-51, 54.

20. Also, for the first time in his appeal to CORC, Fox alleged that he had to climb up on a chair and onto his cell bars in order to get his meals and that he fell while doing so, causing an injury for which he had to stay in the infirmary for 3 days. Exhibit B at 53, 55.

21. These are the first instances during the procedural history of this grievance that Fox raised these particular allegations. Exhibit B.

22. In order for a matter to be properly appealed to CORC, all relevant information must be presented at the time of the filing of the grievance at the facility-level, in this case Eastern, in order for a proper investigation to be conducted at the facility-level.

23. Accordingly, any issue not properly grieved at the facility-level as part of ECF-26147-14 was not properly exhausted.

24. On February 23, 2015, Fox filed Grievance ECF-26217-15, titled "Retaliation/Sexual Harassment". Attached hereto as Exhibit "C" (bates numbered 000140-000191) is a true and correct copy of grievance appeal packet filed with CORC.

25. In grievance ECF-26217-15, Fox alleges that Cruz harassed him by using profane language towards him, sexually assaulted him during a pat frisk, and read his legal mail; Kozak falsified a misbehavior report on January 30, 2015 in retaliation for a grievance Plaintiff filed against staff; and Cerciari intimidated and threatened him while investigating his complaint. Exhibit C at 000155, 000157, 000161-000164.

26. CORC issued a decision with respect to ECF-26217-15 on July 8, 2015. Exhibit C at 000180.

27. It is clear from a review of the documents that Fox had the opportunity through the inmate grievance program to address the issues raised in this action and to bring his complaints concerning individual employees to the attention of the IGRC and CORC. As demonstrated by Exhibits A, B and C annexed hereto, Fox submitted appeals to CORC in 2014 and 2015. However, said appeals did not concern all of the claims raised against the Defendants in this lawsuit.

28. The only Defendants initially grieved at the facility level were: (1) Madison, Cruz, Williamson, Simmons, Russo, Waugh and Connor (named within grievance # ECF-26147-14); and (2) Kozak and Cruz (named within grievance # ECF-26217-15). These particular grievances were the ones subsequently appealed to CORC.

29. Other DOCCS personnel were named in the above-referenced grievances, but they are not named as Defendants in this action.

30. The grievances appealed by Fox to CORC included the Defendants identified above in paragraph 28.

31. On appeal, however, Plaintiff often supplemented and/or consolidated his grievances in an effort to add allegations and name additional DOCCS personnel.

32. Besides the Defendants identified in paragraph 28, Plaintiff on appeal also named Lee, Wendland, Vanacore, Barg, Miller, Calao, Jennings, Labbate, Bey, and Henry.

33. Upon information and belief, the same issues asserted in ECF-26147-14 were asserted in another action entitled: Fox v. Labatte (15-cv-0144), which was dismissed for failure to exhaust administrative remedies. (See Fox v. Labatte, 9:15-cv-00144 – LEK/DJS, Dkt. No. 24, 25, 26). The only Defendant involved in both Fox v. Labatte and the present action is Diane Labatte.

34. Upon information and belief, Plaintiff Fox filed his original complaint in this action on April 2, 2015. The only matter received by CORC prior to the filing of his complaint was ECF-26147-14, which was not answered by CORC until April 29, 2015. Exhibit B at 001. The allegations were limited to his desire to maintain his hairstyle for religious purposes and avoid misbehavior reports for same. Exhibit B at 006-019. Grievance ECF-26217-15 was received by CORC on June 4, 2015, and was not answered by CORC until July 8, 2015. Exhibit A.

35. Because DOCCS records reflect that Plaintiff Fox failed to properly appeal his grievances concerning the allegations in this lawsuit to CORC, I respectfully submit that Defendants should be granted dismissal of Plaintiff's complaint based upon Plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. 1997e(a).

Dated: May 18th, 2018
Albany, New York

_____
Rachael Seguin