| NEW YORK STATE Corrections and Community Supervision | Grievance Number ECF-26147-14 | Desig /Code I/49 | Date Filed 12/10/14 |
|---|---|---|---|
| | Associated Cases | | Hearing Date 4/29/15 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility Eastern NY Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Harassment/Retaliation | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration. CO W... randomly pat frisked the grievant on 12/7/14 and found a slit cut into the waistband of his pants. Sgt. C... directed CO W... to frisk the grievant's cell; he confiscated four similar pairs of pants and denies being unprofessional. CORC asserts that there is no requirement in Department policy for a sergeant to authorize a pat frisk, and notes that religious headwear must be removed during a frisk to allow security staff to visually inspect the hair. In addition, Lt. M... and Co C... both deny harassing the grievant or being otherwise unprofessional. It is noted that he was issued a misbehavior report on 12/9/14 because his hairstyle was non-compliant with Directive #4914 and he is currently keeplocked. Staff indicate that the grievant changes his hairstyle prior to disciplinary hearings to be in compliance, but changes it back after hearings are complete.

CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process and Section 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

CORC notes that the grievant may write to whomever he wishes regarding this complaint, as long as they are not on his Negative Correspondence and Telephone List. CORC advises him that he may initiate a Freedom of Information Law Request (FOIL) for consideration to obtain the documents he is requesting in accordance with existing facility procedures, and to address safety matters to area supervisory staff.

With respect to the grievant's appeal, CORC notes that he did not identify any witnesses in either the instant complaint or upon interview with Captain W... on 12/12/14 and finds insufficient evidence of malfeasance by staff. He is advised to address correspondence issues to mailroom staff, and medical concerns via sick call.

CMV/rjq

---------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION

F.

RECEIVED
INMATE GRIEVANCE

# Eastern NY Correctional Facility
## CASE HISTORY AND RECORDS

**GRIEVANCE:** #26147-14

**NAME:** Fox, J

**DIN:** 12B1626

**TITLE:** Alleges harassment/retaliation

**CODE:** I-49                    **INSTITUTIONAL/DEPARTMENTAL:** ECF

**DATE FILED:** 12/10/14

**IGRC HEARING DATE:** NONE

**SUPERINTENDENT DATE:** 12/24/14

**APPEAL DATE:** 12/26/14

**INVESTIGATION**

**IGRC INVESTIGATION DATE:** _____

**FACILITY POLICY #** _____

**CAPTAIN DATE:** _____

**SUPERVISIOR DATE:** _____

**EMPLOYEE DATE:** _____

**PRIOR CORC:** _____

**OTHER:** _____

_T. Mauro, IGPS_

**Mr. Mauro, IGP Supervisor**

002                                                    0557

# EASTERN NEW YORK CORRECTIONAL FACILITY
# CASE HISTORY

**NAME: Fox, J**
**ECF: #26147-14**
**TITLE: Alleges harassment/retaliation**
**INVESTIGATION:**

**CODE:** I-49
**REFERANCE:**
**SUPT.:** W. Lee

**GRIEVANCE**: [12/10/14] Grievant contends that he is being continuously harassed and threatened due to his hair style.

**ACTION REQUESTED**: That investigation be held and suspend officers and members of administration. Wants to press criminal charges on administration. Wants to be left alone about hairstyle. No retaliation for this grievance.

**IGRC RECOMMENDATIONS**: [] NONE

**SUPERINTENDENTS RESPONSE**: [12/24/14] The grievant's grooming standards (current hairstyle) was reviewed by the Capt., DSS and Imam. In each case, the grievant was advised that his current hairstyle is not within established departmental guidelines. The grievant has been told on several occasions that his current hairstyle is considered to be a combination of two separate styles and is not in compliance. It should be noted that misbehavior reports can be written regardless of prior dismissals that occur during the hearing for like/similar charges if justified and are reviewed on an individual basis on their own merits. The grievants ability to meet standards at one particular time does not preclude staff from taking actions including disciplinary action on their occasions when he is not in compliance. The grievant is expected to maintain grooming standards at all times.
The grievant allegations could not be substantiated. No malice by staff is noted.

0558

***Grievance is denied.

**APPEAL TO CORC**: [12/29/14] I never changed hairstyle, Supt. failed to hold officers accountable for abandoning there post, frisking me and my cell without a supervisor and Dep. and Supt. failed to investigate Dep. Of Security and Capt. For failure to investigate official misconduct. (See attached for continuation).

**P. APPEAL CLERK**

## EASTERN CORRECTIONAL FACILITY
### INMATE GRIEVANCE PROGRAM
Inter-Departmental Communication

TO:        William A. Lee, Superintendent

FROM:    Thomas Mauro, IGP Supervisor

DATE:    12/10/14

SUBJECT:    Initial Superintendent Review of Grievance Coded 49

**Grievance Number: ECF - 26147-14**

Grievant's Name: FOX _____ DIN 12B1626 _____

Grievant's Name: _____ DIN _____

Grievant's Name: _____ DIN _____

Grievant's Name: _____ DIN _____

Grievant's Name: _____ DIN _____

Attached is a grievance pertaining to staff conduct (CODE 49). Please review within 24 hours, and note your findings:

Superintendent's Initials ____(N)____

Date Reviewed ___12/10/14___

__X__ I concur with the filing of this grievance as being coded 49.
An investigation by ___Capt._____ can proceed.

_____ I do not concur with the filing of this grievance as being coded 49.
The following action should be taken:

_____

_____

_____

Please return the attached to the IGP Supervisor.

cc:   File                                    Thank you.

0620

STATE OF NEW YORK-DEPARTMENT OF CORRECTIONAL SERVICES
INMATE GRIEVANCE COMPLAINT

FORM 2131 (REV 9/14)

*49* *Fm. Alleges Harassment retaliation*

Grievance No.
*26147-14*

## EASTERN N.Y. CORRECTIONAL FACILITY

Date *12-8-14*

Name _J. FOX_ Din#_12B1626_ Housing Unit _SH-12-18_
Program_____ AM_____ PM

*(Please Print or Type – This form must be filed within 21 days of Grievance Incident)*

Description of Problem: *(Please make as brief as possible)* _____

_(See Attached_

*EASTERN*

Grievant's Signature _____        DEC 1 0 REC'D

Grievance Clerk _____        Date: _____

*INMATE GRIEVANCE*

Advisor Requested    YES    NO    Who: _____

Action Requested by inmate: _____

_____

_____

This Grievance has been informally resolved as follows: _____

_____

_____

This Informal Resolution is accepted:
*(To be completed only if resolved prior to hearing)*

Grievant's Signature_____        Date:_____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

0596

STATE OF NEW YORK - DEPARTMENT
OF CORRECTIONAL SERVICES
INMATE GRIEVANCE COMPLAINT

Grievance No.

Eastern Correctional Facility

26147-14

Javell Fox  12B1626  SH-12-18

On November 9, 2014 I was written a com-
plaint Misbehavior Report by officer skred on the
7-3 ᴾᴹ shift. officer skred stated that my hair
was not in compliance with Directive 4914 of
inmate grooming standerds. it ~~madison~~ ˢᵉⁿᵗ her
to investigate my hair and upon his orders she
did so. On November 12, 2014 I was given a
hearing on the ticket for Disobeying a Direct
order. on that Date I was found not guilty
of the charges and according to Law and
Directive 4914 my Hair is in compliance with
grooming standard. I have locks and the Sides
of my hair cut. I also wear a religious head
piece, I was registered Rasta and now I'm
Registered N.O.I. Religious Head pieces is also
permitted. officers continuosly force me to
remove my religious head wear. violating my Right
to Religious practice.
    On December 7ᵗʰ 2014 I was placed on
keeplock status after officer cruz Directed
officer williamson on the 7-3 shift after
lunch chow to pull me over and aggressively
search me, taking off my boots, unbuttoning

LL007

sent back to my allery Housing unit, officer william-
son came to my Housed cell 15 or 10 minutes later to
search the cell I'm Housed in, he asked me if I knew
why he was here I told him no. he stated because
officer Lieutenant Madison gave me a direct order
last month and I failed to comply, however officer
Lieutenant never saw my hair after he directed me
to take my locks out of a cornrow, which I did
immediately and never put my locks back in a corn
row. so for officer williamson and cruz to Harass,
in the manner of A pat search that was Degrading,
cell search that was Degrading and a misbehavior
(keep lock) report for the same issue I had a hearing
on, on November 12, 2014 and Lt simmons per directive
said. Haircut/style is permitted and that misbehavior
report was Dismissed. officer cruz, officer williamson,
and Lt Madison Are exceeding the scope of their Duty.
          when I made officer williamson aware

that Lt Simmons dismissed the ticket I received for
this same issue, officer williamson stated that Lt
Simmon "doesn't know anything, he doesn't know how things
work around here, Lt Madison does." However Lt Madison
happens to be white, Lt Simmons happens to be black
and I'm black and officer williamson is white, so the
black Lieutenant is wrong at interpreting a Directive
primarily Defining black hair but a white Lieutenant
is not. this is clearly Harassment and a Racial Attack.
I have witnesses that can varify my claims of officer
williamson prejudice against his own Lieutenant, this
is also an infringement on my religion by officers
constantly forcing me to take my religious headwear
off. officer williamson also stated that he was searching me and
my cell because of my hair. officer cruz was not on his post

0561

Action requested: I request that officer cruz and officer williamson get a Drug test and a mental evaluation. I request that No Drug or weapons be planted on my person or in my Assigned cell as well as no urine tests by officers that coincidently comes up positive for Drugs, and I request to be free from officers assaults and lies that I assaulted first so they protected themselves, these are all tactics that officers use to punish inmates for using the Grievance System, Lieutenant madison complained to officer cruz and officer cruz conspired officer williamson to write me complaint misbehavior reports, searched my person and assigned cell in a Degrading manner, without permission from no Authority of them, this is gang activity. I request also to be left alone, and not harassed and released from keeplock status. officer cruz and williamson also need to be suspended. I would like to be Assisted in Filing Harassment criminal charges against officer cruz and officer williamson and Lt wilson. I fear for my safety.

cc  I.G
cc  commissioner
cc  Attorney General
cc  Governer

Furthermore Sgt connor authorized officer williamson to search my assigned cell. so basiclly because of my hair and the way I look Sgt connor okayd further Harassment and also went against Lt simmons Disposition. Sgt connor has harassed me in the past and also need a Drug Test, mental evaluation and suspension. c.o cruz has numerous complaints of Assault and harassment against him, and continues to be a threat to inmates safety on November 30, 2014 c.o cruz told Lt madison that if he see me hes gonna write me up, since c.o cruz was not on his post and Abandoned his post to Point me to c.o williamson and accompanying officers he couldn't write the ticket so he had officer williamson Do it, these are criminal behavior that lye within eastern by correctional officials. I notified my family and Attorney about the ongoing issue, they are prepared to notify the Governer Andrew cuomo, the Attorney General, and ABC News, sarah wallace to shine light

Javell Fox 12B1626   SH 12-18
12-14-14

Consolidate
26147-14

Grievance No

Eastern Correctional Facility

On  12-12-14 I was called out to speak to
the security captain pertaining to a complaint that
wrote about Lt Madison, C.O Cruz and C.O Williamson,
and Grievance that I filed for retaliation and
Harassment stemming from a ticket ( Misbehavior
report) that I received from officer Szkred ~
For Disobeying a Direct order from Lt madison.
this ticket was given to me on 11-9-14 and a
hearing was held on 11-12-14 and the Hearing officer
Lt Simmons found me not guilty and stated that
my Haircut / Hairstyle was Allowed per Directive
4914 and law.

On 12-7-14 I received a misbehavior report
For the same issue. On 12-12-14 Captain stated to
me that my hair was not in compliance and he
clearly misintrepets the Directive that states
'Dreadlocks' can not be woven, Twisted or ~~been~~
corn rollede together.

The Captain said that my locks are twisted
therefore my hair is not in compliance. also my
hair is cut on the side and said that that is

Two different hairstyles and is in Further un-compliance. In the Directive Hairstyles states cornrow Braids and Dreadlocks, so I could understand if I had corn row braids on the side and locks on the top this would be a Violation, by my hair being cut on the sides and lock on the top Neatly Groomed is one hair style.

My Religion is Rastafarian and I adhere to the strict custom of my Native Cherokee Ancestry and my Hairstyle is a cultural symbol, that represents the bear turning into the Hawk, which means from land to sky, Spiritual rebirth.

Captain also stated that if I dont cut my hair by the time I go to my hearing I'm gonna be found guilty. So my hearing is now predetermined which is a violation of my constitutional Right to Due process by him being the investigation captain influencing the hearing officers decision and ability and obligation to be impartial Francis V Coughlin 891 F.2d 43,46 (2d cir 1989) and he is also infringing on my Right to Religion under Section 610(I) of the Newyork corrections law. my Hairstyle is a spiritual Religious Symbol and is no threat to the order, safety or security of the Prison.

Furthermore I made captain aware verbally which he was already aware orally That I had been frisked physically by officers because of my Hairstyle, officer cruz abandoned his post to direct officers and show them who

0594

361471

I was, and Sgt okayed officers to further frisk my cell for no reason concerning safety or security only to execute a cell to find item that I cant have or any little thing to add more charges to the misbehavior report to assure that I confined to my cell after the hearing.

captain was not concerned with this **and** the sgt and officers malicious justified conduct. he had predetermined to state that my hair was not in compliance by highlighting the same subdivisions that the officer quoted which is idiotic and violates my civil and constitutional rights the captain is bias, and by him influencing the hearing officer **HE** is breaking correction rules - I also told the capt that when I came back from the Hearing officer cruz and his co-worker was teasing me and telling me to say some tting now and making chicken quacks ~Jamell~ like they were Highschool teenage BULLYS, cept DIDN'T CARE.

Action requested

I request to be allowed to wear my hairstyle, it is a religious symbol of strength, peace and growth, and for the captain to be explained the importance of protecting prisoners constitutional rights and by him supporting or agreeing with officers abandoning there post, to point out a inmate, frisk him, then the sgt okays a cell search all because of a inmates hairstyle that poses no threet to safety and security is a contradiction of his Rank.

0563

Javell Fox 12151626 SH-12-18 DEC-18-2014

TE: Superintendant Consolidate
76147-14
Eastern corr Fac
Grievance No:

Today I spoke with Dep Russo, I was spoken to like a Degenerate Embasil, I come to that Conclusion by the tone of his expression of words. He told me to take that off let me see, "you hiding it, take that off", he's referring to my religious head wear, no respect at all,

furthermore he already predetermined his ruling on what he thought my Hair should be, of Course, not in compliance.

he spoke about the captains decision on my Hair and agreed, "of course", he spoke nothing about the captains failure to investigate and possibly covering for officers misconduct.

The official staff here is Egotistical, they have no interest in me and do not see me as a human being Just a Peion, officials here from what I've been through only see each other as human and is only out to protect each others interest, no matter how much harm they cause me, superintendant if a samurai was to be housed in this prison, and he had all his hair shaved off on the side part of the top and part off the back and one ponytail with a braid in the middle, representing his religious

Culture, would you keep sending officials to 261/2-inspect his hair or would you make a decision or Direct those of who you send to make a Decison based on Correction Law section 610(1) Right to Religion 1st amendment, its common sense that the directive cant list every ~~religious~~/Haircut that entitles a Hairstyle. the Directive Donot say my Hairstyle is not permitted and Ny CorrLaw 610(1) Allows me to express my religion As long as Im not Disrupting the order of the Facility or threatening safety and security, I'm a true Descendant of the cherokee Natives and I acknowledge Halle Salassie I the last king of Ethiopia as the true and living God which Holds the wisdom of the path that man should follow, my Hairstyle is Holy Religious I request that you allow me to ~~practice~~ my religion, thats A Constitutional Right. Dey Russo stated that if I dont cut my Hair or grow my Hair (of course he Did Not say that me twisting my locks was against Directive like the captain DiD) I'm gonna Remain confined, who is he to Disregard correction Law 610(1) or do he know it and if he Dont he's not trained properly, However He should know the Constitution and Dey Russo is clearly violating my constitutional Right    *Jauell*

Action requested! to be Allowed to Express my beliefs and Reflect the Consciousness that my belief Require under the U.S Const N.Y state

Javell Fox   12B1116   SH 12-18   12-20-14

Eastern Correctional Facility

Consolidate

Grievance No.

26 147-14

On 12/19/14 I received a MEMORANDUM from Dep Russo pertaining to our meeting on 12-16-14. Dep Russo is falsifieng Documents intentionally, Dep Russo on Above Date at the lobby of South hall he conspired with a Female Officer And concocted the lie At that time that states my Hair was in A braided style that Forms Pockets. as the Dep of Security he's competent at Crafting memos for his higher Official that use the rules to punish me at the expense of him Falsifieng Documents, because a picture was taken of my Hair the same Day we Spoke, that will prove Dep Russo is A' liar, criminal and Has No integrity.

Action Requested

I want to file criminal charges in this matter. Equal protection of the law. if I break a Rule or the law I'm immediately puni-Shed, these Official such as Dep Russo need to criminally investigated and punished after the fact findings to Deter Future behavrors like Falsifieng Documents to lie for peers and cover up and Sweep under the rug Official miscon-', Liensns and lies on a inmate. This is

JAVELL FOX  12B1626  SH-12-18  ( 12/15/ # )          26117-14
complaint for captain chetti                                    considate

(99)

F.M.

Grievance No.

EASTERN CORRECTIONAL FACILITY

I received the outcome of captains investigation
(of Grievances that I filed and complaints I wrote) in
writing.

I am awestruck to see how incompetent the captain
is acting and how much he lacks integrity, the super-
intendant has a liar for a captain and as a security
captain he can not be trusted.

Captain states officer williamson gave a memo
explaining that he pat frisked me and At that
time he felt a slit on the inside the waistband form-
ing pockets then he frisked my assign cell. However
what was the reason he frisked me captain failed to
state that, he also failed to investigate officer
cruz for abandoning his post just to point me
out to officer williamson and officer waugh,
also officer waugh was not there
when officer williamson came to frisk my assigned
cell as captain stated he was sent by sgt, he
never came because no sgt sent williamson I
told him my cell location and he came on his
own alone, and I have a witness that heard
william say why he came (Because of my Hairstyle)
and Heard officer williamson when he said to me
he see a pattern in my pants they all have slits
in them, then he left out of the cell, told me to
get on the gate and He then felt my band to see if
the pants I had on had slits in them which they Did.
    He states that he finds no employee misconduct,
if this was A test for him to set hired, to find employee

016                                                    0565

I was, and s + occuyed officer  to further re
frisk my cell for no reason concerning safety
or security only to execute a cell to find
item that I cant have or any little thing to
Add more charges to the misbehavior report to
assure that I confined to my cell after the
hearing.

captain was not concerned with this And
justified the sgt and officers malicious
conduct, he had predetermined to state that
my hair was not in compliance by Highligh-
ting the same subdivisions that the officer
quoted which is idiothc and violates my civil
and constitutional rights the captain is bias,
and by him influencing the hearing officer HE
is breaking correction rules. I also told the capt
that when I came back from the Hearing officer cru-
and his co-worker was teasing me and telling me to say Son
thing now and making chicken quacks Jawell
like they were Highschool Teenage
Bullys. Capt Didn't care.

Action requested

I request to be allowed to wear my
hairstyle, it is a religious symbol of strength,
peace and growth, and for the captain to
be explained the importance of protecting
prisoners constitutional rights and by him
supportingor agreeing with officers Abandoning
there post, to point out a inmate, frisk him,
then the sgt okays a cell search all because
of a inmates hairstyle that poses no threat
to safety and security is a contradiction
of his Rank.

misconduct and if _ did not he would of never got hired, so since he was sent to do an investigation and found no employee misconduct he should be suspended. for one officer cruz abandoning his post to point me out to get me searched if definately employee misconduct, and for captain to not even mention shows hes trying to cover for the employees misconduct, which makes him an accomplice to officers and leutenant criminal action, 2 Captain never spoke about why I was pat frisked and who okayed that, why because no one okayed it and this is Further him trying to cover up for employees misconduct, and then making up an elaborate story for why they he came ("because of my pants having slits in them) to search the cell, but I have a witness that can attest to him stating (clearly why he came to frisk my assigned cell (because of my hairstyle etc.) no sgt gave permission the he may have backlogged it with Sgts permission, I'm sure of that the captain covers up for security staff, Lieutents and sgts do the same officers police themselve and act as tyrants when ever they choose, and if captains like the Captain that the superintendant sent to investigate that'll cover up employee misconduct, Hes a criminal, Bias prejudice, and his action are intentional not negligent he also failed to speak about me telling him about cruz Harrassing and taunting me on 12/11/14 an inciden in which I Just filed a grievance on

Actions requested

captain needs to be Suspended. I request An employee rule book, and for the log of my Frisk and cell search to be put in file and preserved.

cc Commissioner
cc Governer
cc Attorney General
cc I.G

DEC 16 REC'D

261487-14

0566

Javell Fox R 626   SH-12-18   12-14-12

Grievance No

26147-14

Eastern correctional facility.

On 12-11-14 officer cruz and his co-worker During the 7-3rd shift at south hall lobby saw me coming back from from my hearing and officer cruz began to tease me and taunt me calling me mr keeplock, and telling me to say something now in a provoking manner because he read the complaint I wrote about him Abandonin his post and Directing officers to frisk me because of my halestyle, officer cruz co-worker the began to make chick quack noises at me and cruz continued to verbally annoy me by saying Yea I thought you aint have nothing to say. there actions were like teen age Highschool Buillys. Im begining to get headachles because of the constant Harassment.

Action requested

that officer cruz get a urine test and a mental evaluation, and be ordered to leave me alone.

26147-14

DEC 18 REC

019

*Received 12/29/11,*
*Javell Fox*
*SH-16-004*

| GRIEVANT | DIN # | HOUSING UNIT |
|---|---|---|
| FOX, JAVELL | 12B1626 | ~~US-02-101~~ SH-16-004 |

STATE OF NEW YORK

| GRIEVANCE NO. | DATE FILED |
|---|---|
| 26147-14 | 12/10/14 |

| FACILITY | POLICY DESIGNATION |
|---|---|
| Eastern Correctional Facility | I |

DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION

| TITLE OF GRIEVANCE | CLASS CODE |
|---|---|
| Alleges Harassment/Retaliation | 49 |

INMATE GRIEVANCE PROGRAM

| SUPERINTENDENT'S SIGNATURE | DATE |
|---|---|
| *WMLee* | 12/24/14 |

SUPERINTENDENT  WILLIAM A. LEE

Grievant complains that he is being harassed and retaliated against as a result of his hairstyle.

The grievant's grooming standards (current hairstyle) was reviewed by the Captain, DSS and Imam. In each case the grievant was advised that his current hairstyle is not within established departmental guidelines. The grievant has been told on several occasions that his current hairstyle is considered to be a "combination" of two separate styles and is not in compliance. It should be noted that misbehavior reports can be written regardless of prior dismissals that occur during the hearing process for like/similar charges if justified and are reviewed on an individual basis on their own merits. The grievant's ability to meet standards at one particular time does not preclude staff from taking actions including disciplinary action on other occasions when he is not in compliance. The grievant is expected to maintain grooming standards at all times.

The grievant's allegations could not be substantiated. No malice by staff is noted.

***Grievance is denied.

WL: tm

---

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent please sign and date below and return to the IGRC Office. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.:

*I never Changed Hairstyle, Superintendant failed to Hold off-icers Accountable for abandoning there Post, Frisking me and my Cell without A supervisor and Dep and super Intendant - Back Attack*

_____      _____
GRIEVANT'S SIGNATURE                          DATE

_____      _____
GRIEVANCE CLERK'S SIGNATURE                          DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g).

0567

Jarvell Fox 17 626  December 26, 2014  Sommarian No 1

Superintendants
Grievance

EASTERN CORRECTIONAL FACILITY

Superintendant failed to investigate Dep of security and security captain for failure to investigate official misconduct, superintendant allowed officer Cruz to Abandon his post, he allowed officer Williamson and officer weugh to frisk me without Approval from there supervisor he also Allowed these same set of officers or Rather officer Williamson to frisk my cell without permission from his supervisor, all because of my Hair, Lt madison and officer cruz conspired this whole ordeal a week prior to it occurance I have a witness that attest to this. superintendant Allowed me to get an Affirmed Decision By DSS Russo who I wrote a grievance on and out of Retaliation he Affirmed my penalty of 30 Days keeplock, 30 Days loss of Rec, 30 Days loss of phones, and 30 Days loss of package, Superintendant is Allowing officers and Higher officials to pressure me into cutting my mohawk, with locks in it, which is properly groomed and a Symbol of my Native Americans Heritage, and Rastafarian Belief, protected under the constitution and NY corr law 610, superintendant is also allowing for me to be Held Double Jeoperdy, on Lt name Simmons found my dread Hawk/Bear Hawk to be in compliance and I got to misbehavior report for the same thing. Superintendant Also is not Assuring that the facility is safe, while I'm on keeplock I had to climb a chair and up the Bars to get my Breakfast lunch and Dinner, I ended up falling Down on the chair And Having to be

carried to medical Hospital in the facility, given steroid shot to walk, and Hospitalized in infirmary for 3 days from the 23rd of december to the 26th of December and Now I walk with a cain, because eastern corrections cells at south hall where I lock are not fit for keep-lock and after I got out of Hospital they put me right Back in south hall, where now I have to wait a hour for officers to open my cell so my food is cold when I get it, superintendant in my opinion is coercing the mailroom not to send out my mail because I have been trying to write you and the governer and the Mailroom has been Holding the mail for 2 weeks, so I have to write you in some one elses name to assure you get the mail along with the governer.

Jawell Fox

## Action Requested

I request that an investigation be held about this matter and that officers get suspended and Dep Russo as well as superintendant, and captain and Dep to presi charges on the mail room, officers and I wish to presi Lieutenant and if superintendant captain Dep and Lieutenant to be held I want to press gave the order for my mail like the order for Him as well, and I would you to criminal charges on Him as well, and I would you to order this facility and any other facility to leave me alone about my mohawk Hairstyle, it is not a risk to the order of a facility or safety and security and it is my culture and religious right under the constitution of the state of New York and the united states. (~~Not my culture~~)

0635

carried to medical hospital in the facility, given steroid shot to walk, and Hospitalized in Infermery for 3 days from the 23rd of December to the 26th of December and Now I walk with A Cain, because Eastern Corrections cells at South Hall where I lock are not fit for keep-lock and After I got out of Hospital they put me right BACK in South hell, where now I have to wait A hour for officers to open my cell so my food is cold when I get it. Superintendant in my opinion is coercing the mailroom not to send out my mail because I have been trying to write you and the Governer and the Mailroom has been Holding the mail for 2 weeks, so I have to write you in some one elses name to assure you get the mail along with the governer.

Ganell 54

Action Request

I request that an investigation be held about this matter and that officers get suspended and captain and Dep Russo as well as superintendant, and I wish to press charges on the mail room, officers captain Dep and lieutenant and if superintendent gave the order for my mail to be held I wont to press criminal charges on Him as well, and I would you to order this facility and any other facility to leave me alone about my mohawk Hairstyle, it is not a risk to the order of A facility or safety and security and it is my culture and religious right under the constitution of the state of New york and the united states. (Let My mohawk riq)

is instructing the mailroom to hold my mail pertaining to the real issues, so the mailroom is holding my mail and not sending it to commissioner, the governer and prisoners legal service, I also wrote a grievance on the superintendant and sent it to the commissioner of corrections so your office could refer to that as well, the superintendant is faisifieng documents, my grooming standards (current Hair-style) was never reviewed by a imam, what kind of people is working for DOCCS, this is sick, As you could see this whole packet, 40 pages that has to be reviewed and the superintendant fails to investigate inorder to cover up for the captain, D.S.s Lt, Sgt and officers, this is clear gang activity, How could I meet grooming standards on both misbehavior reports, I was found Not guilty and in compliance, now because I'm filing grievances for Harassment DSS, and captain states I'm not in compliance I have to cut my hair, that's there order, but they are not man enough to put that on papper because they know they have no authority to tell me to Do so in there official capacity, so verbally they tell me to cut my Hair, exceeding the scope of there duty acting then in there personal capacity with intentions to harm me, and inflict cruel and unusual punishment on me,

Jowell Fp
12-29-14

0624

EASTERN CORRECTIONAL FACILITY

IGRC OFFICE ACKNOWLEDGEMENT RECEIPT

TO: __Fox__    DIN: __12B1626__    CELL: __12-18__

This notice is to inform you that your grievance(s) dated __12/8__

was/were filed on_____ _____

Log # ECF- __26147-14__

CODE: __4:9__

TITLE: __Alleges Harassment/Retaliation__

EASTERN C.F.

DEC 1 0 REC'D

INMATE GRIEVANCE

*Your log number, DIN, and cell location* __must__ *be included on any inquiries made concerning your grievance.*

Upon completion of an investigation and if not resolved you will be scheduled for an IGRC hearing within 16 calendar days of the filing date. According to Directive #4040 if you do not appear for the hearing without a legitimate reason, the IGRC can hold a hearing in absentia. If 3 scheduled hearings are missed due to legitimate reasons the IGRC can hold the hearing in absentia. When a grievant is keep locked over thirty (30) days a hearing can be held in absentia.

If your grievance is numbered as part of a consolidate issue, you may or may not be called for a hearing. However, you will receive a copy of the grievance committee's decision, and you may appeal any decision in accordance with Directive #4040.

Grievances coded 25.1, 25.2 or 49 are passed directly through to the Superintendent for action. An investigation will be conducted and the Superintendent should respond within 25 days of the filing date. No IGRC hearing will be held.

If a response is considered untimely then the IGRC Office may contact you to ask for an extension or you can request in writing that it be appealed to the next level.

_____

_____

_____

IGRC Clerk _____    IGP Supervisor_____    IGRC Sergeant_____

Javell Fox   12-A-4626   _____ ___
December 26, 2014

EASTERN CORRECTIONAL FACILITY

To whom it may concern

On November 9, 2014 I was given a misbehavior report (Ex 4) about my hair officer lied saying my locks were braided, I was found Not guilty, by Lt Simmons, Hearing officer, on ~~December~~ November 12, 2014

On December 7, 2014 I was searched by officer Williamson and officer Waugh, officer Cruz abandoned his post to point me out to these officers. A week prior officer Cruz told Lt Madison that when he see me Ites gonna give me another misbehavior report for the same thing (my hair), in which I was found to be in compliance(Ex B), officers never got approval from there supervisor to frisk me and then officer Williamson came to my cell and frisked my cell still without approval from a supervisor, just so he could find something to add on the ticket to make sure I was given keeplock time and suffered, he found 4 pair of state greens that was cut a quarter inch in the waist, I am now serving 30 days for those cut pants and had to pay 44.82 ¢ for used pants that were already in that condition when I got them from my last facility and these pant would've cost 2.00$ (Ex C) the most to repair, I wrote a grievance on the Lt and officers, captain Webbe came to speak with me immediately he covered up official misconduct, I wrote a grievance on the captain for this clear assistance in failing to punish or speak to officers for abandoning post and also covering up for them, the Dep came to speak to me he covering for the captain and fails to investigate officer misconduct, I wrote a grievance on the Dep, (Ex E) I appealed the Tier II proceeding as excessive penalty and no proof to prove I cut the pants, the Dep affirmed the penalty of 30 days, the same Dep I grieved (Ex F) I been trying to write to the commissioner and governor, however the mailroom is not sending out my mail and is holding it so I cant access the proper channels for remedy, (Ex G) the keeplock status here is cruel and unusual, I had to climb in a chair and up the

bars to get my breakfast, lunch and dinner trays, on December 23, 2014 slipped off the bar h the chair fell back and had to be carried to the hospital and given steroid shot to walk and then I was hospitalized in the prison infirmary until December 26, 2014, and I now temporarily (hopefully) walk with a cane, because I dont walk to good without it as of now. I am writing a grievance on the superintendant (ex 2) I also asked officers all the time to open my cell and hand me my tray, they tell me to climb or dont eat (ex l), the superintendant allows this jail to run out of control, the superintendant could of prevented this, plus I should of never been on keep-lock for my HAIR and pants thats ripped that is not a safety and security issue, my hair is in a mohawk hairstyle I am Native American through my fathers mother and I am Rastafarian, my hair is not all the way locked so its twisted as thats the only way to get modern locks, and they go back into a mohawk, I've been harassed and keeplock for my hair since I been in this facility, now I'm being charged 44.82$ and 30 days keep lock (ex 3), loss phone, loss of package and loss of Rec, because of my hair and I had to climb to get food like a animal and now I'm cripple, because I fell, I should not have to be abused and placed under such treatment, please contact this facility as the powers that be and stop them from abusing me, I enclosed a witness statement on my behalf. Exhibit C, Exhibit D will show the continued harassment

cc Governor
cc Commissioner
cc Good Morning America
cc Daily News
cc Prison legal Services
cc Prison Voices Project

I wish to file criminal charges in this matter, please assist me in doing so.

3 copy
(Ex A)

Form 2171A (1/12)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

EASTERN CORRECTIONAL FACILITY

## Inmate Misbehavior Report ~ Informe De Mal Comportamiento Del Recluso

| 1. Name of Inmate (Last, First) ~ Nombre Del Recluso (apellido, nombre) | No. ~ Num | Housing Location ~ Celda |
|---|---|---|
| FOX, JAVELL | 12B1626 | SH-12-8 |

| 2. Location of Incident ~ Lugar Del Incidente | Incident Date ~ Fecha | Incident Time ~ Hora |
|---|---|---|
| YARD GATE | 11/9/2014 | APPROX 10:30AM |

3. Rule Violation(s) · Violaciones

106.10 DIRECT ORDER

4. Description of Incident ~ Descripcion Del Incidente

On 11/6/14 I, Officer J. Szkred, observed Inmate Fox 12B1626 with the sides of his head shaved and 1

large braid down the center of his head. I counseled Inmate Fox and ordered him to fix his hair to be in

compliance with directive 4914 Inmate Grooming Standards. On 11/9/14 I observed Inmate Fox with

the same hair style and when I questioned him about it he said "I'm not going to change my hair".

Inmate Fox admitted that he is going to continue to defy the rules set forth in directive 4914.

Area Sergeant Fassetta was notified and Inmate Fox was placed on keeplock status.

It should be noted that Inmate Fox has been counseled for the same infraction by numerous security

staff in the recent past, including Lt. E. Madison on 11/6/14.

| Report Date ~ Fecha | Reported by ~ Nombre De La Persona Que Hace El Informe | Signature ~ Firma | Title ~ Titulo |
|---|---|---|---|
| 11/9/2014 | J. Szkred | J. Szkred | C.O. |

5. Endorsements of other employee witnesses (if any)          Signatures:

Endosos De Otros Empleados Testigos(si hay)          Firmas          1

          2          3

Note: Fold back page 2 on dotted line before completing below

6. Were other inmates involved?   ☐ Yes   ☐ No   If yes, give name & #

7. At the time of this incident, was inmate under prior confinement/restriction?   ☐ Yes   ☐ No   or

As a result of this incident, was inmate confined/restricted?   ☐ Yes   ☐ No

8. Was Inmate moved to another housing unit?   ☐ Yes   ☐ No

If yes, (a) current housing unit _____   (b) Authorized by _____

9. Was physical force used?   ☐ Yes   ☐ No   (if yes, file form 2104)

Area Supervisor Endorsement

Dist: WHITE - Disciplinary Office  CANARY - Inmate (After review)

028

0588

3 of 15

11/10/14      STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   1
DCP004              DISCIPLINARY HEARING DISPOSITION RENDERED                    (EX B)

            EASTERN GEN                          TAPE NUMBER

DIN: 12B1626 NAME: FOX, JAVELL                    LOCATION: SH-12-018

INCIDENT DATE & TIME:     11/09/14   10:30 AM   TIER 2

REVIEW DATE:              11/10/14         BY: LT  CAPUTO

DELIVERY DATE & TIME:     11/10/14   09:15 AM BY: CO  MAYR

HEARING START DATE & TIME:  11/12/14 10:47 Am BY: LT Simmons

HEARING END DATE & TIME:   11/12/14 11:03 Am BY: LT Simmons


CHARGE
NUMBER      DESCRIPTION OF CHARGES          REPORTED BY       DISPOSITION

106.10   REFUSING DIRECT ORDER          CO   SZKRED            NG
------   ------------------------------ ---- --------------------


ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

PENALTY                    PENALTY  START  RELEASE SUSPEND  DEFERRED RESTITUTION
CODE   DESCRIPTION         MO DAYS  DATE    DATE   MO DAYS  MO DAYS  $$$$ . ¢¢
—   DISMISSED —

11/10/14       STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   2 (EX
DCP004                   DISCIPLINARY  HEARING DISPOSITION RENDERED

DIN: 12B1626 NAME: FOX, JAVELL                    HEARING DATE: _____

A. STATEMENT OF EVIDENCE RELIED UPON:
   ---------------------------------

*There was Insufficient Evidence to support the charge. Hair Cut/Style is Permitted IAW Dir 4914.*

B. REASONS FOR DISPOSITION:
   ------------------------

C. SPECIAL INSTRUCTION ON CORRESPONDENCE RESTRICTIONS AND REFERRALS

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED: 11/12/14

_____        _____, 11/12/14  11:03/p
   HEARING OFFICER SIGNATURE          INMATE SIGNATURE    DATE & TIME RECEIVED

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

__/FOR TIER II HEARINGS-APPEAL TO SUPERINTENDENT WITHIN 72 HOURS.

____FOR TIER III HEARINGS-APPEAL TO COMMISSIONER WITHIN 30 DAYS.

0584

From: Javell Fox 12B1626  SH-12-18
        Eastern NY correctional Facility          (Exc)
        P.o Box 338
        Napanoch N.y 12458

To: Superintendant
Date: 12-7-14

On 11-9-14 I was given a misbehavior report by officer skred for refusing a direct order. officer skred claimed that my hair was not in compliance with Directive 4914 of inmate Grooming Standards. I have locks going, and the sides cut. at the hearing held on 11-12-14, Lt Simmons found me not guilty and per Directive concluded that my haircut/style was in compliance. on the ticket officer skred lied about how my hair was styled. when she saw me after the ticket was dismissed, she said she had to because Lt ~~Madison~~ gave he a order. (very unproffesional).

Lt ~~Madison~~ gave me a order prior to that ticket not to braid my locks or cornrow my locks, which I Promptly followed.

On December 7, 2014 officer cruz directed officer williamson to search me, where he took off my shoes and had me in my sox in the hallway. I was then sent back to my assigned cell after the search of my person. 10 minutes later officer williamson Arrived at my assigned cell, ordered me out and began to search. he asked me if I knew why he was there, I stated no, he said that Lt ~~MADISON~~ gave me a order, and I told him I followed it, and had a hearing for that order, and again a officer is being sent by Lt ~~MADISON~~, I told officer williamson that I had a hearing for that order and was found not guilty by hearing officer Lt. Simmons. officer williamson stated that Lt Simmons Doesn't know anything, and he dont know how things run around here. I also have witnesses that heard this statement. Lt Simmons is Black, Lt ~~madison~~ is white, officer williamson is white and Lt ~~madison~~ and officer williamson is being Racist. Lt Simmons is competent and enough to interpret Black hair, and a grooming Directive that Defines primarily Black hair, and request to be released from

031    0570

issue. it is no reason for me to be on keeplock status for my hair representing my culture and in compliance with Directive. I also Request not to be setup with Drugs or weapons or positive urine test or Assault by officers, I don't use Drugs, or sale Drugs, I don't make weapons or use weapons, I'm not violent. these are tactics officers use to punish inmates for using the Grievance system. its not Far fetched, for my ticket being dismissed I been Harassed For a month by officers, now leaving in a misbehavior report for my hair again and possibly another ticket. officer cruz left his post just to Harass me. I request to be Assisted in filing criminal charges against officer cruz, officer williamson and Lt wilson. I fear for my safety at bi15gm I was given a urine test, officers are going great lengths punish me for no reason, just because of my hairstyle. officer williamson even stated that he was searching my person and assigned cell because of my hair. Lt and officers are exceeding the scope of there Duty to the point of gang activity. officers and Lt are also violating my right to religion

by constantly forcing to remove my religious head wear just to see my hair like I'm a freak show. I'm being Degraded and cruel and unusually punished. facility Grievance have been filed in this matter and a Notice of intent is being Prepared.

CC I.G
CC Commissioner
CC Attorney General
CC Governer

Janell Ty

also on November 30, 2014 a inmate overheard c.o cruz tell Lt wilson that if he see me he going give me a ticket, this was conspired, and is a criminal act, and should not Be tolerated. I am indigent, I owe Advances for legal copys and I have A pending surcharge therefore the facility takes 100% of my idle pay, I request An Advance from the facility To get Hygiene products, a drinking mug (because you ordered the C.o's to confiscate all water Bottles, so now I can't get water to drink, and stamps so I could write my Relatives

0619

(EXU)

I Bennett Esquilied #98 A 4911 Was sitting in my cell on December 7, 2014, when I over heard the Conversation between the inmate in 12-18 and the officer who was frisking his Cell. The officer gave a direct order to the inmate, in 12-18, to step out of his cell and place his hands above his head, so that he could pat frisk," the inmate Complied with the order The Officer than gave the inmate, another order "to stand and face his Cell While he Conduct a Cell search of his Cell" The inmate Complied with that order as The officer than ask the inmate did he know why his cell was being Search," the inmate "replied that he didn't Know Why" the officer than stated, "that the reason why the inmate Cell was being Search," is because he was given a direct order to Cut his hair by the Lieutenant and that he was not in Compliance with the direct #4914 of hair styles, The inmate than replied to the officer" That he was in fact in Compliance With the direct #4914," and that he receive a misbehavior report for the same hair style before, and that the Lieutenant Who did his hearing dismiss all Charges against him being in Compliance with the direct #4914" The officer than ask the inmate "did he have the disposition of the hearing," the inmate replied yes". The officer thats stated that the hearing Lieutenant did not Know What he was talking about and that the Lieutenant Was Wrong in his decision and that the other Lieutenant Was right about his hair style not being in Compliance with the direct #4914, and that he Will be keeplocked again for having that hair style.

B. Esquilied

Date: 12/8/14                033                98 A 4911                0572

From: Javell Fox, 12B1626, South [illegible]
To: Superintendent
Date: 12-14-14

(EXD)

On 12-12-14 a captain came to speak with me. he already was predetermined to rule that my hair was no in compliance, a conclude this because he had all subdivision under Dir 4914 highlighted that he used to tell me my hair was not in compliance. captain told me that I could not twist my hair. I explained to him that all new growth must be twisted or hair that isn't locked must continue to be twisted in order to lock, captain misquoted "Directive" 4914. Directive states ~~an inmate with~~ Dreadlocks may not be twist, wouve, or corroroled "together" captain interpreted this to mean that Dreadlocks may not be twisted, and anyone seeking to have Dreadlocks cannot because an inmate cannot twist there hair. I explained to captain that the Directive meant Two or more Dreadlocks cannot be twisted together, I understand why for safety and security hair can be used to smuggle contraband, if Dreadlock Are Twisted, wouven or corroroled "together" Dread- locks and Together is the words. captains mis- intrepretation is an infringement on my federal and state right to religion.

Also the Directives states that you cant have Two hair styles, meaning corrorols and Dreadlocks, which would not make since. However my hair being cut on the sides do not constitute a hairstyle, ~~the~~ its constitutes a hair cut with my locks on top and in the back which pays reverance to my Native American Heritage that I acknowledge through my fathers mother who passed away

034

0617

(Ex 0)

my haircut on the sides and my locks on the top and back constitutes a hairstyle, a hairstyle that is popular amongst minoritys and whites of the punk Rock culture.

captain is clearly misinterpreting the Directive and told me futhermore that I have to cut my hair all together, he also said that when I go to my hearing I can not have any hair on top because are not fully Dreadlocked and some parts that is not locked is twist, and if I dont comply at the time of my hearing I will be found guilty so basicly my hearing is predetermined and shows proof of bias by influence from the investigation officer over the hearing officer which will prevent the hearing officer from being impartial which is a violation of my due process, under state and federal constitution. Francis V. coughlin 891 f.2 d 43, 46 (2d cir 1989) this is also cruel and unusual

furthermore I complained about the officer by the Name of cruz leaving or abandoning his post and conspiring with officers who on 12-7-14 stopped me in the hallway took off my boots and frisked me for no reason pertaining to me being a threat to safety and security to add charges to cell just to find anything to find behavior the misbehavior report, this kind of behavior does not concern the captain, I'm being frisked and confined because of a hairstyle, that poses no threat to safety and security. Superintendant you are my caretaker commissioned by the state. I ask you to please allow me to exercise ... mission and culture in part by the hairstyle ... neatly groomed.

I am Registered in custody you facility as/EXO N.O.I, however this was done because I wanted to be a part of saviours day which is a N.O.I Holiday, we get 3 times to visit a religious function as a guest then we cant go no more. I could just be a guest because I would of needed to be a guest for 5 weeks instead per directive its 3 weeks and the event was 5 weeks away I could sign up last minute (in the 3 week Term) because Islam is my Religion as well as the science prescribed by the Natives and Ancient Africans.

Please Assist me in being relieved from violation of my Due process and confinement for expressing my culture and religion, I was found not guilty in a hearing for my hair and Direct order by the same hearing officer who Adjourned my hearing that was held on 12/11/14 for no reason other then he new I was gonna meet with the captain on Friday 12/12/14, so that the captain could predetermine the outcome of my hearing and also the captain is (one of my hearing and also the security staff at madison and taking the side of security staff at madison and officers mention in my previous letter to you the captain is utterly bias.

cc Governor Andrew Cuomo
cc Commissioner





STATE OF NEW YORK
## DEPARTMENT OF CORRECTIONS
## AND COMMUNITY SUPERVISION

## EASTERN NEW YORK CORRECTIONAL FACILITY

**ANTHONY J. ANNUCCI**
ACTING COMMISSIONER

PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

**WILLIAM A. LEE**
SUPERINTENDENT

# 12B1626 Fox, J.
SH-12-18

12 December 2014

I am in receipt of you letter of complaint dated 07 December 2014. I have requested and received memos from all identified Staff.

I meet with you on 12 December 2014, the interview took place in the computer room, located on the Guard room floor. During the interview the following items were discussed.

1) Directive # 4914 Grooming standards.
2) CORC decision, concerning "corn rows and ponytails".
3) The misbehavior report, dated, 09 November 2014.
4) Identified "Lt. Wilson" to be in fact Lt. Madison.
5) When you received direction from Lt. Madison and when you complied with same.
6) What exactly your current hair style is and what you determine it is called.
7) The interpretation of the wording "twisted" in directive # 4914.
8) Why and what exactly you meant by the statement, " I fear for my safety".

During the interview, you removed your head covering to display your current hair style, at which time I advised you that you were not in compliance with Directive # 4914. I showed you the directive and pointed out to you where the violations were. You stated to me several things. First, that the hair style you have is a dreadlock style. I indicated and showed you Directive # 4914, page 3 of 4, heading 2, sub-heading (a). "The dreadlock hairstyle is allowed. When worn, dreadlocks must extend naturally from the scalp and may not be woven, twisted, or braided together forming pockets that can not be effectively searched".

We also discussed the 08 allowable basic haircuts. You stated to me that, you had a "basic hair cut". I advised you that per directive # 4914, page 3 of 4, heading 2, sub heading (b). "Inmates may wear only one approved hair style; no combination of approved hairstyles is allowed". Your combination of a "short" haircut on the sides and "dreadlocks" on the top, constitutes a "combination" of two approved hair styles and per Directive # 4914, is not allowed.

0604

( EX D )

Pg. 2 of 2
webbe/fox

We then discussed your concerns, based on the recent misbehavior report you received, as well as a cell frisk and urinalysis request. Your statement to me was, that the "single braid" hair style, you had on 06 November 2014, as observed by Lt. Madison and Officer Szkred, was not the same as what you had on 09 November 2014, nor was it the same style on 12 November 2014, the day of you disciplinary hearing. When asked if the hair style you had on the 9th of November, was the same as you had on this date,12 December, you stated "yes". I then advised you that your current hair style was not in compliance, based on Directive # 4914.

We next discussed the pat frisk, as performed by Officer Williamson on 07 December 2014. Officer Williamson submitted a memo and advises, that on that date he pat frisked you and during said frisk, a small slit was discovered in the waist band of your pants, next to the snap. Officer Williamson continued the pat frisk and reported his findings to the Area Sergeant, who authorized Officer's Williamson and Waugh to perform a cell frisk. During the cell frisk the following items of contraband were recovered.

   1)  4 – State green pants, w/ slits cut in the waistband, forming a pocket.
The items of contraband were confiscated and secured and a misbehavior report generated. You were keep locked for this infraction and as of this writing, remain keep locked pending a disciplinary hearing. Based on this information, a urinalysis request was submitted.

We spoke about your concerns for your safety and I asked you to elaborate, you stated to me that your "freedom" was in jeopardy. You further stated that because of all these recent events, you felt these incidents were escalating.

We also spoke about your religious denomination, which at the time of this writing is Nation of Islam and not Rastafarian, which you now claim to be.

I have read the memos supplied by Staff and I have looked at the documents involved, ie: misbehavior reports, frisk log/cell search log and I find no inconsistencies with good security practices. I do not find any Employee misconduct and I find no basis for your statement that you, "fear for your safety".

I do find, that while the original misbehavior report was dismissed, per Directive # 4914, your hair is still not in compliance, as stated in a recent misbehavior report dated 07 December 2014 and my interview and observation of you on today's date. While you were not charged with this infraction, the fact remains, you must get into compliance with Directive # 4914, or a misbehavior report will be issued.

As for your other allegations, I find them without merit. I advise you to come into compliance with the Directive and display a more positive attitude towards having contraband items in your possession.

0585

Javell Fox 12B1626   SH 12-18                    (520)
12-14-14

Grievance No

Eastern Correctional Facility

On 12-12-14 I was called out to speak to the security captain pertaining to a complaint that wrote about Lt Madison, C.O Cruz and C.O williamson, and Grievance that I filed for retaliation and Harassment stemming from a ticket (Misbehavior report) that I received from officer szkred = For Disobeying a Direct order from Lt madison. this ticket was given to me on 11-9-14 and a hearing was held on 11-12-14 and the Hearing officer Lt simmons found me not guilty and stated that my Haircut / Hairstyle was Allowed per Directive 4914 and Law.

On 12-7-14 I received a misbehavior report for the same issue. On 12-12-14 Captain stated to me that my hair was not in Compliance and he Clearly misintrepets the Directive that states 'Dreadlocks' can not be woven, Twisted or ~~woven~~ corn rolled together.

The Captain said that my locks are twisted therefore my hair is not in compliance. also my hair is cut on the side and said that that is

0573

TWO different hairstyles and is in further un-(Ex compliance. In the Directive Hairstyles states Cornrow Braids and Dreadlocks, so I could understand if I had corn row braids on the side and locks on the top this would be a violation by my hair being cut on the sides and lock on the top Neatly Groomed is one hair style.

My Religion is Rastafarian and I adhere to the strict custom of my Native Cherokee Ancestry and my Hairstyle is a cultural symbol, that represents the bear turning into the Hawk, which means from land to sky, spiritual rebirth captain also stated that if I dont cut my hair by their time I go to my hearing I'm gonna be found guilty. so my hearing is now predetermined which is a violation of my constitutional Right to Due process by him being the investigation captain influencing the hearing officers decision and ability and obligation to be impartial Francis v Coughlin 891 F.2d 43,46 (2d Cir 1989) and he is also infringing on my Right to Religion under Section 610(I) of the Newyork corrections law, my Hairstyle is a spiritual Religious Symbol and is no threat to the order, safety or security of the Prison.

Furthermore I made captain aware verbally which he was already aware orally that I had been Frisked Physically by officers because of my Hairstyle, officer Cruz abandoned his post to direct officers and show them who

I was, and S+ occyed officer to further re
frisk my cell for no reason concerning safety
or security only to execute a cell to find
item that I cant have or any little thing to
Add more charges to the misbehavior report to
assure that I confined to my cell after the
hearing.

captain was not concerned with this And
justified the sgt and officers malicious
conduct, he had predetermined to state that
my hair was not in compliance by highligh-
ting the same subdivisions that the officer
quoted which is idiothic and violates my civil
and constitutional rights the captain is bias,
and by him influencing the hearing officer He
is breaking correction rules. I also told the capt
that when I came back from the Hearing officer cru
and his co-worker was teasing me and telling me to say sor
tting now and making chicken quachs (awell )X
like they were highschool reenage
bullys, capt didn't care.

Action requested

    I request to be allowed to wear my
hairstyle, it is a religious symbol of strength,
peace and growth, and ror the captain to
be explained the Importance of protecting
prisoners constitutional rights and by him
supporting or agreeing with officers Abandoning
there post, to point out a inmate, frisk him,
then the sgt okays a cell search all because
of a inmates hairstyle that poses no threat
to safety and security is a contradiction
of his Rank.

0574

JAVELL FOX 12 1626 54-12-18 (12/ 1/14)     (ExD)

GRIEVANCE No.

EASTERN CORRECTIONAL FACIIITY

I Received the outcome of captains investigation (of Grievances that I filed and complaints I wrote) in writing.

I am awestruck to see how incompetent the capta. is acting and how much he lacks integrity, the super intendant has a liar for a captain and as a security captain he can not be trusted.

Captain! states officer williamson gave a memo explaining ~~that~~ that he Pat frisked me and At that time he felt a slit on the inside the waistband form-ing pockets then he frisked my assign cell. However what was the recion he frisked me captain failed to state that, he also failed to investigate officer cruz for abandoning his post Just to point me out to officer williamson and officer waugh, also officer ~~williamson~~ ~~sgt~~ waugh was not there when officer williamson came to frisk my assigned cell as captain stated he was sent by sgt, he never came because no sgt sent williamson I told him my cell location and he came on his own alone, and I have a witness that heard william say why he came (Because of my HAIR style) and Heard officer williamson when he said to me to see a pattern in my pants they all have Slits In them, then he left out of the cell, told me too get on the gate and he then felt my band to see if the pants I ~~had them~~ had slits in them which they Did.

He states that he finds no employee misconduct, if this was A test for him to Get hired, to find employee

misconduct and if he did not he would of never got(the
hired, so since he was sent to do an investigation
and found no employee misconduct he should be sus-
pended. for one officer (cuz abandoning his post
to point me out to get me searched if definetly
employee misconduct, and for captain to not even
mention shows hes trying to cover for the employees
misconduct, which makes him an accomplice to officers
and lieutenant criminal action, 2 Captain never
spoke about why I was pat frisked and who okayed
that, why because no one okayed it and this is
Further him trying to cover up for employees
misconduct, and then making up an elaborate story
for why they came("because of my pants having slits
in them) to seach me, but I have a witness that can
attest to him stating clearly why he came to frisk
my assigned cell (because of my hairstyle etc.) no sgt
gave permission he he may have backlogged it with
sgts permission, I'm sure of that the captain covers
up for security staff, lieutents and sgts do the
same officers police themselve and act as tyrants
when ever they choose, and if captains like the
captain that the superintendant sent to investigate
that'll cover up employee misconduct, Hes a criminal,
Bias Prejudice,

   Actions requested
      captain needs to be suspended. I request
An employee rule book,

Javell Fox 12B1626 SH-12-18 Dec-18-2014

To: Superintendent (Ex E)

Today I spoke with Dep Russo, I was spoken to like a Degenerate embasil, I come to that conclusion by the tone of his expression of words. He told me to take that off let me see, you hiding it, take that off, he's referring to my religious head wear, no respect at all.

furthermore he already predetermined his ruling on what he thought my Hair should be, of course, not in compliance. he spoke about the captains decision on my Hair and agreed, of course, he spoke nothing about the captains failure to investigate and possibly covering for officers misconduct.

The official staff here Egotistical, they have no interest in me and do not see me as a human being just a prion, officials here from what I've been through only See each other as human and is only out to protect each others interest, no matter how much harm they cause me.

superintendent if a samurai was to be housed in your prison, and he had all his hair shaved off on the side part of the top and off the back and one ponytail with a braid representing his religious

044
0614

culture, would you keep sending officials to (ea.
inspect his hair or would you make a decision
.or Direct those or who you send to make
a Decision based on correction Law section
610(1) Right to Religion 1st amendment, its
common sense that the Directive cant list
every single Haircut that entitles a
Hairstyle. the Directive Do not say my Hairstyle
is not permitted and NY corr. Law 610(1) allows
me to express my religion As long as Im not
Disrupting the order of the facility or threatening
safety and security, I'm a true Descendant of
the Cherokee Natives and I acknowledge Halle
Salassie I the last king as Ethiopia as the true
and living God which Holds the wisdom of the path
that man should follow, my Hairstyle is Holy
Religious I request that you allow me to practice
my express my religion, thats A constitutional
Right, Dep Russo stated that if I dont
cut my Hair or grow my Hair for course to
Did Not Say that me twisting my locks was
Against Directive like the captain DO) I'm gonna
Remain confined, who is he to Disregard correction
Law 610(1) a do he know it and if he Dont ries
not trained properly, However he should know the
Constitution and Dep Russo is clearly violating my
constitutional Right Action requested! to be Allowed to
. Express my beliefs and Reflect the consciousness that
. . practice under the U.S const N.Y state

J.avell Fox 12B1 26 SH 12-18 12-16-14

(E & E)

Grievance No.

Eastern Correctional Facility

On 12/18/14 I received a MEMORANDUM from Dep Russo pertaining to our meeting on 12-16-14. Dep Russo is falsifieng Documents intentionally, Dep Russo on above date at the lobby of South hall he conspired with a female officer And concocted the lie At that time that states my Hair was only in A braided style that forms pockets. as the Dep of security he's competent at crafting memos for his higher official that use the rules to punish me at the expense of him falsifieng Documents, because a picture was taken of my Hair the same Day we spoke, that with prove Dep Russo is A liar, criminal and Has no integrity.

Action Requested.

I want to fyle criminal charges in this matter, Equal protection of the law. if I break a Rule or the law I'm immediately puni-shed, these official such as Dep Russo Need to be criminally investigated and punished after the fact findings to Deter future behaviors like falsifieng Documents to lie for peers and cover up and sweep under the rug official mission on a inmate. This is

FORM 2178 (12/11)        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## APPEAL FORM TO THE SUPERINTENDENT
### VIOLATION (TIER I) AND DISCIPLINARY HEARINGS (TIER II)*
EASTERN RPT.

SUPERINTENDENT'S OFFICE                                    (EX F)

Name: Javell Fox        2014 DEC 18   AM 8 35   DIN: 12B1626

Housing Location: South Hall 12-8 _____ Eastern _____ Correctional Facility

I wish to appeal my ☐ Tier I  ☑ Tier II  hearing completed on _12/17/14_

**STATE SPECIFIC GROUNDS FOR APPEAL:** Excess penalty, cruel and un-
usual punishment, no evidence to impose penalty.
On 12-17-14 I was given 30 Days keeplock, loss of rec, loss
of commissary, loss of packages, and loss of phones. For excess/
Altered clothes 113.20. For one I did not get the pants that
were in my possession that had a cut that was not even a quarter
Inch, in the waist band and I was also charged $44.32 for the
4 pants. Since I did not receive the pants from this facility, Hearing
officer can not prove that I Altered/Damaged them. also 30
Days of keeplock and loss of all privileges plus $44.32 Restitution
for Damaged used pants that Hearing officer Did not prove I
Damaged is cruel and unusual punishment. I request that
the penalty of 30 days keeplock and loss of privileges as be
reversed and the restitution of $44.32 be Deposed. also I
stated on the record That I received those pants the way they were
used, from Auburn State Shop, and this Disposition is cruel and
unusual punishment.

*NOTE:    Tier I appeals must be submitted within 24 hours of hearing.
          Tier II appeals must be submitted within 72 hours of hearing.

*************************************************************************************************

**SUPERINTENDENT'S REPLY**

Your appeal of the Tier _II_ Hearing conducted on _12/17/14_ has been reviewed by me.  The decision of
the hearing officer is hereby:

☑ Affirmed      ☐ Reversed      ☐ Modified


_____ DSS            12/23/14
(Superintendent or Designee)                (Date)

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
EASTERN NY CORRECTIONAL FACILITY

(Ex 6)

TO:       Fox, Javell 12B1626
FROM:     Diane Labbate, Steward
SUBJ:     Legal Postage Advances
DATE:     12/23/14

As per Directive 2788, justification is required to approve the attached postage advance forms. Your requested advance and balance of unpaid previous advances for legal mail exceed $20.00. Exceeding the $20 limit shall only be approved if you can show by court rules, a statute of limitations, or other legal deadline applicable to your individual circumstance that the legal mail must be sent prior to receipt of the next week's free postage allowance. Until your legal mail advances fall below $20, please continue to provide this documentation for all future requests in order to expedite the approval process.

CC: file

0612

EASTERN NEW YORK CORRECTIONAL FACILITY
CORRESPONDENCE UNIT

Name: _Fee Tavell_   Din: _12B1620_   Loc: _12-15_

Date: _12/23/14_   ( E X 6 )

This piece of mail is being returned to you in accordance with Directives #4421 and #4422.

* Inmate to inmate mail, business mail, and Free Matter for the Blind mail must be submitted unsealed.

* All mail to other inmates must be approved in advance by your Counselor.

* Your name, din, and Eastern New York Correctional Facility must appear on the front and back of your envelope.

* You are allowed to mail 5 Free Legal Letters or a total allotment of $2.40 per week. Any legal mail submitted after you have used your weekly allotment will be returned to you for stamps or a disbursement form. During this week, you used a total of _____ in free legal postage.

* Name or address on this legal mail is not listed in the New York Lawyers Diary and Manual, please send verification that this is in fact a legal address.

* When using an Advance Authorization Form #2078, an original Disbursement Form #2706 must also be attached.

* Disbursement Form or Advance Form is not allowed to be used for 49 cents postage – use a stamp.

    You need to add _____ postage or a disbursement form.

* Your GED/ High School Diploma/ Transcript has arrived and has been forwarded to the Academic Office.

* Your study correspondence program information from _____ has arrived and has been forwarded to the Academic Office for review.

* The following has arrived at this facility for you and has been sent to the Inmate Records office for placement in your personal property:

    o  Social Security Card                    o  Certificate
    o  Driver's License                        o  Birth Certificate
    o  Marriage License                        o  Other

* This company is on our current Disapproved Vendor List (list can be viewed in the Library)

_____
_____
_____
_____

Juvell Fox   12.Block   5H   12-18
December 25, 2014                                      ( Ex 6 )

GRIEVANCE No.

EASTERN CORRECTIONAL FACILITY

On  December 24 I received a letter from
Diane Labbate, steward Dated December 23 2014, making
me aware that she could not send out my legal mail
with Advanced Disbursement because I'm over my Allowed
Advance which is 20.00₡ per Directive 2788 So she claims,
However I sent off legal mail ~~included out~~ out on december
17, and the 18, 1, to the governor, 2 to prison legal services,
3 to Commission of Corrections, 4, to Appellate Division
Fourth Department, 5 to Peter J Digiorgio Attorney
At law, 6 District Attorney, and 4 miscellanious mail
to friends and family to make them Aware of the Abuse
that been inflicted on me at this Facility, and a week
later she is informing me that it can't be mailed out, and
on top of that my legal mail have not been returned to me
Yet (Im Furious) this is the Second Deadline that I've
missed because of this Azy untrained inconsiderate
mail room. I'm being Denied Access To the court, and I believe
the mailroom is conspiring with officials  Juvell Z.L
to stop and stefnete me from getting
mail out reporting this Facility       Action Requested

In the future there should be no reason A Indigent
inmate should have to send out A Disbursement if there is
no MONEY TO DISBURSE, THIS IS COMMON SENSE.
An Advance Disbursement is the proper Disbursement
for A Indigent, Advance, loan Etc... and the Mailroom
~~____ not mail when they get it, and if there not~~

TO: Diane Labbate, steward

From: Javell Fox , 12B1626, SH 12-18

Date: 12-25-14

(Ex G)

I received your letter Dated 12-23-14, I sent you majority of the Advance forms and mail last week, around the 17th and 18. First off, by you just holding my mail you are slowing up my access to the court, legal support and to statesmen, 2nd of all if you weren't gonna mail out my mail why are you holding it? and why are you waiting so long to inform me? send me my mail, you should get this letter from me on 12-26-14 which is friday at 10:00am on or around, when you put the mail together to send to the population please add my mail with it. this is the second Dead-line I have missed because your office is not Processing or returning my mail in a expeditious manner.

MAIL THAT NEED TO BE RETURNED TO ME TODAY 12-26-14 ARE AS Follows:

1. Appellate Division Fourth Department Rochester N.Y
2. Peter J DiGiorgio, Utica Newyork
3. Oneida County District Attorney, Utica N.Y -(Manilla envelope
4. Prison Legal Services, Albany Newyork -(Manilla envelope)
5. Governor Andrew Cuomo N.Y N.Y - (Manilla envelope)
6. Commissioner of Corrections, Albany N.Y (Manilla envelope
7. Tene Garcia, Middletown N.Y
8. Javell Fox Jr (Ico Sylvia Smith) Rome N.Y
9. Talibra Harrison, Bronx N.Y
10. Bradi Miyummi, Monticello N.Y

I Have returned to Southham(12-18) so Please send my mail there

CC File

0626

STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
## EASTERN NEW YORK CORRECTIONAL FACILITY
PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK  12458
(845) 647 -7400

(EX H)

TO:        **Housing Unit Officer**

FROM:    **Medical Health Unit:** _____ (RN/MD/DDS)

SUBJECT:  **MEDICAL LIMITATIONS**

DATE:      _____/_____/_____

NAME:      _____  DIN: _____

☐ Inmate should remain in his cell.

☐ Shower on block per block routine.

☐ No strenuous exercise or competitive physical sports.

☐ Move to Flats/First Tier.

☐ No lifting more than _____ lbs.

☐ No work.

☐ May return to work and full program.

☐ Bottom bunk only. ☐ No double bunking.

☐ Permit for medical appliance:
_____

    TO RETURN APPLIANCE BY: _____/_____/_____

☐ Others: _____

_____

_____

**Duration:** Date From: _____        Expiration Date: _____

_____

                Signature of Inmate

| Note: This pass shall be rescinded if inmate is found to participate in activities or sports not consistent with the pass. All passes expire on stop date. Renewal of pass shall be granted solely on the basis of medical condition. |
|---|

**I have verbally demonstrated understanding of the above to health care provider listed above.**

Distribution:    White - Medical Record
                 Green - Program Assignment
                 Pink - Housing Unit Officer
                 Yellow - Yard Sergeant
                 Goldenrod - Inmate

0579

Javell Fox 12B1626 December 26, 2011 South Hall 16-4

Superintendents Grievance (EX I

EASTERN CORRECTIONAL FACILITY

Superintendant failed to investigate Dep of security and Security captain for failure to investigate official misconduct, superintendant allowed officer cruz to Abandon his post, he allowed officer Williamson and officer wough to frisk me without Approval from there supervisor he also Allowed these Same set of officers or Rather officer williamson to frisk my cell without permission from his supervisor, all because of my Hair. Cf madison and officer cruz conspired this whole ordeal a week prior to it occurence I have a witness that attest to this. superintendant Allowed me to get an Affirmed Decision by DSS Russo who I wrote a grievance on and out of Retaliation he Affirmed my penalty of 30 Days keeplock, 30 Days loss of Rec, 30 Days loss of phones, and 30 Days loss of package superintendant is Allowing officers and Higher officials to pressure me into cutting my mohawk with locks in it which is properly groomed and a symbol of my native Americans Heritage, and Rastafarian Belief protected under the constitution and NY corr law 610, superintendan is also allowing for me to be Held Double jeopeRDy, on Cf name Simmons found my DReaD Hawk/Bear Hawk to Be in compliance and I got to misbehavior report for the same thing. Superintendant Also is not Assuring that the facility is safe, while I'm on keeplock I had to climb a chair in Bars to get my Breakfast lunch and Dinner,

0610

(Ex G)

## EASTERN NEW YORK CORRECTIONAL FACILITY
### PO BOX 338
### NAPANOCH, NEW YORK  12458

### MEMORANDUM

TO:        FOX, J       12B1626          12-18

FROM:    E. Jennings, Inmate Records Coordinator I

DATE:    December 26, 2014

RE:       Legal Mail

Attached you will find 3 letters which have disbursements and advances attached.  Please be advised that these letters do NOT fit the criteria of Legal Mail.  Therefore, you need to supply stamps.

3 letters were returned however all of my legal mail is still being held pertaining to the violations of this facility and its officials, this is not right.

/emj

cc:      file

054

0611

carried to medical hospital in the facility, given steroid
shot to walk, and Hospitalized in Infirmary for 3 days
from the 23rd of December to the 26th of December
and Now I walk with a cain, because Eastern corrections
cells at south Hall where I lock are not fit for keep-
lock and After I got out of Hospital they put me
right BACK in south hell, where now I have to wait a
hour for officers to open my cell so my food is
cold when I get it. Superintendant in my opinion
is coercing the mailroom not to send out my mail
because I have been trying to write you and the
fourener and the Mailroom has been Holding the mail
for 2 weeks, so I have to write you in some one
elses name to assure you get the mail along with
the goverener.

Janell J4

## Action Request

I request that an investigation be held
about this matter and that officers get suspended
and captain and Dep Russo as well as superintendant,
and I wish to press charges on the mail room, officers
captain Dep and lieutenant and if superintendent
gave the order for my mail to be held I wont to press
criminal charges on Him as well, and I would you to
order this facility and any other facility to leave
me alone about my mohawk Hairstyle, it is not
a risk to the order of a facility or safety and
security, and it is my culture and religious right
under the constitution of the state of New-york
and the united states. (let my mohawk rig)

FORM 2171B (1/12)
Side 2                STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION    ( GX  J )

_____ Correctional Facility

## INMATE MISBEHAVIOR REPORT ◆ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ◆ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ◆ NÚM. | HOUSING LOCATION ◆ CELDA |
|---|---|---|
| Fox  J. | 12B1626 | F W  G-8 |

| 2. LOCATION OF INCIDENT ◆ LUGAR DEL INCIDENTE | INCIDENT DATE ◆ FECHA | INCIDENT TIME ◆ HORA |
|---|---|---|
| OUTSIDE  MESS  HALL  #1 / CELL 12-18 | 12-7-14 | approx. 11 |

3. RULE VIOLATION(S) ◆ VIOLACIÓN/ES

106.10 - DIRECT  ORDER
113.20 - ALTER  STATE  CLOTHING
116.10 - DESTROY  OR  DAMAGE  STATE  PROPERTY

4. DESCRIPTION OF INCIDENT ◆ DESCRIPCIÓN DEL INCIDENTE

ON  THE  ABOVE  DATE  AND  APPROXIMATE  TIME, C.O.  WILLIAMSON  AND
MYSELF  CONDUCTED  A  RANDOM  PAT  FRISK  ON  INMATE  FOX  12B1626
OUTSIDE  OF  MESS  HALL  #1, UPON  REMOVAL  OF  HIS  HEAD  COVERING  IT  WAS
DISCOVERED  HE  HAD  AN  UNAUTHORIZED  HAIR  STYLE  OF  A  MOHAWK
WITH  DREAD  LOCKS, THIS  IS  IN  VIOLATION  OF  DIRECTIVE  4914 - INMATE
GROOMING  STANDARDS  II - B - 2 - a - h. UPON  FURTHER  INVESTIGATION  IT
WAS  DISCOVERED  THIS  INMATE  HAD  PREVIOUSLY  BEEN  ORDERED  TO
FIX  HIS  HAIRSTYLE  BY  LT. KINGDOM, THIS  ORDER  HAS  YET  TO  BE
OBEYED, DURING  A  SUBSEQUENT  CELL  SEARCH  OF  FOX'S  CELL, AUTHORIZED
BY  SGT  CONNOR, INMATE  WAS  FOUND  TO  BE  IN  POSSESSION  OF  4
PAIRS  OF  STATE  PANTS  THAT  HE  HAD  ALTERED  BY  PUTTING  A  SLIT  IN
THE  WAIST  BAND, CREATING  A  POCKET. PANTS  WERE  CONFISCATED  AND
BROUGHT  TO  WEST  WING  COURT, VALUE  OF  PANTS  IS  $11.08  PER  PAIR.
AREA  SUPERVISOR  NOTIFIED, INMATE  FOX  PLACED  IN  KEEP  LOCK
STATUS.

| REPORT DATE ◆ FECHA | REPORTED BY ◆ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ◆ FIRMA | TITLE ◆ TÍTULO |
|---|---|---|---|
| 12-7-14 | J. WAUGH | | C.O. |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)    SIGNATURES:
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)         ( FIRMAS:  1. _____ C. Williamson C.O.

2. _____                    3. _____

NOTE:  Fold back Page 2 on dotted line before completing below.

DATE AND TIME SERVED UPON INMATE ▓ 12/8/14    7:55    NAME AND TITLE OF SERVER  J OSTRANDER

FECHA HORA DADO AL RECLUSO                        NOMBRE Y TÍTULO DEL QUE ENTREGA

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a crimin
proceeding. ◆ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de el
en una demanda criminal.

## NOTICE ◆ AVISO

REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ◆ Por este medio se le notifica qu
el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ◆ Se le permitirá al recluso llam
testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to mak
a statement on the need for continued prehearing confinement. ◆ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, pued

```
12/08/14        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES  PAGE   1
DCP004                        DISCIPLINARY  HEARING DISPOSITION RENDERED              (ex J

                EASTERN GEN                              TAPE NUMBER _____

DIN: 12B1626 NAME: FOX, JAVELL                          LOCATION: SH-12-018

INCIDENT DATE & TIME:        12/07/14   11:25 AM   TIER 2

REVIEW DATE:                 12/08/14              BY:  LT  SCHOEP

DELIVERY DATE & TIME:        12/08/14   07:54 AM  BY:  CO   OSTERHOUDT

HEARING START DATE & TIME:   12/1 /14 10:07A  BY:  LT Simmons

HEARING END DATE & TIME:     12/1 /14 0:55A   BY:  LT Simmons
```

| CHARGE NUMBER | DESCRIPTION OF CHARGES | REPORTED BY | DISPOSITION |
|---|---|---|---|
| 113.20 | EXCESS/ALTERED CLOTHES | CO   J WAUGH | G |
| 106.10 | REFUSING DIRECT ORDER | | |
| 116.10 | PROPERTY DAMAGE OR LOSS | | |

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| B | KL | 30 | 12/7/14 | 1/6/15 | | | |
| D | LOR | 30 | 12/7/14 | 1/6/15 | | | |
| E (100) | Comm | 30 | 12/7/14 | 1/6/15 | | | |
| E (100) | Kios | 30 | 12/7/14 | 1/6/15 | | | |
| G | Pckgs | 30 | 12/7/14 | 1/6/15 | | | |
| C | Spec E | 30 | 12/7/14 | 1/6/15 | | | |
| U000 | Consideration | | | | | | |
| K000 | Restitution | 4pcs of State Pants | | | | | |

057

0581

12/08/14       STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   2 /EX
DCP004              DISCIPLINARY  HEARING DISPOSITION RENDERED

DIN: 12B1626 NAME: FOX, JAVELL                    HEARING DATE:_____

A. STATEMENT OF EVIDENCE RELIED UPON:
   ----------------------------------

              _THE WRITTEN MISBEHAVIOR REPORT_ _mil_
       _WITH THE EVIDENCE PRESENTED_ _showing SMITH_
       _CUTS IN THE WAISTBAND OF YOUR PANTS NEAR THE_
       _FASTENER._

B. REASONS FOR DISPOSITION:
   ------------------------

              _TO INSURE why you FOLLOW THE RULES/TRES_
       _THAT you may not HERBY possible STATE ISSUE_
       _ITEMS._

C. SPECIAL INSTRUCTION ON CORRESPONDENCE RESTRICTIONS AND REFERRALS

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED:_____

_____     X _Javell Fox_, _12/8/14_  _9:55_
   HEARING OFFICER SIGNATURE         INMATE SIGNATURE   DATE & TIME RECEIVED

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

_____FOR TIER II HEARINGS-APPEAL TO SUPERINTENDENT WITHIN 72 HOURS.
                           --------------       --------

_____FOR TIER III HEARINGS-APPEAL TO COMMISSIONER WITHIN 30 DAYS.
                           -------------       -------

***SUCCESSFUL PRINT COMPLETION***

0608

JAVELL FOX  12B1626  SH-12-18          (Exhibit K)
DATE: December 25, 2014

                                              Greivance No,

EASTERN CORRECTIONAL FACILITY


        On December 23, 2014  SGT  Bey  sent officer
Cotton  to my Assigned in Southhall 12-18  to bring
me Downstairs  to Speak with me , at that time the
Officer  whom I  dont know his Name Aggressively
Frisked me while Sgt  and officers Stood Around in
an intimated fashion. on this day After the Frisk
was complete  Sgt Bey  told me  that I  have a week
to cut my Hair  Or I'm gonna Set  a Tier 3 Ticket,
I dont  know How thats possible, to Set a tier 3
ticket for something that doesn't have to do with
Safety and Security.  Sgt Bey Also made me Aware that
his Superiors. Sent him .

                          Favell
                          Action Requested


    To stop being Harrassed, and my constitutional
Rights to freedom of religion be respected, I
Also gave the Superintendent Notice of my Constit-
utional Rights, So officers cant claim negligence, they
will Answer and Argue and be held liable in there
personal compasity, I request that Superintendant
also pass this notice to officers. And for no officers

.11  shanks/weapons, drugs or 05820

Joshua Reynolds Smith 03 2
December 25, 2014

(EX L)

Grievance No.

EASTERN CORRECTIONAL FACILITY

I informed officers, several officers that I cant
get my food through the bottom slot, the feed up
Trey wont fit, and I asked to be moved to different cell,
OR if they could open the door and pass me the trey, they
tell me they gonna look into it, in order to get my food I had
to climb a chair then put my foot on the gate to grab
It through the top like a monkey, some officers even watched
in amusement like officer Henry and officer cotton.

On December 23, I climbed to get my trey (As I had
to do for the past 16 days plus 3 day prior) and As I
pulled the trey through the top I slipped, Hit my head And
pulled my back out of place, I am now admitted in the
Hospital and Have been given a cain to walk, I'm in
excruciating pain, All because officers Are lazy, incompassionat
Not properly trained and have superiority complexes, and cell is
not fit for keeplock.

Farrell

Action Requested

That officers open my cell IF I Return to SH 12-18, and
that in the Alternative I be moved somewhere where I
could get my keeplock treys normal and Dont Have to
Climb.

060

0607

Havell Ford # 3102B   S H 17-M8       12/18/17
eastern Correctional Facility, P.O.Box 338, Napanoch N.Y 1245
To: Superintendent, Commissioner, At torney General, Gover

U.S Constitution   1st Amendment   and
New York STATE CONSTITUTION, "NOTICE"

Congress shall make no law prohibiting the
exercise of religion, therefore my
hairstyle is a Exercise of that law
Guarenteeing me a Right to Freedom of
Religion, that can only be limited in the
Department of Corrections if it poses a
threat to Security, safety or the order
of the Facility. My Hairstyle poses no threat
to safety or security or the order of
the Facility, so if any officials infringe
on my Right to exercise my religion through
the expression of my Hairstyle these officers
or officials will be held to Proceed in Answer
and Argument in there official capacity for
not being trained properly and made aware of
the Right to prisoners, NY corr law 610(1) under the
constitution, period! but primarily in regards to
Freedom of religion practice, Exercise and
Expression. They will also be held to Answer and
Argue in there personal capacity, I am making
you aware of my Right, any further violations
there of is intentional infringement. you
are the principle, you Have been notified, notice to
the Principle is Notice to the Agent - Amaker V.
Goord, 2012 (W.D, N.Y, Aug 16, 2012).

0583

Fi    Javell fox   1731626   SH-12-18
EASTERN CORR FAC
P.o Box 338
Napanoch N.y 12458

76147-14   DS:
EASTERN NY C.F.
SUPERINTENDENT'S OFFICE
2014 DEC 8 AM 10 10

Please
Respond
inmate

To! Superintendant

Date! 12-7-14

on 11-9-14 I was given a misbehavior report by
officer skred for Refusing a direct order. officer
skred claimed that my hair was not in compliance with
Directive 4914 of inmate Grooming standards, I have locks
going back and the sides of my hair cut. at the hearing
held on 11-12-14 Lt Simmon found me not guilty, and
Per directive concluded that my haircut/ hairstyle
was in compliance. on the ticket officer skred lied about
how my hair was styled. when she saw me she said she
had to because Lt. madison gave her a order. (very unproffesional).

LT wilson gave me a order prior to that ticket
not to braid my locks or cornrow my locks, which I
Promptly followed.

on December 7, 2014 officer cruz directed
officer williamson to search me, where he took off my shoes
and had me in my sox in the hallway. I was then sent
back to my assigned cell after the search. 10 minutes
later officer williamson Arrived at my assigned cell, ordered
me out and began to search. he asked me if I knew why
he was there, I stated no, he said that Lt madison gave me
a order and I told him, I followed it, and had a hearing
for that order, and again a officer is being sent by
Lt wilson. I told officer williamson that I had a hearing
and was found not guilty by hearing officer Lt simmons.
and by law and Directive 4914 my Hair is in compliance.
officer williamson stated that Lt.Simmons Doesn't know
anything, and he dont know how things run around
here. I also have witnesses that heard this statement.
Lt Simmons is Black, and Lt wilson is white, officer will-
iamson is white, so officer williamson and Lt madison 0606-

issue. it is no reason for me to be on keeplock status for my hair representing my culture and in compliance with Directive. I also Request not to be setup with Drugs or weapons or positive urine test or Assault by officers, I don't use Drugs, or scle Drugs, I dont make weapons or use weapons, I'm not violent. these are tactics officers use to punish inmates for using the Grievance system, its not far fetched, for my ticket being dismissed I been Harassed for a month by officers now leaving in a misbehavior report for my hair again and possibly another ticket. officer cruz left his Post just to Harass me. I request to be Assisted in filing criminal charges against officer cruz, officer williamson and Lt madison. I fear for my safety at 6:15PM I was given a urine test, officers are going great lengths punish me for no reason, just because of my hairstyle. officer williamson even stated that he was searching my person and assigned cell because of my hair. Lt and officers are exceeding the scope of there Duty to the point of gang activity. officers and Lt are also violating my right to religion

by constantly forcing to remove my religious head wear just to see my hair like I'm a Freak show. I'm being Degraded and cruel and unusually punished. facility Grievance have been filed in this matter and a Notice of intent is being Prepared.

CC I.G
CC Commissioner
CC Attorney General
CC Governer

261 47-14

Janell Ty

I am indigent, I owe Advances for legal copys and I have A pending Surcharge therefore the facility takes 100% of my idle Pay. I request An Advance from the facility To get Hygiene Products, a drinking mug (because you ordered the C.O⁵ to confiscate all water bottles, so now I cant get water to drink, and stamps so I could write my Relatives and the newspapper and inform them of the Etrocitys that is _____ to me in Your facility. also on November ___ 2014



STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

## EASTERN NEW YORK CORRECTIONAL FACILITY

PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

WILLIAM A. LEE
SUPERINTENDENT

TO:        T. Mauro, Grievance Supervisor

FROM:     W.J.Webbe, Captain

SUBJECT:  Grievance # 26147-14

DATE:      16 December 2014

In regards to the above mentioned grievance, I submit the following response. On 09 November 2014, Inmate, Fox, J. #12B1626, received a misbehavior report for refusing a direct order (106.10). The report was processed and Inmate Fox had a hearing on 12 November 2014. The Hearing officer was Lieutenant Simmons, with the information Lt. Simmons had at the time of the hearing and the fact no witnesses to the incident were called, Lt. Simmons dismissed the charges. Lt. Simmons based his decision on the hairstyle Inmate Fox had at the time of his hearing.
* refer to memo; webbe/fox dated 12 December 2014, pg.2 of 2, first paragraph, which states, " Your statement to me was, that the single braid hair style you had on 06 November 2014, as observed by Lt. Madison and Officer Szkred, was not the same as what you had on 09 November 2014, nor was it the same as you had on 12 November 2014, the day of the Disciplinary hearing."

As far as Inmate Fox's statement that I'm misinterpreting the directive, it is my job and responsibility to interprete and enforce the directives. Inmate fox has the right to appeal, grieve, complain and litigate, but as stated, his hair is not in compliance and his state issued pants have been altered, these are facts as clearly written in the directives and in the misbehavior reports, as well as the Employees memos.

Inmates next statements are just bizarre and shows a clear intent to attempt to bypass Department directives. he claims to be Rastafarian, yet his religion on record, as of 17 September 2014 is Nation of Islam. He then claims to be a Native American, "Cherokee" and his hair is now a symbol of his heritage. This claim is not substantiated by any documentation or record.

I never stated to Inmate Fox, if you don't cut your hair, by the time you go to your hearing, you're going to be found guilty. What I stated was, "The fact remains, you must get into compliance with directive # 4914, or a misbehavior report will be issued.
refer to memo; webbe/fox dated 12 December 2014, pg. 2 of 2, end of seventh paragraph.

Inmate Fox states he wants to be allowed to wear his "hairstyles", because of religious, heritage and personal believes, he states his interpretation of the directive. All of his "claimed" reason for his hairstyles have been addressed by the directive, each claim is covered in section 2a and 2b. Inmate Fox does not want to come into compliance with this directive and has attempted to go around it by citing every protected class and hairstyle. The fact remains, that his hairstyles are not permitted, per the directive.

0629



2614724

STATE OF NEW YORK

## DEPARTMENT OF CORRECTIONS
## AND COMMUNITY SUPERVISION

### EASTERN NEW YORK CORRECTIONAL FACILITY

**ANTHONY J. ANNUCCI**
ACTING COMMISSIONER

PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

**WILLIAM A. LEE**
SUPERINTENDENT

TO:        T. Mauro, Grievance Supervisor

FROM:    W.J.Webbe, Captain

SUBJECT:   Grievance # 26147-14

DATE:      16 December 2014

In regards to the above mentioned grievance, I submit the following response. On 09 November 2014, Inmate Fox, J. #12B1626, received a misbehavior report for refusing a direct order (106.10). The report was processed and Inmate Fox had a hearing on 12 November 2014. The Hearing officer was Lieutenant Simmons, with the information Lt. Simmons had at the time of the hearing and the fact no witnesses to the incident were called, Lt. Simmons dismissed the charges. Lt. Simmons based his decision on the hairstyle Inmate Fox had at the time of his hearing.
* refer to memo; webbe/fox dated 12 December 2014, pg.2 of 2, first paragraph, which states, " Your statement to me was, that the single braid hair style you had on 06 November 2014, as observed by Lt. Madison and Officer Szkred, was not the same as what you had on 09 November 2014, nor was it the same as you had on 12 November 2014, the day of the Disciplinary hearing."

As far as Inmate Fox's statement that I'm misinterpreting the directive, it is my job and responsibility to interprete and enforce the directives. Inmate fox has the right to appeal, grieve, complain and litigate, but as stated, his hair is not in compliance and his state issued pants have been altered, these are facts as clearly written in the directives and in the misbehavior reports, as well as the Employees memos.

Inmates next statements are just bizarre and shows a clear intent to attempt to bypass Department directives. he claims to be Rastafarian, yet his religion on record, as of 17 September 2014 is Nation of Islam. He then claims to be a Native American, "Cherokee" and his hair is now a symbol of his heritage. This claim is not substantiated by any documentation or record.

I never stated to Inmate Fox, if you don't cut your hair, by the time you go to your hearing, you're going to be found guilty. What I stated was, "The fact remains, you must get into compliance with directive # 4914, or a misbehavior report will be issued."
* refer to memo; webbe/fox dated 12 December 2014, pg. 2 of 2, end of seventh paragraph.

Inmate Fox states he wants to be allowed to wear his "hairstyles", because of religious, heritage and personal believes, he states his interpretation of the directive. All of his "claimed" reason for his hairstyles have been addressed by the directive, each claim is covered in section 2a and 2b. Inmate Fox does not want to come into compliance with this directive and has attempted to go around it by citing every protected class and hairstyle. The fact remains, that his hairstyles are not permitted, per the directive.

0630

Pg 2 of 2
webbe/fox



As for highlighting the specific parts of the directive, that was for Inmate Fox's benefit he was asked to identify specifically what his hairstyles were called and then shown where those particular hairstyles violated directive # 4914. The word "twisted" was used by Inmate Fox, not me. Inmate Fox stated to me that he had dreadlocks and that the sides were a basic cut, "short" by definition. This is a combination of two hairstyles, which is clearly delineated by Directive # 4914, heading 2, sub heading b.
Refer to memo; webbe/fox dated 12 December 2014; pg 1 of 2, forth paragraph.

Inmate Fox's statement that he advised me of harassment by Officer Cruz and that I didn't care, is false. Inmate Fox's allegations have been addressed and Officer Cruz has submitted memos. Inmate Fox states, admittedly that his pants had slits in them, this is what precipitated the cell search, as well as the misbehavior report and the urinalysis request.

Inmate Fox states, that he has a witness to statements allegedly made by the Officer who searched his cell and co-signed the misbehavior report. Inmate Fox has not identified the witness, but, per directive # 4932, 253.5, Inmate Witnesses, Inmate Fox has the right to call this witness and have him testify at his hearing.

As stated in my response to Inmate Fox dated 12 December 2014, I find no instance of Employee misconduct, Inmate's claim of harassment and persecution are without merit, substance or fact.
Inmate Fox needs to get into compliance with Department directives. His complaints as well as this grievance are disingenuous in nature and an attempt to circumvent Department directives to wear his Hairstyles in whatever way he chooses.

0631



26147-14

STATE OF NEW YORK
**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

## EASTERN NEW YORK CORRECTIONAL FACILITY
PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

**ANTHONY J. ANNUCCI**
ACTING COMMISSIONER

**WILLIAM A. LEE**
SUPERINTENDENT

**To:** Capt. Webbe

**From:** Sgt. J. Connor

**Subject:** Inmate Fox

**Date:** 12/18/14

On 12/7/14 during a random pat frisk Officer Williamson found a slit cut into the waistband of inmate Fox's state pants. As a result of of Officer Williamson's findings there was a reasonable suspicion that there was contraband contained in inmate Fox's housing unit 12-18, I Sgt J. Connor then authorized a cell search of his living quarters.

Respectfully Submitted

Sgt J. Connor

067

0599

26147-14

# Eastern New York Correctional Facility

## Memorandum

**To:** Captain Webb

**From:** C.O. S. Cruz

**Date:** 12/16/14

**Subject:** Inmate Fox 12B1626 Grievance #26147-14

On December 11, 2014 I C.O. S. Cruz worked in South Hall running 16 company. I did see inmate Fox in the lobby being escorted by another corrections officer and all I said to inmate Fox was your keep locked (this was phrased as a question). At no time did I provoke, tease, or taunt inmate Fox. While on duty at Eastern Correctional Facility I conduct myself in a professional manner at all times.

Respectfully Submitted,

C.O. S. Cruz

0602

26 147-14

① 12/12



STATE OF NEW YORK

## DEPARTMENT OF CORRECTIONS
## AND COMMUNITY SUPERVISION

# EASTERN NEW YORK CORRECTIONAL FACILITY
PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

**ANTHONY J. ANNUCCI**
ACTING COMMISSIONER

**WILLIAM A. LEE**
SUPERINTENDENT

# 12B1626 Fox, J.
SH-12-18

12 December 2014

I am in receipt of you letter of complaint dated 07 December 2014. I have requested and received memos from all identified Staff.

I meet with you on 12 December 2014, the interview took place in the computer room, located on the Guard room floor. During the interview the following items were discussed.

1) Directive # 4914 Grooming standards.
2) CORC decision, concerning "corn rows and ponytails".
3) The misbehavior report, dated, 09 November 2014.
4) Identified "Lt. Wilson" to be in fact Lt. Madison.
5) When you received direction from Lt. Madison and when you complied with same.
6) What exactly your current hair style is and what you determine it is called.
7) The interpretation of the wording "twisted" in directive # 4914.
8) Why and what exactly you meant by the statement, " I fear for my safety".

During the interview, you removed your head covering to display your current hair style, at which time I advised you that you were not in compliance with Directive # 4914. I showed you the directive and pointed out to you where the violations were. You stated to me several things. First, that the hair style you have is a dreadlock style. I indicated and showed you Directive # 4914, page 3 of 4, heading 2, sub-heading (a). "The dreadlock hairstyle is allowed. When worn, dreadlocks must extend naturally from the scalp and may not be woven, twisted, or braided together forming pockets that can not be effectively searched".

We also discussed the 08 allowable basic haircuts. You stated to me that, you had a "basic hair cut". I advised you that per directive # 4914, page 3 of 4, heading 2, sub heading (b). "Inmates may wear only one approved hair style; no combination of approved hairstyles is allowed". Your combination of a "short" haircut on the sides and "dreadlocks" on the top, constitutes a "combination" of two approved hair styles and per Directive # 4914, is not allowed.

0627

2-6147-14

② 12/12

Pg. 2 of 2
webbe/fox

We then discussed your concerns, based on the recent misbehavior report you received, as well as a cell frisk and urinalysis request. Your statement to me was, that the "single braid" hair style, you had on 06 November 2014, as observed by Lt. Madison and Officer Szkred, was not the same as what you had on 09 November 2014, nor was it the same style on 12 November 2014, the day of you disciplinary hearing. When asked if the hair style you had on the 9th of November, was the same as you had on this date,12 December, you stated "yes". I then advised you that your current hair style was not in compliance, based on Directive # 4914.

We next discussed the pat frisk, as performed by Officer Williamson on 07 December 2014. Officer Williamson submitted a memo and advises, that on that date he pat frisked you and during said frisk, a small slit was discovered in the waist band of your pants, next to the snap. Officer Williamson continued the pat frisk and reported his findings to the Area Sergeant, who authorized Officer's Williamson and Waugh to perform a cell frisk. During the cell frisk the following items of contraband were recovered.

    1)   4 – State green pants, w/ slits cut in the waistband, forming a pocket.
The items of contraband were confiscated and secured and a misbehavior report generated. You were keep locked for this infraction and as of this writing, remain keep locked pending a disciplinary hearing. Based on this information, a urinalysis request was submitted.

We spoke about your concerns for your safety and I asked you to elaborate, you stated to me that your "freedom" was in jeopardy. You further stated that because of all these recent events, you felt these incidents were escalating.

We also spoke about your religious denomination, which at the time of this writing is Nation of Islam and not Rastafarian, which you now claim to be.

I have read the memos supplied by Staff and I have looked at the documents involved, ie: misbehavior reports, frisk log/cell search log and I find no inconsistencies with good security practices. I do not find any Employee misconduct and I find no basis for your statement that you, "fear for your safety".

I do find, that while the original misbehavior report was dismissed, per Directive # 4914, your hair is still not in compliance, as stated in a recent misbehavior report dated 07 December 2014 and my interview and observation of you on today's date. While you were not charged with this infraction, the fact remains, you must get into compliance with Directive # 4914, or a misbehavior report will be issued.

As for your other allegations, I find them without merit. I advise you to come into compliance with the Directive and display a more positive attitude towards having contraband items in your possession.

0628

˹ʔᵗ(ᵞ)-(ᵞ

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES
## EASTERN NEW YORK CORRECTIONAL FACILITY

TO:        CAPTAIN WEBBE

FROM:      LIEUTENANT MADISON

SUBJECT:   INMATE COMPLAINT FOX, J. 12B1626

DATE:      12/10/2014


Sir:

On 11/06/2014 while on rounds I had observed inmate Fox 12B1626 in the facilities barber shop receiving a hair cut. Inmate Fox had the sides of his head shaved leaving a "MOHAWK" style hair cut on top of his head. Inmate Fox also had his hair that remained in this "MOHAWK" style cut braided in sections and joined each braided section together linking all the braids together. Inmate Fox attempted to state to me that he did not have braids, but he had "dreadlocks", with my 26 years in the department I have learned to distinguish the difference between dreadlocks and braids.

Per departmental Directive 4914 Section III REGULATIONS subsection B 2. <u>Hair</u> a. Only basic haircuts will be allowed, see attached Directive 4914. In regard to the braid that inmate Fox had woven together in one continuous braid. I had instructed Fox of the proper way that braids were to be worn, which is "corn row" style. I informed Fox that his complete hair style as he was wearing was not in compliance at all with Directive 4914. I had also indicated that if in fact he did have dreadlocks he was not permitted to weave, twist, or braid them together as per Directive 4914. I then gave Inmate Fox a direct order to put himself in compliance with Directive 4914 Inmate Grooming Standards. By inmate Fox having this type of hair style he has also changed his appearance from what his ID card indicates as having a full head of hair. Inmate Foxes failure to follow staff direction and his disregard for departmental rules and regulations is the reason he has been written any misbehavior reports.

At no time have I Harassed this inmate or any other inmate at no time have I violated this inmate's religious right. The fact that Lt. Simmons is black and that I am white has no bearing on me performing my job. At no time have I continued to send Officers to this inmate's cell to harass him. I conduct myself in a professional manner at all times always maintaining care, custody, and control as well as being firm, fair, and consistent.


Respectfully Submitted,

*L. E. Madison*

Lt. E. Madison

0601

26147-14

TO CAPT WEBBE
FM LT SIMMONS, DISCIPLINARY
SUBJ LTR OF COMPLAINT
DATE 12/11/14

(CE LTR DTD 12-7-14 (12B1626 FOX)

ON 11/12/14 I CONDUCTED A TIER II
HEARING ON 12B1626 FOX FOR AN INCIDENT DATE
OF 11/9/14; CHARGING 106.10 REFUSING DIRECT ORDER.
UPON VIEWING THE INMATE AT THE HEARING AND
REVIEWING DIR 4910 4914, I DETERMINED THAT HIS
HAIR STYLE WAS WITHIN THE GUIDELINES AND FOUND
HIM NOT GUILTY OF THE CHARGE.

RESPECTFULLY SUBMITTED

ENCL

0625



2647-14

STATE OF NEW YORK

**DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION**

**EASTERN NEW YORK CORRECTIONAL FACILITY**

**ANTHONY J. ANNUCCI**
ACTING COMMISSIONER

PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

**WILLIAM LEE**
SUPERINTENDENT

To:   Lt. Madison
From:  C.O. J.Szkred
Date:  12/11/14
Re:   Misbehavior report on Fox, Javell #12B1626

On Thursday, November 6, 2014 at approximately 12:45PM, I correction officer Szkred counseled inmate, Fox #12B1626 about his hair style not being in accordance to the grooming standards in directive #4914. Inmate Fox had a Mohawk styled cut with one braid from front to back and the sides were shaved, in the back of his head at the bottom of his single braid there were multiple strands of braids hanging loose. It was clearly a designer hair style.

On November 9th of 2014, I had followed up on inmate Fox to find, he did not comply and wrote him a misbehavior report for disobeying a direct order at which time he was placed in keep lock status and area Sgt. was contacted.

Respectfully Submitted

*Szkred* C.O.

Correction Officer, J. Szkred

0634

26047-14

# Eastern New York Correctional Facility

## Memorandum

**To:** Lt. Madison

**From:** C.O. S. Cruz

**Date:** 12/10/14

**Subject:** Inmate Fox 12B1626 - Complaint

On December 10, 2014 I C.O. S. Cruz was working in West Wing as the #2 officer. When inmate movement is going on I stand in the West Wing corridor. During the afternoon chow run C.O. Williamson was conducting random pat frisks by mess hall #1. I did not tell C.O. Williamson to pat frisk inmate Fox 12B1626. I stood behind C.O. Williamson while he conducted the pat frisk. At no time have I done any of these allegations that inmate Fox has stated nor have I threaten, harassed, or verbal abused inmate Fox. While working at Eastern Correctional Facility I conduct myself in a professional manner at all times.

Respectfully Submitted,

C.O. S. Cruz

0598

P, (1)

26147-14

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES
# EASTERN NEW YORK CORRECTIONAL FACILITY
NAPANOCH, NEW YORK 12458

To: LT. Madison

From: R. Williamson C.O.

Date: 12-10-14

Re: INMATE FOX- 12B1626, Complaint.

Sir on 12-07-14 I performed a random pat frisk of
inmate Fox - 12B1626 as he exited the messhall. I performed
a proper frisk of inmate fox. I had inmate Fox remove his
headwere, place his hands on the wall, and step back for
his pat frisk. I discovered a small slit in the waistband
of his pants next to his snap. There RW Inmates smuggle
contraband in places like this. I ordered inmate Fox to
lift his left foot. I removed his boot, and searched for contraband.
I placed his boot back on his foot so he could slide his
foot back into the boot. I did the same with his right
foot. Inmate Fox complied with the pat frisk, and left
with no incident. I reported my finding of the small slit
in the waistband of inmate Fox's pants, to Sgt. Connor. Sgt.
Connor gave me direction to search inmate Fox's cell.
I ordered inmate Fox to exit his cell, I pat frisked

075

0632

Pg -②
26177-14

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES
# EASTERN NEW YORK CORRECTIONAL FACILITY
NAPANOCH, NEW YORK 12458

To: LT. Madison

From: R. Williamson Co.

Date: 12-10-14

Re: INMATE FOX 12B1626, COMPLAINT

Fox again, I did not Escort Fox To his Cell. I Searched inmate foxx cell. I Found and Confiscated (4) pair of State issue Green Pants from inmate Fox. The pants All (4) of Them had a small slit in The Waistband next To The snaps, and one pair also had a slit in The Zipper Fold. I brought all Items To Sgt. Connor. The Watch Commander had been informed of all information, and Fox - 12B1626 had been placed on Keeplock status at That Time. Sir I performed my duties in a professional manner, and confiscated all Contraband Items as per Directive 4910, Control, and Search for Contraband. I at no Time spoke in an unprofessional manner Towards any Superior during This Cell Search.

Respectfully Submitted.
R. Will Co.
R. Williamson C.O.

076                                                    0633

26147-14

(1/12)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**EASTERN CORRECTIONAL FACILITY**

**Inmate Misbehavior Report ~ Informe De Mal Comportamiento Del Recluso**

| me of Inmate (Last, First) ~ Nombre Del Recluso (apellido, nombre) | No. ~ Num | Housing Location ~ Celda |
|---|---|---|
| OX, JAVELL | 12B1626 | SH-12-8 |

| Location of Incident ~ Lugar Del Incidente | Incident Date ~ Fecha | Incident Time ~ Hora |
|---|---|---|
| YARD GATE | 11/9/2014 | APPROX 10:30AM |

3. Rule Violation(s) ~ Violaciones

106.10 DIRECT ORDER

4. Description of Incident ~ Descripcion Del Incidente

On 11/6/14 I, Officer J. Szkred, observed Inmate Fox 12B1626 with the sides of his head shaved and 1

large braid down the center of his head. I counseled Inmate Fox and ordered him to fix his hair to be in

compliance with directive 4914 Inmate Grooming Standards. On 11/9/14 I observed Inmate Fox with

the same hair style and when I questioned him about it he said "I'm not going to change my hair".

Inmate Fox admitted that he is going to continue to defy the rules set forth in directive 4914.

Area Sergeant Fassetta was notified and Inmate Fox was placed on keeplock status.

It should be noted that Inmate Fox has been counseled for the same infraction by numerous security

staff in the recent past, including Lt. E. Madison on 11/6/14.

| Report Date ~ Fecha | Reported by ~ Nombre De La Persona Que Hace El Informe | Signature ~ Firma | Title ~ Titulo |
|---|---|---|---|
| 11/9/2014 | J. Szkred | *J. Szkred* | C.O. |

5 Endorsements of other employee witnesses (if any)    Signatures:

Endosos De Otros Empleados Testigos(si hay)    Firmas    1 _____

2 _____    3 _____

Note: Fold back page 2 on dotted line before completing below

6. Were other inmates involved?  ☐ Yes  ☒ No    If yes, give name & #

7. At the time of this incident, was inmate under prior confinement/restriction?  ☐ Yes  ☒ No    or

As a result of this incident, was inmate confined/restricted?  ☒ Yes  ☐ No

8. Was inmate moved to another housing unit?  ☐ Yes  ☒ No

If yes, (a) current housing unit _____    (b) Authorized by _____

9. Was physical force used?  ☐ Yes  ☒ No    (if yes, file form 2104)

Area Supervisor Endorsement    *signature*

0597

FORM 2171A (1/12)        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMM... ITY SUPERVISION        2B147-14
Side 1

_EASTERN_        Correctional Facility

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Fox, J. | 12B1626 | S.H. 12-18 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| OUTSIDE MESS HALL #1 / CELL 12-18 | 12-7-14 | approx. 11:25 AM |

3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES

106.10 - DIRECT ORDER
113.20 - ALTER STATE CLOTHING
116.10 - DESTROY OR DAMAGE STATE PROPERTY

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

ON THE ABOVE DATE AND APPROXIMATE TIME, C.O. WILLIAMSON AND MYSELF CONDUCTED A RANDOM PAT FRISK ON INMATE FOX 12B1626 OUTSIDE OF MESS HALL #1. UPON REMOVAL OF HIS HEAD COVERING IT WAS DISCOVERED HE HAD AN UNAUTHORIZED HAIR STYLE OF A MOHAWK WITH DREAD LOCKS. THIS IS IN VIOLATION OF DIRECTIVE 4914 - INMATE GROOMING STANDARDS III-B-2-a,b. UPON FURTHER INVESTIGATION IT WAS DISCOVERED THIS INMATE HAD PREVIOUSLY BEEN ORDERED TO FIX HIS HAIRSTYLE BY LT. MADISON. THIS ORDER HAS YET TO BE OBEYED. DURING A SUBSEQUENT CELL SEARCH OF FOX'S CELL, AUTHORIZED BY SGT CONNER, INMATE WAS FOUND TO BE IN POSSESSION OF 4 PAIRS OF STATE PANTS THAT HE HAD ALTERED BY PUTTING A SLIT IN THE WAIST BAND CREATING A POCKET. PANTS WERE CONFISCATED AND BROUGHT TO WEST WING COURT. VALUE OF PANTS IS $11.08 PER PAIR. AREA SUPERVISOR NOTIFIED. INMATE FOX PLACED IN KEEP LOCK STATUS.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 12-7-14 | J. WAUGH | | C.O. |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)        SIGNATURES:
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)        FIRMAS: 1. _____ R. Williamson Co.

2. _____                                        3. _____

**NOTE: Fold back Page 2 on dotted line before completing below.**

| 6. WERE OTHER INMATES INVOLVED? | YES ☐   NO ☒ | IF YES, GIVE NAME & # _____ |
|---|---|---|
| ¿HUBO OTROS RECLUSOS ENVUELTOS? | SÍ ☐   NO ☐ | DE SER SÍ DÉ LOS NOMBRES Y DIN _____ |

7. AT THE TIME OF THIS INCIDENT, WAS INMATE UNDER PRIOR CONFINEMENT/RESTRICTION?        YES ☐   NO ☒
¿ESTUVO EL RECLUSO CONFINADO/RESTRINGIDO PREVIO AL INCIDENTE?        SÍ ☐   NO ☐

OR ♦ O

AS A RESULT OF THIS INCIDENT, WAS INMATE CONFINED/RESTRICTED?        YES ☒   NO ☐
¿SE CONFINÓ/RESTRINGIÓ AL RECLUSO COMO RESULTADO DE ESTE INCIDENTE?        SÍ ☐   NO ☐

| 8. WAS INMATE MOVED AT ANOTHER HOUSING UNIT? | YES ☐   NO ☒ |
|---|---|
| ¿MUDARON AL RECLUSO A OTRA UNIDAD DE VIVIENDA? | SÍ ☐   NO ☐ |

IF YES, (a) CURRENT HOUSING UNIT _____        (b) AUTHORIZED BY _____
DER SER SÍ, (a) UNIDAD DE VIVIENDA ACTUAL _____        (b) AUTORIZADO POR _____

| 9. WAS PHYSICAL FORCE USED? | YES ☐   NO ☒ | (IF YES, FILE FORM 2104) _____ |
|---|---|---|
| ¿SE USÓ FUERZA FÍSICA? | SÍ ☐   NO ☐ | (DER SER SÍ, SOMETA EL FORMULARIO No. 2104) _____ |

AREA SUPERVISOR ENDORSEMENT _____        0603

178

2E147-14

| DATE | NAME | DIN | OFFICER | TIME | CELL | AUTHOR |
|------|------|-----|---------|------|------|--------|
| 12-6-14 | Malaussena | 05A4835 | Vawricka | 1:30pm | 15-12 | DSS |
| 12-6-14 | Garcia | 16A2548 | Vawricka | 1:55pm | 16-19 | DSS |
| 12/6/14 | Scott | 95A7777 | Sheridan | 7⁷⁰pm-8³⁰pm | 10-27 | DSS |
| 12-7-14 | Fox | 12B1626 | Williamson | 12:25pm | 12-18 | Sgt conf |
| 12-7-14 | Nieves-Andino | 04A2998 | Vawricka | 1:15pm | 16-14 | DSS |
| 12/7/14 | Casares | 10A5787 | T. Sheridan | 8¹⁰pm-8⁴⁵pm | 12-17 | DSS |
| 12/8/14 | Philpotts | 07A5430 | T. Sheridan | 8⁵⁰p-9³⁰p | 11-16 | DSS |
| 12-9-14 | Rogue | 07A1002 | Vawricka | 1:35p | 10-5 | DSS |
| 12-9-14 | Carter | 03A2664 | Vawricka | 2:00p | 16-10 | DSS |
| 12-9-14 | Bosch | 07A1476 | C. Fisher | | 13-6 | DSS |
| 12/9/14 | Barnes | 04A4858 | T. Sheridan / C.G. | 8⁰⁰p-9⁴⁵p Raw | 15-16 | DSS |
| 12/10/14 | | | | | | |
| 12/10/14 | Swiderski | 09B0460 | P.Flynn | 1:40p | 9-3 | DSS |
| 12/10/14 | Taber | 01B1433 | P.Flynn | 2:10p | 16-8 | DSS |
| 12/11/14 | Rodriguez | 10A0880 | S. Rivera | 10³⁶am | 13-27 | DSS |
| 12/11/14 | Cancer | 01A4447 | S. Rivera | 11⁰⁰am | 12-24 | DSS |
| 12-16-14 | Adams | 96A3280 | Brady | 2:10pm | 16-26 | DSS |
| 12-11-14 | Campos | 79A6849 | Brady | 7:04pm | 9-25 | DSS |

2-6147-14
97

| | | CONTRABAND / COMMENTS |
|---|---|---|
| wthor | uge | ① Xtra ext. cord, ② Highliters |
| DSS | DD | NCF |
| DSS | DD | |
| DSS | DD | ① Damaged Elec. Extn Cord, State Handsoap, State Green Scrub pad. |
| ECom | IH | ① altered State Green Pants, slit cut in waistband and zipper Flap |
| XSS | DD | NCF |
| SS | DD | NCF |
| DSS | DD | NCF — Note! I/m missing his State Winter Coat. Form 2645 submitt |
| SS | DD | NCF |
| SS | DD | ① Xtra Ext. cord, ① Xtra can opener |
| SS | DD | ② Scrub pads |
| SS | DD | |
| SS | DD | NCF |
| SS | DD | NCF |
| S | DD | ② rolls of scotch tape ③ sugar packets ② large combs with handles |
| S | DD | ① cigar box, 4 rubber bands ① packet of Stick on hooks |
| S | DD | NCF |
| S | DD | NCF |
| S | DD | wires |
| S | DD | coffee filters, garbage bag, mirror |

0621

*26147-14*

| | STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION **DIRECTIVE** | TITLE **Inmate Grooming Standards** | NO. **4914** |
|---|---|---|---|
| | | | DATE 3/1/2013 |
| SUPERSEDES DIR #4914 Dtd. 03/16/2012 | | DISTRIBUTION A  B | PAGES PAGE 1 OF 4 | DATE LAST REVISED |
| REFERENCES (include but are not limited to) Directive #4910 | | APPROVING AUTHORITY | |

**I.   DESCRIPTION**: This directive establishes the basic grooming standards (including criteria for beards, mustaches, and length of hair) for inmates.

**II.   PURPOSE**: It is the purpose of this directive to ensure that inmate appearance will be regulated sufficiently to maintain accurate identification of each individual.

**III.   REGULATIONS**

    A.   Grooming Standards at Reception: Initial shaves and haircuts shall be required of all newly committed male inmates and returned parole violators unless exempted as set forth below. These are required for reasons of health and sanitation, as well as to permit the taking of the initial identification photograph.

        1.   Shaves: Inmates or returned parole violators who have beards upon reception shall be permitted the option to use an electric razor, hand razor, hand clippers, or a depilatory to remove their beards.

        2.   Exemptions to Shaves: The initial shave regulation applies to all inmates and returned parole violators, unless:

            a.   The inmate possesses a Court Order restraining the Department from such enforcement. Any inmate or returned parole violator covered by this exemption shall be classified and transferred in the standard manner and cannot be disciplined or placed in administrative segregation for their refusal to have an initial shave.

            b.   The inmate or returned parole violator professes to be of a religion that would not allow him to shave and thus refuses the initial shave based on a religious objection. The inmate or returned parole violator's objection shall be referred to the Deputy Superintendent for Reception/Classification or equivalent, who shall conduct a review and may consult with the Division of Ministerial, Family and Volunteer Services or Counsel's Office as needed, to determine if a religious exemption to the initial shave is required. The Deputy Superintendent for Reception/Classification will make a recommendation to the Superintendent who will make the final determination. If the Superintendent determines that the inmate or returned parole violator should be exempt from the initial shave, then he shall be classified and transferred in the standard manner and cannot be disciplined or placed in administrative segregation. Further, Counsel's Office shall be contacted to determine if a beard permit should be issued based on his religious objection to shaving.

            c.   The returned parole violator had a Court Order upon initial entry or a verifiable beard permit from the Department that was issued during his current term of imprisonment and there is an acceptable identification photograph of him without a beard in the Department's possession sufficient to provide an accurate identification. The Deputy Superintendent for Reception/Classification shall be responsible for verifying that the parole violator had a Court Order or beard permit during his current term of imprisonment and that the photograph of him on file is sufficient to provide an accurate identification. Any returned parole violator covered by the exemption shall be classified and transferred in the standard manner and cannot be disciplined or placed in administrative segregation for his refusal to have an initial shave.

0639

3. <u>Refusal to Shave</u>:  Inmates or parole violators who refuse the initial shave and do not possess a valid Court Order and do **not** qualify for an exemption to the initial shave shall be subject to appropriate discipline for failing to follow Departmental policy and procedures.

   NOTE:  Identification photographs of any inmate or returned parole violator who has an exemption to shave or has refused to have his initial shave shall be taken in accordance with the procedures developed to allow for digitally enhanced photographs.  Whenever the procedure for digitally enhanced photographs is utilized, the Deputy Commissioner for Correctional Facilities shall be notified of the inmate and the reason for utilizing the digitally enhanced process.

4. <u>Haircuts</u>:  Hair length upon completion of this initial haircut shall not exceed one (1) inch on any part of the head.

5. <u>Exemption to Haircuts</u>:  Any reception inmate or returned parole violator who professes to be a Rastafarian, Taoist, Sikh, Native American, Orthodox Jew, or member of any other religious sect of a similar nature and refuses to have an initial haircut cannot be forced to comply with the initial haircut requirements.  In addition, any reception inmate or parole violator who refuses to comply with the initial haircut regulation on religious grounds and who has a Court Order restraining the Department from enforcing the initial haircut regulation cannot be forced or ordered to comply with the initial haircut regulation.

   NOTE:  Any inmate or returned parole violator covered by the above exemption shall be classified and transferred in the standard manner and cannot be disciplined or placed in administrative segregation for their refusal on religious grounds to have an initial haircut.

   Identification photographs of any inmate or returned parole violator who has not had their hair cut shall be taken in accordance with the following:

   - For the frontal view, the hair shall be pulled back away from the face and ears.
   - For the side view (profile), the hair shall be pulled back and to the side.

6. <u>Refusal for Initial Haircut</u>:  Inmates or parole violators who refuse to comply with the initial haircut regulation and do not possess a valid Court Order and do **not** qualify for an exemption to the initial haircut, shall be subject to appropriate discipline for failing to follow Departmental policy and procedures.  This applies even though the identification photographs were obtained with the hair pulled back.

7. An inmate shall not be placed in administrative segregation or disciplinary confinement pending the review of his objection to the initial shave or haircut by the Deputy Superintendent for Reception/Classification or equivalent such as Deputy Superintendent.

B. <u>General Grooming Standards</u>:  After the initial haircut and shave, general grooming standards as set forth below are applicable to all inmates except those inmates participating in the Department's Shock Incarceration Program.

   1. <u>Beards and Mustaches</u>:  An inmate may grow a beard and/or mustache, but beard/mustache hair may not exceed one (1) inch in length unless:

      NOTE:  Patterns, designs or braids are not allowed.

      a. The inmate has a Court Order restraining the Department from enforcement; or

b.   The inmate has requested and received an exemption based upon his or her documented membership in a religion which has an established tenet against the trimming of beards including, but not limited to, inmates who are Rastafarian, Orthodox Jew, or Muslim. All inmate requests for such exemption shall be referred to and reviewed by Counsel's Office after consultation with the facility Chaplain. After such review, Counsel's Office will make a recommendation to the Deputy Commissioner for Correctional Facilities. If the request is approved by the Deputy Commissioner for Correctional Facilities, a permit will be issued to the inmate.

Further, pending Counsel's Office's determination of requests for exemption from the one (1) inch rule, inmates shall not be required to cut or trim their beards, disciplined for refusing the order to shave, or subject to repeat orders to shave.

An inmate who refuses to comply with this rule will be given 14 days from the date of the written order to shave in which to request an exemption. If the inmate fails to submit a request for an exemption within 14 days, he may be disciplined for refusal to obey such order.

Copies of the written order, an inmate's request for exemption, and the exemption will be filed in the inmate's legal file.

2.   <u>Hair</u>

a.   Only basic haircuts will be allowed. Only one straight part will be allowed with no other lines, designs, or symbols cut into the hair. In accordance with established barbering guidelines of the Department's Occupational Training Program, basic haircuts are defined as:

- Short, medium, and long
- Short, medium, and long pompadour
- Crew
- Flat top

- Butch
- Quo vadis (bald)
- Afro-natural, and
- Elevation

Hair may be permitted to grow over the ears to any length desired by the inmate. The hair must be neatly groomed and kept clean at all times.

The only braids allowed are the corn row style. Corn row braids may only be woven close to the scalp in straight rows from the forehead to the back of the neck and braids may not extend beyond the hairline. No designs or symbols may be woven into the hair.

1.   The dreadlock hairstyle is allowed. When worn, dreadlocks must extend naturally from the scalp and may not be woven, twisted, or braided together forming pockets that cannot be effectively searched. Inmates wearing <u>below</u> shoulder length dreadlocks must tie them back in a ponytail with barrette, rubber band, or other fastening device approved by the Superintendent. **Note:** Inmates of the Rastafarian religious faith may wear their dreadlocks in an approved religious head covering.

See Section III-B-2-d below for inmates assigned to work near machinery or food.

b.   Inmates may wear only one approved hairstyle; no combination of approved hairstyles is allowed.

c.   Long hair is defined as <u>below</u> shoulder length.

d.   Inmates wearing long hair assigned to work near machinery or food shall be required to wear a hair net. Any other inmate assigned to work near food shall be required to wear either a hat or a hair net.

e.   All inmates wearing long hair will be required to have the hair tied back in a ponytail at all times with a barrette, rubber band, or other fastening device approved by the Superintendent.

2-6147-14

> **Exemption:** Native Americans involved in scheduled and approved Native American cultural ceremonies do not have to comply with this restriction.

> f.   An inmate may be subjected to a hair search when there is reason to believe that contraband may be discovered by such a search. An inmate may be subjected to such search at any time that a pat frisk, strip search, or strip frisk is being conducted. Consistent with Directive #4910, "Control of & Search for Contraband," during a pat frisk, an inmate will be required to run fingers through their hair. During a strip search, an inmate may be subjected to an inspection of his or her hair. During a strip frisk, an inmate will run his or her hands through the hair.

C.   <u>Photographs:</u> If, in the opinion of a Correction Officer or supervisor, an inmate drastically changes his or her appearance by changing the length, style, and/or color of his or her hair, or growing or shaving a beard and/or mustache, he or she will be re-photographed for identification purposes. All such re-photographs will be at the expense of the inmate.

0623

10:56:56 Tuesday, December 0   2014

2-6147-14

```
12/09/14  C100T1M            DISCIPLINARY SYSTEM                  KDCPM40
10:56:23  C100N099        100    EASTERN GENERAL                 PAGE   1
                      DISCIPLINARY INCIDENT SUMMARY   MANUAL RECS N

DIN:  12B1626   NYSID: 09387063Y  NAME:  FOX, JAVELL
CURRENT FACILITY:  100  EASTERN GEN    CURRENT HOUSING LOCATION:   SH-12-018
-----------------------------------------------------------------------------
TIER 2   INCIDENT: 12/07/14 11:25 AM  CO   J WAUGH              EASTERN GEN
113.20 EXCESS/ALTERED CL 106.10 DIRECT ORDER    116.10 LOSS/DAMAGE PROP
-----------------------------------------------------------------------------
TIER 2   INCIDENT: 12/20/13 07:10 AM  CO    VENDITTI            AUBURN GENER
         HEARING : 12/26/13 10:18 AM  LT   VASILE               AUBURN GENER
106.10 DIRECT ORDER       112.21 COUNT VIOLATION
     6D KEEPLOCK       PACKAGE   COMMISSARY   SERVICE DTES 12/20/13 12/26/13
     6D PHONE                                 SERVICE DTES 12/20/13 12/26/13
-----------------------------------------------------------------------------
```


                                               NEXT DIN:


```
<CURSOR + ENTER> INC DETAIL
<ENTER>     <PF3>  EXIT(FUNCT)      <PF7>  BACKWARD     <CLEAR>  EXIT(SYSTEM)
```

ηOI     9/17/2014

# Braids & Ponytail

26147-14

## CORC # CL-59343-09  I/47  8/31/09

### CORC cites its disposition CL-57214-08, dated 8/20/08, which states, in part, i.e.

**CORC** notes that the grievant was wearing his hair in cornrows, with ends loose, extending below the hairline. CORC asserts that there no provision for this hairstyle in Directive #4914

## Allow Corn Rows Past Hairline  CAY-13419-03

**CORC** asserts that braided hair which extends beyond the hairline is not allowed. The grievant may wear long, unbraided hair in a ponytail, in accordance with Directive #4914

## Change Memo on Corn Rows  CX-10983-05

The only braids allowed in Corn Row style. Corn Row braids may only be woven close to the scalp in straight rows from the forehead to the back of the neck. No designs or symbols may be woven into the hair and the corn row braids may not extent below the hairline.

## Corn Below The Neck Line SHG-21446-05 I/47

**CORC** cites Directive #4914, Section III., B., 2., a., dated 4/25/05, which states, in part, i.e.; The only braids allowed are the corn row style. Corn row braids may only be woven close to the scalp in straight rows from the forehead to the back of the neck. No designs or symbols may be woven into the hair and the corn row braids may not extend below the hairline.

## Allow Corn Rows Past Hairline 1/6/03

**CORC** asserts that braided hair which extends beyond the hair line is not allowed. The grievant may wear long, unbraided hair in a ponytail, in accordance with Directive #4914

0636

Inmate Photographs - DIN 2B1626 FOX, JAVELL                                    Page 1 of 1

  

# NEW YORK **STATE**

## Department of Correctional Services
### Inmate Photographs

CIGRCMV - 3/26/2015 2:05 PM                                                        Close



### INMATE INFORMATION:

| | | | |
|---|---|---|---|
| Name: | **FOX, JAVELL** | | |
| DIN: | **12B1626** | Status: | **IN CUSTODY** |
| NYSID: | **09387063Y** | Owning Facility: | **EASTERN GENERAL** |
| Gender: | **MALE** | Race: | **BLACK** |
| Date of Birth: | **10/26/1982** | Ethnicity: | **NOT HISPANIC** |

### PHYSICAL CHARACTERISTICS:

| | | | |
|---|---|---|---|
| Hair: | **BLACK** | Height: | **5' 7"** |
| Eyes: | **BROWN** | Weight: | **140** |

SCAR:R/SHOULDER (3"). NO TATTOOS.

### PHOTO INFORMATION:

Facility Taken: **EASTERN**
Date Taken:   **3/13/2015 10:50 AM**



0586

14:05:47 Thursday, March 26, 2015

```
03/26/15                *** FPMS INMATE OVERVIEW ***                    KINQM15
DIN 12B1626    NAME FOX, JAVELL                              NYSID 09387063Y
FBI 915590LB0    SEX MALE    DOB 10/26/1982 ETHNIC NOT HISPANIC  RACE BLACK
STATUS IN CUSTODY       PRSV NT      ORIG DATE RECV 06/01/2012    CMC NO
CURR FAC EASTERN GEN  CELL WW-22-004  OWN FAC EASTERN GEN  DIS#
REL                                     DIS
T/O STATUS REFERRAL     01/26/15 MAX A          CUSTODIAL KEEP
  CRIMES    TOTAL CRIMES 0002    RECIDIVIST          COMMIT COUNTY
      CRIM POSS CONTR SUBSTANCE 3RD  B               ONEIDA
      CRIM POSS CONTR SUBSTANCE 4TH  C               ONEIDA

AGGREGATE TERM 0008 06 24  TO  0010 00 00     EARLIEST RELEASE DATE 06/23/2024
PH DATE/TYPE TENT RLSE  PE DATE     TAC DATE/TYPE COND REL  MAX EXP DT PRS ME DT
09/2022 MERT          06/23/2024 INIT 10/14/2024 12/17/2026
WARRANT: FELONY WAR ( N ) MISDEMEANOR WAR ( N ) ICE ( N ) PENDING CHARGES ( N )
      SENTENCE OTHER AGENCY ( N )  DEF SENT ( N )  EXP DATE (            )
MOST SERIOUS PRI    CRIM POSS CONTR SUBSTANCE 3RD   CONVICTION
DATE 02/24/11 TYPE OF SENT PRISON                TERM
SECURITY CLASS MAX B  DATE 08/28/14 OTH SEC CHARS NO  EXTENDED CLASS RSNS NO
UNUSUAL INCID NO  MOST CURR        TOTAL INCD      MED PROB YES
PD PGM IDLE, DISCIP(NO PAY)
REC LOC                                    NEXT DIN:
                              HTTP://PHOTOS/I.ASPX?D=12B1626
  <ENTER> CONTINUE <PF3> EXIT(FUNC) <PF4> RETURN      <CLEAR> EXIT(SYS)
```

0640

**Vanbergen, Chris M (DOCCS)**

| | |
|---|---|
| **From:** | Mauro, Thomas A (DOCCS) |
| **Sent:** | Thursday, March 26, 2015 4:02 PM |
| **To:** | Vanbergen, Chris M (DOCCS) |
| **Subject:** | RE: ECF-26147-14 (Fox, Javell 12B1626) |

I will send it to you manana.

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Thursday, March 26, 2015 3:54 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF-26147-14 (Fox, Javell 12B1626)

Thank you, Tom. I only have page 2 so I didn't see a date for the memo, but it references the 12/12/14 memo, so that has to be it.

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Thursday, March 26, 2015 3:51 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** RE: ECF-26147-14 (Fox, Javell 12B1626)

Hello Chris,

1. Yes, Staff has indicated that the inmate changes his hairstyle for his hearings. He continues to be noncompliant with regard to grooming standards and as you can see in his disciplinary record.
2. My copy of the appeal packet included both the 12/12/14 memo (2 pages) and the memo dated 12/16/14 (2 pages). Are you missing page 1 of the 12/16/14 memo?

Let me know! I will get you a copy.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Thursday, March 26, 2015 2:03 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** ECF-26147-14 (Fox, Javell 12B1626)

Good afternoon Tom,

Please address the following:

1. Did Fox keep changing his hairstyle before his hearings, or were the hairstyles described determined to be compliant with Directive #4914?? Every time I read a description about the hairstyles he had, be it the Captain's investigation report, the MBR, or the one in the grievance itself, it sounds like the hairstyle was a combination of two styles and non-compliant. But he was found not guilty of the charges related to his hair at both hearings.

2. I have the second page of a memo from Captain Webbe (not the original investigation report), which states "as for highlighting the specific parts of the directive..." and seems to reference the original investigation report.  Could you provide me with the first page of that memo?

This case is scheduled to be heard by CORC on 4/15/15.

This is due back by **4/2/15 COB**.  If you have any questions or concerns, please let me know.

Thank you,

## Chris VanBergen
Inmate Grievance Program Supervisor

Department of Corrections and Community Supervision
The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050
(518) 457 - 4467 I chris.vanbergen@doccs.ny.gov

www.doccs.ny.gov

**Vanbergen, Chris M (DOCCS)**

| | |
|---|---|
| From: | Mauro, Thomas A (DOCCS) |
| Sent: | Friday, March 27, 2015 12:10 PM |
| To: | Vanbergen, Chris M (DOCCS) |
| Subject: | FW: ECF 26147-14, FOX, 12B1626 |
| Attachments: | [Untitled].pdf |

Hi Chris,

Request is attached.  Have a good weekend!  FYI-I don't return to work until Wednesday 4/1/15.

Tom

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 11:06 AM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** ECF 26147-14, FOX, 12B1626

0643

**Mauro, Thomas A (DOCCS)**

| | |
|---|---|
| From: | Vanbergen, Chris M (DOCCS) |
| Sent: | Thursday, March 26, 2015 2:03 PM |
| To: | Mauro, Thomas A (DOCCS) |
| Subject | ECF-26147-14 (Fox, Javell 12B1626) |

Good afternoon Tom,

Please address the following:

1. Did Fox keep changing his hairstyle before his hearings, or were the hairstyles described determined to be compliant with Directive #4914?? Every time I read a description about the hairstyles he had, be it the Captain's investigation report, the MBR, or the one in the grievance itself, it sounds like the hairstyle was a combination of two styles and non-compliant. But he was found not guilty of the charges related to his hair at both hearings.

2. have the second page of a memo from Captain Webbe (not the original investigation report). which states "as for highlighting the specific parts of the directive…" and seems to reference the original investigation report. Could you provide me with the first page of that memo?

This case is scheduled to be heard by CORC on 4/15/15.                    {attached

This is due back by **4/2/15 COB**. If you have any questions or concerns, please let me know.

Thank you,

## Chris VanBergen
Inmate Grievance Program Supervisor

Department of Corrections and Community Supervision
The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050
(518) 457 - 4467 I chris.vanbergen@doccs.ny.gov

www.doccs.ny.gov

1

092

0644

**Vanbergen, Chris M (DOCCS)**

| | |
|---|---|
| From: | Vanbergen, Chris M (DOCCS) |
| Sent: | Thursday, March 26, 2015 2:03 PM |
| To: | Mauro, Thomas A (DOCCS) |
| Subject: | ECF-26147-14 (Fox, Javell 12B1626) |

| Tracking: | **Recipient** | **Delivery** |
|---|---|---|
| | Mauro, Thomas A (DOCCS) | Delivered: 3/26/2015 2:03 PM |

Good afternoon Tom,

Please address the following:

1. Did Fox keep changing his hairstyle before his hearings, or were the hairstyles described determined to be compliant with Directive #4914?? Every time I read a description about the hairstyles he had, be it the Captain's investigation report, the MBR, or the one in the grievance itself, it sounds like the hairstyle was a combination of two styles and non-compliant. But he was found not guilty of the charges related to his hair at both hearings.

2. I have the second page of a memo from Captain Webbe (not the original investigation report), which states "as for highlighting the specific parts of the directive…" and seems to reference the original investigation report. Could you provide me with the first page of that memo?

This case is scheduled to be heard by CORC on 4/15/15.

This is due back by **4/2/15 COB**. If you have any questions or concerns, please let me know.

Thank you,

## Chris VanBergen
Inmate Grievance Program Supervisor

Department of Corrections and Community Supervision
The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050
(518) 457 - 4467 | chris.vanbergen@doccs.ny.gov

www.doccs.ny.gov

**Vanbergen, Chris M (DOCCS)**

| | |
|---|---|
| From: | Mauro, Thomas A (DOCCS) |
| Sent: | Thursday, March 26, 2015 3:51 PM |
| To: | Vanbergen, Chris M (DOCCS) |
| Subject: | RE: ECF-26147-14 (Fox, Javell 12B1626) |

Hello Chris,

1. Yes, Staff has indicated that the inmate changes his hairstyle for his hearings. He continues to be noncompliant with regard to grooming standards and as you can see in his disciplinary record.
2. My copy of the appeal packet included both the 12/12/14 memo (2 pages) and the memo dated 12/16/14 (2 pages). Are you missing page 1 of the 12/16/14 memo?

Let me know! I will get you a copy.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Thursday, March 26, 2015 2:03 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** ECF-26147-14 (Fox, Javell 12B1626)

Good afternoon Tom,

Please address the following:

1. Did Fox keep changing his hairstyle before his hearings, or were the hairstyles described determined to be compliant with Directive #4914?? Every time I read a description about the hairstyles he had, be it the Captain's investigation report, the MBR, or the one in the grievance itself, it sounds like the hairstyle was a combination of two styles and non-compliant. But he was found not guilty of the charges related to his hair at both hearings.

2. I have the second page of a memo from Captain Webbe (not the original investigation report), which states "as for highlighting the specific parts of the directive..." and seems to reference the original investigation report. Could you provide me with the first page of that memo?

This case is scheduled to be heard by CORC on 4/15/15.

This is due back by **4/2/15 COB**. If you have any questions or concerns, please let me know.

Thank you,

# Chris VanBergen
Inmate Grievance Program Supervisor

Department of Corrections and Community Supervision
The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050
(518) 457 - 4467 I chris.vanbergen@doccs.ny.gov

0646

www.doccs.ny.gov

0647

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAVELL FOX,

           *Plaintiff,*     **DECLARATION**

      -against-             15-CV-0144

DIANE LABATTE,              LEK/RFT

            *Defendant.*

---

    JEFFERY HALE, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

    1.  I am the Assistant Director of the Inmate Grievance Program for the New York State Department of Corrections and Community Supervision ("DOCCS"). As such, I am fully familiar with the grievance procedure available to inmates for filing complaints in the DOCCS system. I submit this declaration based on personal knowledge and upon review of the applicable Regulations and DOCCS Directives.

    2.  As the IGP Assistant Director, I am the custodian of records maintained by the Central Office Review Committee (CORC), which is the body that renders the final administrative decisions under DOCCS' Inmate Grievance Program pursuant to 7 NYCRR § 701 *et seq.*

    3.  Though not named as a party to this lawsuit, I submit this declaration in support of defendants' motion for summary judgment.

1

**096**

4.   The inmate grievance process established by 7 NYCRR § 701.7 involves three steps: (1) complaint to the Inmate Grievance Resolution Committee (IGRC) at the individual facility; (2) appeal to the Superintendent of the facility; and (3) appeal to CORC.

5.   CORC is the final appellate level of the Inmate Grievance Program.

6.   DOCCS also provides for an expedited procedure for the review of grievances alleging harassment by DOCCS employees. NYCRR § 701.8. While the expedited procedure allows for direct forwarding of such a grievance to the superintendent of the facility, a prisoner must still appeal a negative determination to CORC before filing suit. *Id.* §§ 701.8(h) & (i). 701.5.

7.   When an inmate appeals a grievance to CORC, DOCCS Directive #4040 stipulates that it is Department policy to maintain grievance files for the current year and the previous four calendar years.   CORC maintains files of grievance appeals to CORC in accordance with the directive.   In fact, the CORC computer database contains records of all appeals of grievances received from the facility Inmate Grievance Program Supervisor, as well as those reviewed under the expedited procedure, which were heard and decided by CORC since 1990.   This database also contains a great deal of historical data with respect to appeals to CORC back to 1986, including data on many of the individual appeals.

8.   It is my understanding that plaintiff Javell Fox (DIN # 12-B-1626) brings this action against defendant Diane Labatte alleging that she interfered with his legal mail and failed to mail correspondence to public officials while he was incarcerated at Eastern Correctional Facility ("Eastern C.F.") in violation of his First Amendment rights.

9.   Complaints or issues such as this are a proper subject for a grievance under DOCCS grievance procedures as outlined at 7 NYCRR § 701.1 *et seq.*

2

10. I have conducted a diligent search for active and closed appeals filed by inmate Javell Fox (DIN # 12-A-3638) based on grievances denied at the facility level. Attached as **Exhibit A** is a true and correct copy of the computer printouts from the CORC database reflecting the results of that search.

11. As evidenced by **Exhibit A**, plaintiff has appealed one grievance to CORC titled "Harassment/Retaliation" and assigned case number ECF-26147-14. Attached as **Exhibit B** is a true and accurate copy of the grievance appeal packet filed with CORC.

12. This grievance was filed on December 10, 2014 and was scheduled to be heard on April 15, 2015.

13. CORC issued a decision with respect to plaintiff's grievance on April 29, 2015.

14. Based on my review of **Exhibit B**, the basis of plaintiff's original grievance with the IGRC, his appeal to the superintendent, and his appeal to CORC is that he was harassed and retaliated against by correction officers and was prevented from wearing a specific hairstyle in violation of his right to free exercise of religious expression. Plaintiff does not grieve the underlying issues in this cause of action, that defendant Labatte interfered with his legal mail and failed to mail correspondence to public officials.

15. I note that inmate Fox included documents concerning his allegation that defendant Labatte interfered with his legal mail and correspondence and that this is the first instance during the procedural history of this grievance that plaintiff raises this specific allegation.

16. In order for a matter to be properly before CORC, the grievant must raise the issue in his grievance filed with the IGRC and/or the superintendent, accordingly, these issues are not properly before CORC to review in this case.

3

0651

17. Because DOCCS records reflect that inmate Fox failed to appeal any grievance to CORC concerning the allegations contained in his complaint, I respectfully submit that defendant Labatte should be granted summary judgment based upon plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. 1997e(a).

Dated: May 12 , 2015
        Albany County, New York

                                        JEFFRY HALE

4

0652

| | Grievance Number | | | |
|---|---|---|---|---|
| | ECF-26147-14 | | Through Face 1/49 | Date Filed 12/10/14 |
| | Associated Cases | | | Hearing Date 4/29/15 |
| | Facility | | | |
| | Eastern NY Correctional Facility | | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Harassment/Retaliation | | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated

CORC notes that this matter has been properly investigated by the facility administration. CO W... randomly pat frisked the grievant on 12/7/14 and found a slit cut into the waistband of his pants. Sgt. C... directed CO W... to frisk the grievant's cell; he confiscated four similar pairs of pants and denies being unprofessional. CORC asserts that there is no requirement in Department policy for a sergeant to authorize a pat frisk, and notes that religious headwear must be removed during a frisk to allow security staff to visually inspect the hair. In addition, Lt. M... and Co C... both deny harassing the grievant or being otherwise unprofessional. It is noted that he was issued a misbehavior report on 12/9/14 because his hairstyle was non-compliant with Directive #4914 and he is currently keeplocked. Staff indicate that the grievant changes his hairstyle prior to disciplinary hearings to be in compliance, but changes it back after hearings are complete.

CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process and Section 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

CORC notes that the grievant may write to whomever he wishes regarding this complaint, as long as they are not on his Negative Correspondence and Telephone List. CORC advises him that he may initiate a Freedom of Information Law Request (FOIL) for consideration to obtain the documents he is requesting in accordance with existing facility procedures, and to address safety matters to area supervisory staff.

With respect to the grievant's appeal, CORC notes that he did not identify any witnesses in either the instant complaint or upon interview with Captain W... on 12/12/14 and finds insufficient evidence of malfeasance by staff. He is advised to address correspondence issues to mailroom staff, and medical concerns via sick call.

CMV/rjq

---------------------------------------------------------------------

---------------------------------------------------------------------

This document has been electronically signed by Jeffery A. Hale

0653

**Vanbergen, Chris M (DOCCS)**

| | |
|---|---|
| From: | Mauro, Thomas A (DOCCS) |
| Sent: | Tuesday, April 28, 2015 11:56 AM |
| To: | Vanbergen, Chris M (DOCCS) |
| Subject: | FW: ECF 26147-14, FOX, 12B1626 |

I should also note that for some reason the grievant darkened his photocopied signature and the date on the original copy of this 12/29/14 document.

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Tuesday, April 28, 2015 11:50 AM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

I reviewed the folder from IGRC office as well. There were no previous pages dated 12/29/14 contained in that folder either. This was one of the many copies of documents submitted by the grievant as part of his appeal for ECF 26147-15. Everything else was accounted for. I also checked the folders for ECF 26198-15. This "last page" dated 12/29/14 was not part of that grievance either. I will add a copy of the document in question to that folder (ECF 26198-15) as it pertains to the issue with his advance requests. It should be noted to date I have not received an appeal for ECF 26198-15 to CORC for Supt. response dated 4/9/15.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Monday, April 27, 2015 4:06 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

Okay, thank you Tom.
Chris

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Monday, April 27, 2015 2:54 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

I see what you are referring to. I don't have anything in my folder. I will check out back to see if any preceding pages were submitted by the grievant dated 12/29/14 that are in context with line 1.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Monday, April 27, 2015 1:49 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

Good afternoon Tom,

1

0654

I'm basically done with the initial review of this case, but it looks like I am also missing part(s) of one of his CORC appeals. I have the last page of one that is dated 12/29/14, and begins "...is instructing the mailroom to hold my mail pertaining to the real issues...". Could you provide me with any other pages for this appeal at your earliest convenience?

This case is scheduled to be heard by CORC on 4/29/15.

Thank you!

Chris

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 12:10 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** FW: ECF 26147-14, FOX, 12B1626

Hi Chris,

Request is attached. Have a good weekend! FYI-I don't return to work until Wednesday 4/1/15.

Tom

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 11:06 AM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** ECF 26147-14, FOX, 12B1626

2

0655

**Vanbergen, Chris M (DOCCS)**

| | |
|---|---|
| **From:** | Mauro, Thomas A (DOCCS) |
| **Sent:** | Tuesday, April 28, 2015 11:50 AM |
| **To:** | Vanbergen, Chris M (DOCCS) |
| **Subject:** | RE: ECF 26147-14, FOX, 12B1626 |

I reviewed the folder from IGRC office as well. There were no previous pages dated 12/29/14 contained in that folder either. This was one of the many copies of documents submitted by the grievant as part of his appeal for ECF 26147-15. Everything else was accounted for. I also checked the folders for ECF 26198-15. This "last page" dated 12/29/14 was not part of that grievance either. I will add a copy of the document in question to that folder (ECF 26198-15) as it pertains to the issue with his advance requests. It should be noted to date I have not received an appeal for ECF 26198-15 to CORC for Supt. response dated 4/9/15.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Monday, April 27, 2015 4:06 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

Okay, thank you Tom.
Chris

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Monday, April 27, 2015 2:54 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

I see what you are referring to. I don't have anything in my folder. I will check out back to see if any preceding pages were submitted by the grievant dated 12/29/14 that are in context with line 1.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Monday, April 27, 2015 1:49 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

Good afternoon Tom,

I'm basically done with the initial review of this case, but it looks like I am also missing part(s) of one of his CORC appeals. I have the last page of one that is dated 12/29/14, and begins "...is instructing the mailroom to hold my mail pertaining to the real issues...". Could you provide me with any other pages for this appeal at your earliest convenience?

This case is scheduled to be heard by CORC on 4/29/15.

Thank you!

1

0656

Chris

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 12:10 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** FW: ECF 26147-14, FOX, 12B1626

Hi Chris,

Request is attached.  Have a good weekend!  FYI-I don't return to work until Wednesday 4/1/15.

Tom

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 11:06 AM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** ECF 26147-14, FOX, 12B1626

2

0657

**Vanbergen, Chris M (DOCCS)**

From:        Mauro, Thomas A (DOCCS)
Sent:        Monday, April 27, 2015 2:54 PM
To:          Vanbergen, Chris M (DOCCS)
Subject:     RE: ECF 26147-14, FOX, 12B1626

I see what you are referring to.  I don't have anything in my folder.  I will check out back to see if any preceding pages were submitted by the grievant dated 12/29/14 that are in context with line 1.

Tom

From: Vanbergen, Chris M (DOCCS)
Sent: Monday, April 27, 2015 1:49 PM
To: Mauro, Thomas A (DOCCS)
Subject: RE: ECF 26147-14, FOX, 12B1626

Good afternoon Tom,

I'm basically done with the initial review of this case, but it looks like I am also missing part(s) of one of his CORC appeals.  I have the last page of one that is dated 12/29/14, and begins "…is instructing the mailroom to hold my mail pertaining to the real issues…".  Could you provide me with any other pages for this appeal at your earliest convenience?

This case is scheduled to be heard by CORC on 4/29/15.

Thank you!

Chris

From: Mauro, Thomas A (DOCCS)
Sent: Friday, March 27, 2015 12:10 PM
To: Vanbergen, Chris M (DOCCS)
Subject: FW: ECF 26147-14, FOX, 12B1626

Hi Chris,

Request is attached.  Have a good weekend!  FYI-I don't return to work until Wednesday 4/1/15.

Tom

From: Mauro, Thomas A (DOCCS)
Sent: Friday, March 27, 2015 11:06 AM
To: Mauro, Thomas A (DOCCS)
Subject: ECF 26147-14, FOX, 12B1626

0658

## Vanbergen, Chris M (DOCCS)

| | |
|---|---|
| **From:** | Mauro, Thomas A (DOCCS) |
| **Sent:** | Tuesday, April 28, 2015 11:56 AM |
| **To:** | Vanbergen, Chris M (DOCCS) |
| **Subject:** | FW: ECF 26147-14, FOX, 12B1626 |

I should also note that for some reason the grievant darkened his photocopied signature and the date on the original copy of this 12/29/14 document.

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Tuesday, April 28, 2015 11:50 AM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

I reviewed the folder from IGRC office as well. There were no previous pages dated 12/29/14 contained in that folder either. This was one of the many copies of documents submitted by the grievant as part of his appeal for ECF 26147-15. Everything else was accounted for. I also checked the folders for ECF 26198-15. This "last page" dated 12/29/14 was not part of that grievance either. I will add a copy of the document in question to that folder (ECF 26198-15) as it pertains to the issue with his advance requests. It should be noted to date I have not received an appeal for ECF 26198-15 to CORC for Supt. response dated 4/9/15.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Monday, April 27, 2015 4:06 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

Okay, thank you Tom.
Chris

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Monday, April 27, 2015 2:54 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

I see what you are referring to. I don't have anything in my folder. I will check out back to see if any preceding pages were submitted by the grievant dated 12/29/14 that are in context with line 1.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Monday, April 27, 2015 1:49 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

Good afternoon Tom,

0659

I'm basically done with the initial review of this case, but it looks like I am also missing part(s) of one of his CORC appeals. I have the last page of one that is dated 12/29/14, and begins "...is instructing the mailroom to hold my mail pertaining to the real issues...". Could you provide me with any other pages for this appeal at your earliest convenience?

This case is scheduled to be heard by CORC on 4/29/15.

Thank you!

Chris

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 12:10 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** FW: ECF 26147-14, FOX, 12B1626

Hi Chris,

Request is attached. Have a good weekend! FYI-I don't return to work until Wednesday 4/1/15.

Tom

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 11:06 AM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** ECF 26147-14, FOX, 12B1626

0660

**Vanbergen, Chris M (DOCCS)**

| | |
|---|---|
| From: | Mauro, Thomas A (DOCCS) |
| Sent: | Tuesday, April 28, 2015 11:50 AM |
| To: | Vanbergen, Chris M (DOCCS) |
| Subject: | RE: ECF 26147-14, FOX, 12B1626 |

I reviewed the folder from IGRC office as well. There were no previous pages dated 12/29/14 contained in that folder either. This was one of the many copies of documents submitted by the grievant as part of his appeal for ECF 26147-15. Everything else was accounted for. I also checked the folders for ECF 26198-15. This "last page" dated 12/29/14 was not part of that grievance either. I will add a copy of the document in question to that folder (ECF 26198-15) as it pertains to the issue with his advance requests. It should be noted to date I have not received an appeal for ECF 26198-15 to CORC for Supt. response dated 4/9/15.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Monday, April 27, 2015 4:06 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

Okay, thank you Tom.
Chris

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Monday, April 27, 2015 2:54 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

I see what you are referring to. I don't have anything in my folder. I will check out back to see if any preceding pages were submitted by the grievant dated 12/29/14 that are in context with line 1.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Monday, April 27, 2015 1:49 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

Good afternoon Tom,

I'm basically done with the initial review of this case, but it looks like I am also missing part(s) of one of his CORC appeals. I have the last page of one that is dated 12/29/14, and begins "...is instructing the mailroom to hold my mail pertaining to the real issues...". Could you provide me with any other pages for this appeal at your earliest convenience?

This case is scheduled to be heard by CORC on 4/29/15.

Thank you!

0661

Chris

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 12:10 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** FW: ECF 26147-14, FOX, 12B1626

Hi Chris,

Request is attached. Have a good weekend! FYI-I don't return to work until Wednesday 4/1/15.

Tom

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 11:06 AM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** ECF 26147-14, FOX, 12B1626

0662

**Vanbergen, Chris M (DOCCS)**

| | |
|---|---|
| **From:** | Mauro, Thomas A (DOCCS) |
| **Sent:** | Monday, April 27, 2015 2:54 PM |
| **To:** | Vanbergen, Chris M (DOCCS) |
| **Subject:** | RE: ECF 26147-14, FOX, 12B1626 |

I see what you are referring to. I don't have anything in my folder. I will check out back to see if any preceding pages were submitted by the grievant dated 12/29/14 that are in context with line 1.

Tom

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Monday, April 27, 2015 1:49 PM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** RE: ECF 26147-14, FOX, 12B1626

Good afternoon Tom,

I'm basically done with the initial review of this case, but it looks like I am also missing part(s) of one of his CORC appeals. I have the last page of one that is dated 12/29/14, and begins "...is instructing the mailroom to hold my mail pertaining to the real issues...". Could you provide me with any other pages for this appeal at your earliest convenience?

This case is scheduled to be heard by CORC on 4/29/15.

Thank you!

Chris

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 12:10 PM
**To:** Vanbergen, Chris M (DOCCS)
**Subject:** FW: ECF 26147-14, FOX, 12B1626

Hi Chris,

Request is attached. Have a good weekend! FYI-I don't return to work until Wednesday 4/1/15.

Tom

**From:** Mauro, Thomas A (DOCCS)
**Sent:** Friday, March 27, 2015 11:06 AM
**To:** Mauro, Thomas A (DOCCS)
**Subject:** ECF 26147-14, FOX, 12B1626

0663

 **NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

### MEMORANDUM

TO:     Office of Special Investigations

FROM:   Karen Bellamy, Director, Inmate Grievance Program

DATE:   July 8, 2015

SUBJ:   CORC Decision:  ECF-26217-15

---

The attached decision is forwarded to you for **information**.

CORC notes that the grievant (J. Fox, #12-B-1626) filed a grievance regarding a matter that is currently being investigated by your office under case #SCU-15-0123.  A copy is being forwarded for whatever action is deemed necessary.


KRB/cl
Attachment

cc:   Grievance File - ECF-26217-15
      William Lee, Superintendent, Eastern NY Correctional Facility
      Thomas Mauro, IGP Supervisor, Eastern NY Correctional Facility

NYS DEPT OF
CORRECTIONS AND
COMMUNITY SUPERVISION

### Eastern NY Correctional Facility
### CASE HISTORY AND RECORD

RECEIVED
INMATE GRIEVANCE

**GRIEVANCE:** ECF #26217-15

**NAME:** Fox, Javell

**DIN:** 12B1626

**TITLE:** Alleges Retaliation/Sexual Harassment

**INSTITUTIONAL/DEPARTMENTAL CODE:** I-49

**DATE FILED:** 2/23/15

**IGRC HEARING DATE:** None

**SUPERINTENDENT DATE:** 4/21/15

**APPEAL DATE:** 4/22/15

**INVESTIGATION**

**IGRC INVESTIGATION DATE:** _____

**FACILITY POLICY #** _____

**SUPERVISIOR DATE:** _____

**EMPLOYEE DATE:** _____

**PRIOR CORC:** _____

**OTHER:** _____

_____
**Mr. Mauro, IGP Supervisor**

112

0665

## EASTERN NEW YORK CORRECTIONAL FACILITY
## CASE HISTORY

**NAME:** Fox, Javell, Din# 12B1626 (2)    **CODE:** I-49
**ECF:** #26217-15    **REFERANCE:**
**TITLE:**  Alleges   Retaliation/Sexual    **SUPT.:** W. Lee
Harassment

**GRIEVANCE**: [February 12 & 24, 2015] Grievant files multiple complaints regarding his interaction with staff and suggests that he is being targeted because he has filed grievances in the past. In one complaint which allegedly took place on 12/10/15 he claims that C.O. Rodriguez "told [him he's] looking sexy" and felt it was sexual harassment. In another complaint which does not indicate when the incident allegedly occurred, he claims that Sgt. Cerciari intimidated and threatened him when he was suppose to be investigating his complaint. On another complaint which allegedly happened on 1/26/15 and 1/27/15 he claims that C.O. Cruz used profane language towards him. On 1/27/15 the C.O. Cruz sexually assaulted him during a pat frisk and read his legal mail. Grievant also accuses C.O. Kozak of falsifying a misbehavior report on 1/30/15 in retaliation for the grievance he filed against C.O. Cruz. Grievant claims he is afraid for his life, and that C.O. Cruz was drunk on alcohol when the incident occurred.

### ACTION REQUESTED:

    1) Grievant wants employees arrested for violating the law;
    2) he wants to be moved from West Wing where C.O. Cruz is stationed;
    3) he wants protective custody because he fears for his life;
    4) he wants to see a mental health professional;
    5) he wants the Sgt. to be demoted.

**INVESTIGATION**: The investigation included an interview with the grievant and identified staff: staff denies all claims made against them.

**RESPONSE OF IGRC**: None.

**SUPERINTENDENTS RESPONSE**: [April 21, 2015] Grievance is Denied. The superintendent rejects all of the grievant's claims and accepts the denials of his staff.

**APPEAL TO CORC**: [April 22, 2015] Grievant asserts his claims and adds that the superintendent is "covering up for officer."

### APPEAL CLERK

0666

| NEW YORK STATE Corrections and Community Supervision | Grievance Number ECF-26217-15 | Desig./Code I/49 | Date Filed 2/23/15 |
| | Associated Cases | | Hearing Date 7/8/15 |
| ANDREW M. CUOMO          ANTHONY J. ANNUCCI | Facility Eastern NY Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Retaliation/Sexual Harassment | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED AS WITHOUT MERIT

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied as without merit. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that Officer R... denies making sexual comments to the grievant on 12/10/14, Officer K... denies writing a false misbehavior report on 1/30/15, and Sergeant C... denies threatening or intimidating him on 2/12/15. In addition, Officer C... denies verbally harassing him, reading his legal paperwork or dragging his personal property on the floor on 1/26/15, or pat frisking him in a sexual manner on 1/27/15 and 2/12/15. CORC notes that his allegations of voyeurism and inappropriate touching during a 2/12/15 personal search are currently being investigated by the Office of Special Investigations. CORC finds insufficient evidence of retaliation or malfeasance by staff.

CORC notes that Directive #4040, § 701.1, states, in part, that the grievance program is not intended to support an adversary process, and upholds the discretion of the Superintendent to assign supervising security staff to conduct grievance investigations. CORC asserts that the dismissal of a misbehavior report or charges in a report does not necessarily mitigate the circumstances of the incident, confirm malfeasance by staff, or call in to question the appropriateness of issuing the report as a means of documenting what transpired. CORC also asserts that there is no provision in Department policy for an inmate to request protective custody from staff, and that the grievant is not entitled to house where he chooses. It is noted that he was moved from the West Wing to B block, effective 3/27/15.

In regard to the grievant's appeal, CORC upholds the discretion of facility staff to determine when to conduct a pat frisk. He should address security issues to an area supervisor at the time of the incident and mental health concerns to OMH staff.

RAS/cl

-------------------------------------------------------------------------------------

-------------------------------------------------------------------------------------

This document has been electronically signed by Jeffery A. Hale

0667

JAvell Fox  R81626  WEST WING 22-4
2/12/15

(44)

Alleges Retaliation
Sexual Harrassment
a Unprofessional
Behavior

GRIEVANCE No  76217-15

EASTERN CORRECTIONAL FACILITY

Employee MANUEL §3 ( 3.4  FAISIFICation
OF RECOEDS

On January 30 2015 Ia was written a
Misbehavior report by officer Kozek, officer
Kozak wrote the Misbehavior Report in
Retaliation of me using the Grievance process
against his peers on in Paticular officer Cruz.
On February 12,2015 I was found not
guilty of the Misbehavior report. officer
Kozak is Malicious, And a Criminal.

Javell Fo

Action Requestes

OFFICER KOZAk needs To De
ARRESTED, And I need To be moved
from WEST WING,

0668

JAVELL FOX   RB1624   WEST WING 22-4
DATE February 12, 2015

Grievance No. 76217-15

EASTERN CORRECTIONAL FACILITY

On January 26, 2015 I was moved
to WEST WING. I DONT know why.
Since I've been on west wing I've
been Harassed and sexually Harassed.
I was moved to WEST WING (the only
reason I could think of) as punishment,
a officer that control the block is
a officer that I've written 2 prior
grievances on, who would move me to A
block with a officer that I've written
2 prior grievances on and it had to be an
investigation because of it.

Javell F

Action Requested
To Be moved from WEST WING

116

0669

Javell Fox  12B1626    West wing 22-4        2/2/7-15

2-12-15

EASTERN CORRECTIONAL FACILTY       Grievance No

SGT Cerciari Fails To Do investigation.
he tells me if this was 1998 he would
Drag me out of the cell and whatever
happens, happens. he allows officers to
do whatever they want and he covers
up for them. and he trys to intimidate
me to stop me from using the grievance
system.

                                        Javell Jr

Action Requested

Sgt Cericiari should be Demoted, I request
to be moved From west wing where
he supervises, and to never have him in-
vestigate none of my claims

0670

Javell FOX  12B1626   WW 22-04

February 24, 2014

26217-15

Consolidate

Grievance No,

EASTERN CORRECTIONAL FACILITY

EMPLOYEES MANUEL § 2
CONDUCT AND ACTIVITIES OF EMPLOYEES

2.2   Lawful comportment

Dated the February 12, 2015 in a
a complaint stating 2.18 sexual abuse
I made superintendant aware that
I was sexually violated by officer
cruz pulling the back of my pants
down, rubbing against my Buttocks, and
rubbing my thighs and Groping my
penis and testicles. I requested to be
moved from west wing where officer
cruz is the escort officer, However
I've been left around the officer that
violated my manhood and who comes to
work Drunk, not in an alert state
of mind. why I'm I being left in west
wing around this officer who violated
me. I request to be moved immediately

26217-15

Jamell I.

Action Requested

TO BE MOVED FROM VEST WING
AWay from Officer Cruz or placed
In Protective custody under officer
Cruz.

0672

Javell Fox 12B1626   west wing 22-4   26917-;
Febavary 12-2015

On 12-10-15 officer Rodriguez
told me I'm looking Foxy, this is
A Homosexual Comment, And I'm Furious
At his Advances.

Javell F7

Action Reqvested.

To Be Removed From west wing
And Officer Rodriguer Arrested
And Fired.

**120**

0673

JAVELL FOX 12B1626    West Wing 22-4    2B217-15
2-12-15

Grievance No

EASTERN CORRECTIONAL FACILITY

Officer Cruz on the Above date conduc-
ted a pat frisk supposedly for safety and
security before I entered the room for
a Hearing. Officer Cruz Had me stand
in a wet spot and told me to spreed
my legs he made me step back then he
began to pull the back of my pants down.
he stepped in between my legs and leaned
against my Buttocks, then he patted up my
legs rubbing My thigh and groping my penis
and testicles then he stated, "he forgot my
pussy hurt. Officer Cruz smelled like Alchohol.
he was Drunk. these are violatrons of employ.
manuel section 2.12, 2.18 conduct and activi-
ties of employees, this is sick behavior and I'm
not gonna tolerate it no more. I don't feel safe.
he also was kicking my feet.       Javell Fo

Action requested:
I request that officer Cruz be Arrested, he's
constantly staring in my assigned cell at times
when there is no reason to, these are Homo-
sexual activitys and I've seen violates.
I request to be moved from west wing or this whole
                          I request to see mental Health.

Javell Fox   12B1626   West Wing 22-4
February 12, 2015

Grievance No 76217-15

EASTERN CORRECTIONAL FACILITY

On January 26, 2015 officer Cruz told
me to get the fuck in my cell, he
DRAGGED my Blanket on the DIRTY floor.
On January 27, 2015 I had a Call out,
he frisked me in A Sexual way, but
aggressive, he Rubbed up my testicles
and pulled my Legs. the he Read my
legal mail. this officer is insane.

Javell Fox

Action Requested

FOR OFFICER Cruz to be ARRESTED
AND FIRED AND FOR ME TO be MOVED FROM
WEST WING.

0675

| GRIEVANT | DIN # | HOUSING UNIT |
|---|---|---|
| FOX, JAVELL | 12B1626 | B3-29-001 |

| | | GRIEVANCE NO. | DATE FILED |
|---|---|---|---|
| **NEW YORK STATE** Corrections and Community Supervision | | 26217-15 | 2/23/15 |
| | | FACILITY Eastern Correctional Facility | POLICY DESIGNATION I |
| **INMATE GRIEVANCE PROGRAM** | | TITLE OF GRIEVANCE Alleges Retaliation/Sexual Harassment | CLASS CODE 49 |
| SUPERINTENDENT WILLIAM A. LEE | | SUPERINTENDENT'S SIGNATURE | DATE 4/21/15 |

Grievant alleges retaliation and sexual harassment.

The investigation included an interview with the grievant and identified staff. During the interview grievant provided no evidence or witnesses to corroborate his grievance. Staff recollected pat frisking the grievant in accordance with DIR # 4910 but denied the allegations of unprofessional behavior. The grievant was again reminded to come into compliance regarding his hairstyle. Based on this information there is no evidence to substantiate this grievance.

***Grievance is denied.

WL: AR/ tm

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign and date below and return this copy your Inmate Grievance Clerk to the IGRC Office. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C..

Correction Staff Had no reason to frisk me first of all, because I get frisked before the Hearing start in the Hearing office. correction Staff have many or numerous complaint of Harassment and probably sexual Harassment. Sexual Harassment touch of my penis and testicle is not proper superintendant is covering up for officer.

GRIEVANT'S SIGNATURE   Javell Fox   4/22/15   DATE

GRIEVANCE CLERK'S SIGNATURE   DATE 4-24-15

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g).

0676



## Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

To:        Supt. W. Lee

From:    Lt. E. Madison

Subject:  Grievance # 26217-15 submitted by inmate Fox, J 12B1626

Sir:

I have interviewed inmate Fox in regard to his complaints filed on various Officers and Sergeant Ciorciari. Inmate Fox stated to me that he had no witnesses for me to interview and had no further statements to provide. During my interview and questions in regard to said complaints inmate Fox was uncooperative and refused to answer any questions.

I have also interviewed Sergeant Ciorciari and the following Officers obtaining responses from each that inmate Fox has submitted complaints against; W. Kozack, S. Cruz, M. Rodriguez as well as a response from Sergeant P. Barg.

I find no merit in the submitted grievance by inmate Fox, he was unable to support any claim against staff. His failure to cooperate with the investigation into his submitted complaints further supports my findings. Furthermore inmate Fox's failure to comply with staff direction on a continuous basis further substantiates my reasons for finding no merit in this complaint. His attempt to utilize the grievance system for his failure to follow staff direction is evident based upon the amount misbehaviors reports he has received recently.

Respectfully submitted

*Lt. E. Madison*

Lt. E. Madison

Eastern NY Correctional Facility, 30 Institution Road, P.O. Box 338, Napanoch, NY 12458-0338 | (845) 647-7400 | www.doccs.ny.gov

0677



26707-15

STATE OF NEW YORK
## DEPARTMENT OF CORRECTIONS
## AND COMMUNITY SUPERVISION
### EASTERN NEW YORK CORRECTIONAL FACILITY

**ANTHONY J. ANNUCCI**
ACTING COMMISSIONER

PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

**WILLIAM A. LEE**
SUPERINTENDENT

TO:     A. Russo, DSS.

From:   A. Ciorciari, Sgt.

RE:     Fox-12B1626 complaint

Date:   2/3/15

Sir,

In the above mentioned inmates complaint, inmate Fox-12B1626 alleges that Officer S. Cruz has been harassing him by using insolent language and by dragging his property on the dirty floor. He also alleges that Officer S. Cruz had him stretch his legs out too far and lean forward during a pat frisk in which this inmate stated Officer Cruz rubbed his hands roughly across his penis and testicles. This inmate had also made allegations of not being afforded opportunities to take keeplock showers.

I interviewed this inmate on 2/3/15 at approximately 10:30am at his cell 21-29. He stands by this complaint as factual, offering no evidence, witnesses, or any further information to support his allegations.

I spoke with Officer S. Cruz who stated to me that he never dragged this inmates property on any floor. He also stated to me that he never harassed this inmate by using abusive or insolent language while dealing with him. Officer Cruz did infact conduct a pat frisk on this inmate upon entering his call out. Officer Cruz did state that he ordered the inmate to put his hands on the wall on step back so he could perform a pat frisk. He added that at no time did he have to inmate step back too far. He also stated at no time did he ever rub his hands roughly over inmate Fox's penis or testicles. The pat frisk was done in accordance with directive 4910, page 3, section B. Officer Cruz told me he at no time denied this inmate a chance to take a shower.

Prior to inmate Fox's transfer from South Hall to West Wing, Officer Rziemiencki offered this inmate a keeplock shower at approximately 10:30am. Inmate Fox refused the shower and it was logged in the block log book.

Based on my investigation, information retrieved from the log book, and staff memorandums, I find no evidence to substantiate the allegations fabricated by this inmate. Inmate Fox attempted to manipulate staff by refusing a shower in South Hall and file a complaint that he was denied a shower in West Wing. Officer Cruz conducted himself in a professional manner at all times while dealing with this inmate. Lastly, I find this complaint to be baseless and without any merit.

Respectfully submitted,

Sgt. A. Ciorciari

0678



**NEW YORK STATE**

## Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

To: Lieutenant Madison

From: Correction Officer W. Kozack

Subject: Inmate Fox   Din # 12B1626

Date: 3/13/15

---

On January 30th, 2015, I, CO Kozack, wrote a misbehavior report on Inmate Fox Din #12B1626 because he was excerising with his cane in the West Wing Keep Lock Yard. According to the medical restriction report written by Dr. Andola, Inmate Fox was issued a cane because he had a bad back and was not allowed because medical restriction stated "no excerising Allowed." I, CO Kozack, am not aware of any prior grievances made toward other West Wing officers.

Respectfully submitte
Correction Officer W. Koza
Correction Officer W. Kozack

Eastern NY Correctional Facility, 30 Institution Road, P.O. Box 338, Napanoch, NY 12458-0338 | (845) 647-7400 | www.doccs.ny.gov

0679

## STATE OF NEW YORK
### DEPARTMENT OF CORRECTIONAL SERVICES
### EASTERN CORRECTIONAL FACILITY

TO : SGT. BARG

FROM : C/O M. RODRIGUEZ

SUBJECT: INMATE FOX 12B1626 (22-4)

DATE : 3/16/15

     I OFFICER M. RODRIGUEZ WAS NOT WORKING IN WEST WING ON 12/10/15. AT NO TIME I MADE ANY COMMENTS OR ADVANCES TOWARD INMATE FOX 12B1626.

     RESPECTfully
Submitted,
M. Rodriguez

127

0680



**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

**To: Lt. E. Madison**

**From: P. Barg Sergeant**

**Subject: Fox 12B1626 conduct grievance#26217-15**

**Date: March 20, 2015**

Sir:

I have conducted an investigation into inmate Fox's 12B1626 4 combined grievances and can not find any merit or substance to this inmate's allegations. I interviewed the inmate and he nothing to add or retract from any of the grievances. I asked the inmate if he had any witnesses to the alleged incidents and he claimed to. When asked to supply names so I could interview them he stated they don't want to talk to security. He additionally stated that he needs to be protected from staff.

I interviewed Officer M. Rodriguez and he stated that he has made no comments or advances towards inmate Fox. He additionally stated that he has not had the opportunity to work in West Wing on 12-10-15 since it has not occurred yet. If the inmate meant 12-10-14 and he is only reporting it on 2-12-15 the grievance is untimely.

I also interviewed Officer Cruz about the allegations and he denies all of them. He pat frisked the inmate prior to a tier Hearing which is good correction practice according to Directive 4910. He has also ordered the inmate to come into compliance with grooming standards due to his hair style. The inmate refused and he was written up by Officer Cruz which I feel why these allegations are being brought.

Finally the one thing that carries all the way through all 4 of the grievances is that the inmate does not like the fact that he houses in West Wing.

**Respectfully Submitted**

P. Barg Correction Sergeant



**Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

To: Lt. E. Madison

From: Sgt. A. Ciorciari

Subject: Inmate Fox 12B1626 grievance 26217-15

Date: 3/25/15

Sir,

On the date in question, 2/12/15, I did in fact interview the above named inmate in regards to one of his complaints. I asked the inmate a series of questions that pertained to the nature of his allegations towards staff. At no time during that interview did I ever mention to this inmate what he alleges. I never stated if this was 1998 I would drag him out of his cell and whatever happens, happens. I do not allow Officers to do whatever they want, nor do I cover up for them. I have never tried to intimidate this inmate or any other inmate.

This inmate filed a complaint on 2/12/15 alleging the same accusations. That complaint was answered by me on 2/20/15. It is this writer's belief this inmate is attempting to manipulate staff and the grievance system by repeatedly filing the same grievance.

As a supervisor I have never conducted myself in any manner that could be considered unprofessional and or disrespectful towards any inmate or staff member. To state that I have acted inappropriate and or confrontational is a complete misrepresentation of myself, and the level of professionalism I display while on duty.

Respectfully Submitted,

Sgt. A. Ciorciari

Eastern NY Correctional Facility, 30 Institution Road, P.O. Box 338, Napanoch, NY 12458-0338 | (845) 647-7400 | www.doccs.ny.gov

129

 **NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

To:       Lt. C. Haugen

From:   Sgt. A. Ciorciari

Subject:  Fox-12B1626 complaint

Date:     2/20/15

Sir,

On 2/12/15, I did in fact interview this above named inmate in regards to one of his previous complaints. During that interview, I asked the inmate several questions in regards to his complaint. I never at any time stated that back in 1998 he would have been dragged out of his cell and whatever happened, happened. I conducted myself in professional manner throughout the interview with this inmate.

Respectfully Submitted,

Sgt. A. Ciorciari

 **NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## M E M O R A N D U M

**To:** Sgt. Barg

**From:** C.O. S. Cruz

**Subject:** Fox 12B1626 Grievance# 26217-15

**Date:** 03/21/15

On January 26, 2015 Inmate Fox 12B1626 was South Hall to West Wing and was in Keeplock status. I never harassed or sexually harassed inmate Fox. One of my duties as the West Wing #2 officer is to assist the #1 officer and maintain movement on and off the block. I don't no why inmate Fox was moved to West Wing that is controlled by the movement Sergeant. While on duty at Eastern Correctional Facility I conduct my self in a professional manner at all times.

Respectfully Submitted,

C.O. S. Cruz

0684



## Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

### M E M O R A N D U M

**To:** Sgt. Barg

**From:** C.O. S. Cruz

**Subject:** Inmate Fox 12B1626 Grievance #26217-15

**Date:** 03/16/15

On January 26, 2015 I C.O. S. Cruz was on duty as the #2 officer in West Wing. Inmate Fox did move to 21-29 cell from South Hall. I did help inmate Fox move his property due to the fact inmate Fox was walking with a cane. I picked inmate Fox's mattress up and never dragged it on the floor. When I unlocked inmate Fox's cell I didn't say or use any obscene vulgarity towards inmate Fox. All these allegations inmate Fox has stated are all false. I did escort Inmate Fox to the guard room floor for a call out. Before entering his call out I conducted a pat frisk on him and his personal property (envelope with legal paper work in it) per Directive# 4910. At no time have I harassed, or deny him a keep lock shower. While on duty at Eastern Correctional Facility I conduct myself in a professional manner at all times.

Respectfully Submitted,

C.O. S. Cruz

0685

 **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## M E M O R A N D U M

**To:**  Sgt. Barg

**From:**  C.O. S. Cruz

**Subject:**  Inmate Fox 12B1626 Grievance #26217-15

**Date:**  03/16/15

On 2/12/15 I, Officer S. Cruz, escorted Inmate Fox 12B1626 to West Wing court. To maintain safety all keep lock Inmates are pat frisked before being escorted out of the block. I did not grope, rub or pat frisk Inmate Fox in a sexual manner. The pat frisk was conducted in compliance with Directive #4910. I did not kick Inmate Fox's feet, pull down his pants or try to provoke him in any manner. At no time did I make inappropriate comments to Inmate Fox. While on duty at Eastern Correctional Facility I conduct myself in a professional manner at all times.

Respectfully Submitted,

S. CRUZ

133

0686

**EASTERN NEW YORK CORRECTIONAL FACILITY**
**NAPANOCH, NEW YORK 12458**
**INTERDEPARTMENTAL COMMUNICATION**

**DATE: 2/23/15**

TO:     W. LEE, Superintendent

FROM:   T. MAURO, Inmate Grievance Supervisor

SUBJ.:  **PERSONAL CONDUCT – <u>ECF# 26217-15</u>**

Per Directive #4040, please review the attached grievance that is being forwarde
to your office for Code determination.

____: Not considered Code 49, process as a regular grievance

_⋈_: Process as Code 49, Staff Conduct

*& Copy to DSS —*

Superintendent _____

Dated _____2/23/15_____

134

0687

9:16:32 Monday, June 29, 2015

```
06/29/15                       LOCATOR SYSTEM                       KLOCM6B
                       INTERNAL MOVEMENT HISTORY DISPLAY
                              99 CENTRAL OFF
  DIN 12-B-1626   NYSID 09387063-Y  FACILITY EASTERN GEN    LOCATION B3-29-001
     NAME FOX, JAVELL                           DOB 10/26/82   SEX M   E/R NB


                      EFFECTIVE     DATE
          FACILITY      DATE      ENTERED     FROM            TO
       EASTERN GEN     12/23/14   12/23/14   SH-12-018     HS-02-I01
                       12/26/14   12/26/14   HS-02-I01     SH-12-018
                       12/26/14   12/26/14   SH-12-018     SH-16-004
                       01/08/15   01/08/15   SH-16-004     SH-16-002
                       01/26/15   01/26/15   SH-16-002     WW-21-29S
                       02/04/15   02/04/15   WW-21-29S     WW-22-004
                       03/27/15   03/27/15   WW-22-004     B3-29-001




                  **  AT END OF REQUESTED HISTORY SCAN  **
    <ENTER> CONTINUE   <PF3> EXIT(FUNCTION)   <PF4> RETURN   <CLEAR> EXIT(SYSTEM)
                  <PF7> SCROLL BACKWARD   <PF8> SCROLL FORWARD
```

0688

```
9:14:00 Monday, June 29, 2015

06/29/15  CIGRRAS            DISCIPLINARY SYSTEM                KDCPM40
09:13:56  CINSN021           990     CENTRAL OFFICE               PAGE    4
                        DISCIPLINARY INCIDENT SUMMARY      MANUAL RECS N

DIN:  12B1626   NYSID: 09387063Y NAME:  FOX, JAVELL
CURRENT FACILITY:  100  EASTERN GEN   CURRENT HOUSING LOCATION:  B3-29-001
-----------------------------------------------------------------------
TIER 2  INCIDENT: 03/06/15 09:00 AM  CO   CRUZ, S R        EASTERN GEN
        HEARING : 03/20/15 10:20 AM  LT   SIMMONS, K D      EASTERN GEN
        APPEAL  : 03/26/15 AFFIRMED  DSS  RUSSO             EASTERN GEN
118.30 UNTIDY              106.10 DIRECT ORDER
    30D KEEPLOCK     RECREATION   PACKAGE     SERVICE DTES 03/20/15 04/19/15
    30D COMMISSARY   PHONE        SPEC EVENT  SERVICE DTES 03/20/15 04/19/15
-----------------------------------------------------------------------




                                        NEXT DIN:

<CURSOR + ENTER> INC DETAIL
<ENTER>     <PF3>  EXIT(FUNCT)    <PF7>  BACKWARD    <CLEAR>  EXIT(SYSTEM)
```

0689

3:14:04 Monday, June 29, 2015

```
06/29/15  CIGRRAS              DISCIPLINARY SYSTEM               KDCPM40
09:14:01  CINSN021          990    CENTRAL OFFICE                PAGE    5
                         DISCIPLINARY INCIDENT SUMMARY    MANUAL RECS N

DIN:  12B1626   NYSID: 09387063Y  NAME:  FOX, JAVELL
CURRENT FACILITY:  100  EASTERN GEN   CURRENT HOUSING LOCATION:  B3-29-001
----------------------------------------------------------------------------
TIER 3   INCIDENT: 01/04/15 12:45 PM  SGT  BEY, D S           EASTERN GEN
         REPORTED: 01/05/15
         HEARING : 01/16/15 10:54 AM  DSA  WENDLAND, R         EASTERN GEN
         APPEAL  : 03/04/15 AFFIRMED  ADIR VENETTOZZI          CENTRAL OFF
  106.10 DIRECT ORDER
     60D KEEPLOCK      PACKAGE       COMMISSARY   SERVICE DTES 01/05/15 03/06/15
     60D PHONE                                    SERVICE DTES 01/05/15 03/06/15
----------------------------------------------------------------------------




                                               NEXT DIN:

<CURSOR + ENTER> INC DETAIL
<ENTER>      <PF3>  EXIT(FUNCT)      <PF7>  BACKWARD      <CLEAR>  EXIT(SYSTEM)
```

0690

| | Grievance Number | Desig. Code | Date Filed |
|---|---|---|---|
| | ECF-26147-14 | I/49 | 12/10/14 |
| | Associated Cases | | Hearing Date |
| | | | 4/29/15 |
| | Facility | | |
| | Eastern NY Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM | Title of Grievance | | |
| CENTRAL OFFICE REVIEW COMMITTEE | Harassment/Retaliation | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration. CO W... randomly pat frisked the grievant on 12/7/14 and found a slit cut into the waistband of his pants. Sgt. C... directed CO W... to frisk the grievant's cell; he confiscated four similar pairs of pants and denies being unprofessional. CORC asserts that there is no requirement in Department policy for a sergeant to authorize a pat frisk, and notes that religious headwear must be removed during a frisk to allow security staff to visually inspect the hair. In addition, Lt. M... and Co C... both deny harassing the grievant or being otherwise unprofessional. It is noted that he was issued a misbehavior report on 12/9/14 because his hairstyle was non-compliant with Directive #4914 and he is currently keeplocked. Staff indicate that the grievant changes his hairstyle prior to disciplinary hearings to be in compliance, but changes it back after hearings are complete.

CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process and Section 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

CORC notes that the grievant may write to whomever he wishes regarding this complaint, as long as they are not on his Negative Correspondence and Telephone List. CORC advises him that he may initiate a Freedom of Information Law Request (FOIL) for consideration to obtain the documents he is requesting in accordance with existing facility procedures, and to address safety matters to area supervisory staff.

With respect to the grievant's appeal, CORC notes that he did not identify any witnesses in either the instant complaint or upon interview with Captain W... on 12/12/14 and finds insufficient evidence of malfeasance by staff. He is advised to address correspondence issues to mailroom staff, and medical concerns via sick call.

CMV/rjq

----------------------------------------------------------------------------------
----------------------------------------------------------------------------------

26217-15

**Mauro, Thomas A (DOCCS)**

| | |
|---|---|
| From: | Mauro, Thomas A (DOCCS) |
| Sent: | Wednesday, March 25, 2015 1:40 PM |
| To: | Russo, Anthony C (DOCCS) |
| Subject: | 26217-15, Fox, 12b1626 |

Sir,

Please be advised that I have not received a complete investigation for this grievance. It was sent to LT. Madison on 2/24/15. What I do have in my possession is a response memo fro SGT C. to you dated 2/3/15 in response to a complaint from the I/M. I am missing an investigation following the receipt of the "grievance complaint" and a memo from CO Cruz. This memo was provided to me in response to a complaint that was to be consolidated in the same. Again, the red folder with a complete investigation was not received by me. If you need a copy let me know! This complaint was also forwarded to you to be logged in PREA book.

Thanks, Tom

# Thomas A. Mauro
Inmate Grievance Program Supervisor

Department of Corrections and Community Supervision
Eastern New York Correctional Facility
30 Institution Road
PO Box 338
Napanoch, NY 12458-0338
(845) 647-7400 ext 4700/4705  Thomas.Mauro@doccs.ny.gov

www.doccs.ny.gov

0692