UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAVELL FOX,

                                  *Plaintiff,*          DECLARATION

              -against-                           15-CV-0390

SUPERINTENDENT LEE, et al.,                      TJM/CFH

                                *Defendants.*

---

ANTHONY BLACK, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

    1.    I am presently employed by the Department of Corrections and Community Supervision ("DOCCS") as the Inmate Grievance Program Supervisor ("IGPS") at Eastern Correctional Facility ("Eastern"). As such, I have personal knowledge of the inmate grievance records maintained at Eastern, including each grievance filed by an inmate.

    2.    As the IGPS at Eastern, I am the custodian of records maintained by Eastern's Inmate Grievance Program ("IGP"); have personal knowledge of the manner in which grievances are filed and reviewed by the Eastern Inmate Grievance Resolution Committee ("IGRC"); and have full knowledge of DOCCS Directive # 4040 governing the inmate grievance process.

1

3. Though not named as a party to this lawsuit, I submit this declaration in support of the Defendants' motion for summary judgment.

4. It is my understanding that the Plaintiff, Javell Fox, DIN 12 B 1626, brings this action against the Defendants alleging, *inter alia*, that: **1)** Defendants Lee, Russo, Madison, Simmons, Sullivan, Wendland, Webbe, Bey, Vanacore, Waugh, Miller, Williamson, and Cruz violated his First Amendment freedom of expression and free exercise rights by not allowing him to wear a certain hairstyle; **2)** Defendants Simmons, Madison, Cruz, Williamson, Bey, Wendland, Kozak, Waugh, Webbe, Russo, Lee, Miller, Vanacore, Sullivan, Connor, and Barg retaliated against him for filing grievances; **3)** Defendants Calao, Jennings, and Labatte denied him access to courts by refusing to appoint an inmate law clerk, denying him copies, and interfering with his legal mail; **4)** Defendants Webbe, Simmons, and Lee violated his constitutional rights by denying him access to magazines; **5)** Defendants Connor, Williamson, and Cruz violated his Fourth Amendment rights during a search/strip search and cell search; **6)** Defendants Lee, Webbe, Simmons, Sullivan, and Henry violated his Eighth Amendment rights because the conditions of his confinement were too cold, he was not provided with warm clothing or blankets, and he was confined to a cell without a feed-up slot; **7)** Defendant Cruz used excessive force and pat frisked him in a sexual manner; and **8)** Defendants Lee, Webbe, Russo, Simmons, Wendland, and Sullivan violated his Fourteenth Amendment rights to due process. It is also my understanding that Plaintiff has made supervisory claims against Defendants Lee and Annucci.

5. At the request of the Office of the Attorney General, I have conducted a diligent search of the inmate grievance records at Eastern. This search produced several grievances filed

2

by inmate Fox. I examined each grievance filed by Plaintiff to determine whether any of the allegations related to this lawsuit were contained in Plaintiff's complaints.

6. Based upon my review, Plaintiff filed the following grievances with the IGP at Eastern between December 2014 and February 2015: (1) ECF-26147-14, filed on December 10, 2014; (2) ECF-26187-15, filed on January 15, 2015, (3) ECF-26197-15, filed on January 26, 2015; (4) ECF-26198-15, filed on January 26, 2015, and (5) ECF-26217-15 filed on February 23, 2015. Attached hereto as **Exhibit A** are the grievance packets for the above-referenced grievances. Attached hereto as **Exhibit B** is the certification to accompany these records.

### ECF-26147-14

7. Based upon my review, the grievance filed on December 10, 2014 and assigned case number ECF-26147-14 (Exhibit A at 0030-0033) alleges that Plaintiff received misbehavior reports, was keeplocked, and harassed and retaliated against by staff because of his religious hairstyle. Exhibit A at 0030-0033.

8. Letters of complaint dated December 14, 2014 (Exhibit A at 0034-0036, 0043), December 18, 2014 (Exhibit A at 0037-0038), and December 20, 2014 (Exhibit A at 0039-0042) were consolidated with grievance ECF-26147-14. These letters alleged the same type of issues as the original grievance and also alleged that officials were not investigating his claims.

9. The Superintendent denied grievance ECF-26147-14 by decision dated December 24, 2014. Exhibit A at 0044.

10. Plaintiff appealed that determination to CORC by submitting an Appeal Statement (Exhibit A at 0044-0047, 0049-0050) with documents labeled as Exhibits A through L. Exhibit A at 0051-0108.

3

11. Included in the exhibits submitted to CORC was a letter dated December 25, 2014 (Exhibit A at 0073-0074), which included new allegations relating to complaints that Labbate failed to send out Plaintiff's legal mail, which were not addressed in the facility-level investigation, or considered by the Superintendent in his December 24, 2015 determination. Exhibit A at 0044.

### ECF-26198-15

12. Based upon my review, the grievance filed on January 26, 2015 and assigned case number ECF-26198-15 consists of consolidated letters of complaint written by Plaintiff dated December 25, 2014 and January 18, 2015 and addresses allegations of (1) being denied copies of legal documents and/or interference with mail including refusal to mail Plaintiff's legal mail and correspondence to public officials; and (2) the IGPS not properly processing his grievances. Exhibit A at 0007-0008.

13. Letters dated January 23, 2015 and February 24, 2015, which were subsequently consolidated with this grievance, addressed complaints about missing court deadlines because Plaintiff's disbursement for copies of his legal papers was not processed, and that Labatte falsified documents in connection with Plaintiff's disbursement. Exhibit A at 0013-0014, 0020-0022.

14. On February 4, 2015, the IGRC denied Plaintiff's grievance, finding that the business office properly followed Directive # 2788 with respect to handling Plaintiff's disbursements and legal mail and found that at no time did the business office hold or not process grievant's mail. Exhibit A at 16-17.

15. Plaintiff appealed the grievance to the Superintendent on February 5, 2015. Exhibit A at 17.

16. By decision dated April 9, 2015, the Superintendent denied grievance ECF-26198-15, as supplemented by the January 23, 2015 and February 24, 2015 letters. Exhibit A at 0001.

17. Plaintiff did not appeal this decision to CORC.

### ECF-26187-15

18. Based on my review, the grievance dated January 8, 2015, filed on January 15, 2015 and assigned case number ECF-26187-15 alleges that (1) Plaintiff was aggressively frisked and threatened with a disciplinary ticket if he did not cut his hair; (2) Plaintiff was not timely given his food, was housed in a cell with no feed-up slot, and then then had to climb on his gate to retrieve his food tray and was injured; (3) the open windows on his company caused him to be very cold and aggravate his back pain; (4) Plaintiff's assistant for his misbehavior report was biased; (5) Plaintiff was denied a phone call and keeplocked without a hearing; (6) Plaintiff was confined to the facility hospital without clean clothes and had to shower without shoes; and (7) Plaintiff had to wear pants two sizes too big for a month. Exhibit A at 0129-0134

19. By decision dated February 4, 2015, the IGRC denied grievance ECF-26187-15. Exhibit A at 0111. Plaintiff appealed the IGRC decision to the Superintendent on the same date. Id.

20. By decision dated March 19, 2015, the Superintendent denied grievance ECF-26187-15. Exhibit A at 0110.

21. Plaintiff did not appeal this decision to CORC.

## ECF-26197-15

22. Based on my review, the grievance dated January 18, 2015, field on January 26, 2015 and assigned case number ECF-26197-15 alleges that Plaintiff was issued a misbehavior report because of his hairstyle; false statements were made in his disciplinary hearing; he was subjected to harassment, threats and retaliation; and his hearing officer was biased and racist. Exhibit A at 0143-0147.

23. A letter of complaint dated January 23, 2015 was consolidated with, and made part of, grievance ECF-26197-15 for investigation and consideration. Exhibit A at 0148-0149. That letter alleges issues similar to those raised in the grievance and also that the IGPS did not send him a notice of his appeal to CORC in some grievance.

24. By decision dated February 2, 2015, the IGRC determined that the issues raised in grievance ECF-26197-15 were outside the purview of the IGRC. Exhibit A at 0140. Plaintiff appealed this determination to the Superintendent on February 3, 2015. Id.

25. By decision dated March 19, 2015, the Superintendent denied grievance ECF-26197-15. Exhibit A at 0137.

26. Plaintiff did not appeal this decision to CORC.

## ECF-26217-15

27. Based on my review, the grievance dated February 12, 2015 and filed on February 23, 2015 and assigned case number ECF-26217-15 alleges that (1) a misbehavior report was written against the Plaintiff by Officer Kozak in retaliation for Plaintiff's use of the grievance process; (2) Plaintiff's cell was moved and he was harassed and sexually harassed in retaliation for writing grievances; (3) Plaintiff was sexually touched during frisks; (4) an officer read

6

Plaintiff's legal mail; and (5) Plaintiff's claims were not being investigated. Exhibit A at 0170-0175

28.  A letter of complaint dated February 24, 201[5] was consolidated with grievance ECF-26217-15 for investigation and consideration. Exhibit A at 0176-0177. That letter alleged that Plaintiff's letter of complaint to the Superintendent about sexual abuse, and request for a cell transfer, were ignored.

29.  By decision dated April 21, 2015, the Superintendent denied grievance ECF-26217-15. Exhibit A at 0169.

30.  Plaintiff appealed that determination to CORC by appeal statement dated April 24, 2015. Exhibit A at 0169.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

31.  I have reviewed each of the grievances listed in paragraph 6 above, and only 2 of the 5 grievances were subsequently appealed to CORC.

32.  The IGP's records indicate that of the grievances listed in paragraph 6 only ECF-26147-14 and ECF-26217-15 have been appealed to CORC. Neither of these grievances address the following issues raised in this litigation: (1) Defendants Simmons, Madison, Cruz, Williamson, Bey, Wendland, Kozak, Waugh, Webbe, Russo, Lee, Miller, Vanacore, Sullivan, Connor, and Barg retaliated against Plaintiff for filing grievances; (2) Defendants Calao, Jennings, and Labatte denied Plaintiff access to courts by refusing to appoint an inmate law clerk, denying him copies, and interfering with his legal mail; (3) Defendants Webbe, Simmons, and Lee violated Plaintiff's constitutional rights by denying him access to magazines; (4) Defendants Connor, Williamson and Cruz violated Plaintiff's Fourth Amendment rights during a search/strip search

and cell search; (5) Defendants Lee, Webbe, Simmons, Sullivan, and Henry violated Plaintiff's Eighth Amendment rights because the conditions of his confinement were too cold, he was not provided with warm clothing or blankets, and he was confined to a cell without a feed-up slot; (6) Defendants Lee, Webbe, Russo, Simmons, Wendland, and Sullivan violated Plaintiff's Fourteenth Amendment rights to due process; and (8) Defendants Lee and Annucci were personally involved in these alleged allegations.

33. Accordingly, none of these issues have been administratively exhausted.

34. Based on my review of records maintained at Eastern in the regular course of business, Plaintiff never contacted Eastern's IGPS in writing pursuant to 7 NYCRR §701.5(d)(3)(i) to confirm that any of his appeals were filed and transmitted to CORC.

Dated: May          , 2018
       Ulster County, New York

                                                         _____
                                                         ANTHONY BLACK