UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAVELL FOX,

                                      *Plaintiff*,

-against-                                   15-cv-00390

                                           TJM/CFH

SUPERINTENDENT LEE, et al.,

                                      *Defendants.*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

                                           BARBARA D. UNDERWOOD
                                           Acting Attorney General of the State of New York
                                           Attorney for the Defendants
                                           The Capitol
                                           Albany, New York 12224-0341

Lynn Knapp Blake
Assistant Attorney General, of Counsel
Bar Roll No. 507430
Telephone: (518) 776-2598
Lynn.KnappBlake@ag.ny.gov

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………………………………………………2

PROCEDURAL HISTORY…………………………………………………………………...2

STATEMENT OF FACTS……………………………………………………………………..2

LEGAL ARGUMENT

      STANDARD FOR SUMMARY JUDGMENT………………………………………….3

      POINT I    THIS ACTION MUST BE DISMISSED AS A MATTER OF LAW BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES……………………………………….3

 CONCLUSION………………………………………………………………..………………6

## PRELIMINARY STATEMENT

The Defendants submit this memorandum of law in support of their motion for summary judgment pursuant to FRCP 56 seeking dismissal of this action upon the grounds that Plaintiff has failed to exhaust his administrative remedies. In the alternative, in the event that the motion is denied, the Defendants request an exhaustion hearing.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a complaint on April 2, 2015. [Dkt. #1]. The complaint was mailed to the Court in an envelope postmarked March 31, 2015. [Dkt. #1]. Plaintiff filed an amended complaint on December 19, 2016, which the Court designated as the operative pleading. [Dkt. #'s 75 and 76]. The Defendants filed their answers in a timely manner and raised several affirmative defenses, including that Plaintiff failed to exhaust his administrative remedies. [Dkt.#'s 32, 82, and 83]. On July 17, 2017, Plaintiff made a motion for summary judgment. [Dkt. # 111]. On August 18, 2017, the Defendants made a cross-motion to dismiss pursuant to FRCP 12(c). [Dkt. # 118]. Pursuant to a Report-Recommendation and Order [Dkt. #144] and Order [Dkt. #157], Plaintiff's motion was denied. Also, the Defendants' cross-motion was denied without prejudice and with an opportunity to renew by way of a motion for summary judgment limited to the issue of exhaustion. [Dkt. #'s 144 and 157]. In accordance with the Court's directive, the Defendants now submit a motion for summary judgment seeking dismissal of this action upon the grounds that Plaintiff has failed to exhaust his administrative remedies.

## STATEMENT OF FACTS

The Defendants respectfully incorporate herein by reference the Statement of Material Facts pursuant to Rule 7.1(a)(3) that they have submitted in support of this motion.

**STANDARD FOR SUMMARY JUDGMENT**

Under FRCP 56, summary judgment shall be granted "if the pleadings, depositions… together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (citing F.R.C.P. 56(c)); Globecon Group, LLC v. Hartford Fire Ins. Co., 434 F.3d 165, 170 (2d Cir. 2006). The standards applicable to such a motion are well known and will not be unduly repeated here.

**POINT I**

**THIS ACTION MUST BE DISMISSED AS A MATTER OF LAW BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

The Prison Litigation Reform Act ("PLRA") requires that prisoners who bring suit in federal court must first exhaust their available administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 84 (2006). Specifically, the PLRA provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The exhaustion requirement is mandatory and applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). The Court of Appeals for the Second Circuit has further held that failure to comply with the mandated administrative exhaustion requirements prior to bringing suit requires dismissal of the complaint. Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001).

New York State prison inmates have a procedure available to seek administrative redress for their grievances. See 7 N.Y. Code of Rules & Regs. ("NYCRR") § 701 et seq.; *see also* Cruz v. Jordan, 80 F. Supp. 2d 109, 117-18 (S.D.N.Y 1999) (detailing DOCCS grievance procedures).

Under New York regulations, the inmate grievance program affords every inmate "an orderly, fair, simple and expeditious method of resolving grievances." 7 NYCRR § 701.1(a). An inmate may grieve any complaint about the substance or application of any written or unwritten policy, regulation, procedure or rule of the prison system, as well as complaints of employee misconduct "meant to annoy, intimidate or harm an inmate." Id. at § 701.2(a-e).

In accordance with the PLRA, DOCCS has a well-established inmate grievance program. 7 NYCRR §701.7 and § 701.5. An inmate may file a grievance with the relevant correctional facility's inmate grievance office. Next, an inmate may appeal an adverse decision to the prison superintendent by completing and signing the appeal section of the IGRC response form and submitting it to the facility's grievance office within seven days of receipt. See id. § 701.5(c). Finally, if the superintendent upholds the IGRC's decision, an inmate may appeal the superintendent's decision to the CORC within seven days of receipt. Id. § 701.5(d). Only after pursuing all three levels of review will a claim be considered fully exhausted for purposes of the PLRA, thus entitling a prisoner to seek relief pursuant to § 1983 in federal court. See Reyes v. Punzal, 206 F. Supp. 2d 431, 432 (W.D.N.Y. 2002).

Although the exhaustion requirement is mandatory, the Second Circuit has held that there are certain limited circumstances under which an inmate may be excused from exhausting administrative remedies. Until recently, courts in the Second Circuit have been guided by a three-part inquiry in determining whether an inmate's failure to exhaust can be excused. Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). Under Hemphill, an inmate's failure to exhaust could be excused if: (1) administrative remedies were not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from

raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justified the inmate's failure to comply with the exhaustion requirement. See Hemphill, 380 F.3d at 686. However, in a recent decision, the Supreme Court expressly rejected the third Hemphill factor, the "special circumstances" exception, holding that "[c]ourts may not engraft an unwritten 'special circumstance' onto the PLRA's exhaustion requirement." See Ross v. Blake, __ U.S. __, 136 S.Ct.1850 (2016). Presently, pursuant to Ross, the only exception to the mandatory exhaustion requirement is that an inmate need not exhaust if administrative remedies are "unavailable". An administrative remedy is available to an inmate if the process is "capable of use to obtain some relief for the action complained of." Id., 136 S.Ct. at 1859 (internal quotations omitted) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001).

It is well-established that DOCCS maintains a grievance program through which Plaintiff could have pursued administrative remedies concerning his complaints. See Hall v. County of Saratoga, 1:10-cv-1120, 2013 U.S. Dist. LEXIS 30470 at *6 (N.D.N.Y. March 6, 2013) (attached) (DOCCS inmate grievance program is an "available" administrative remedy under the PLRA). Similarly, it is undisputed that this grievance program was in place at Eastern Correctional Facility during the time that Plaintiff was housed there. See Seguin Dec. at ¶12. It is also undisputed that Plaintiff was familiar with the process for filing grievances in the New York State prison system. See pg. 28 of plaintiff's deposition transcript, Knapp Blake Dec., Exh. A.

In this action, the complaint was filed on April 2, 2015. [Dkt. #1]. As demonstrated by the Declarations of Rachael Seguin and Anthony Black, grievance ECF-26147-14 was the only grievance received by CORC prior to the date that Plaintiff filed his complaint in this action. The allegations in said grievance were limited to Plaintiff's desire to maintain his hairstyle for religious purposes without being retaliated against and harassed for same. Seguin Dec., ¶¶ 14-21 and Black

Dec.,¶¶ 7-11 and 31-32. It is clear that the present action was commenced on April 2, 2015 *weeks prior* to CORC's determination of the grievance, which occurred on April 29, 2015. Seguin Dec., ¶16.

The fact that administrative remedies may have been exhausted while the action is pending is not sufficient to excuse non-exhaustion. The exhaustion process must be completed before an action is commenced. See, e.g. Casey v. Brockley, 9:13-cv-1271, 2015 U.S. Dist. LEXIS 152397, (N.D.N.Y. Nov. 9, 2015) (attached) ("Receiving a decision from CORC after commencing litigation does not satisfy PLRA's requirement that administrative remedies be exhausted before filing suit, and any claim not exhausted prior to commencement of the suit must be dismissed.") Further, "a post exhaustion amendment to the complaint cannot cure an exhaustion defect existing at the time the action was commenced." Guillory v. Haywood, 9:13-cv-1564, 2015 U.S. Dist. LEXIS 6385 (N.D.N.Y. Jan. 21, 2015) (attached). Given the facts of this case, it is clear that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies before he commenced this lawsuit.

## CONCLUSION

For all of the foregoing reasons, the Defendants' motion for summary judgment should be granted as a matter of law and this action dismissed in its entirety, together with such other and/or further relief as the Court deems just and proper. In the alternative, in the event that the motion is denied, the Defendants request an exhaustion hearing.

Dated: Albany, New York
       May 21, 2018

                              BARBARA D. UNDERWOOD
                              Acting Attorney General of the State of New York
                              Attorney for the Defendants
                              The Capitol
                              Albany, New York 12224-0341

*Lynn Knapp Blake*
By: AAG Lynn Knapp Blake, of Counsel
Bar Roll No. 507430
Telephone: (518) 776-2598
Email: Lynn.KnappBlake@ag.ny.gov