**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAVELL FOX,**

    v.                                                          **9:15-CV-390**
                                                                     **(TJM-CFH)**

**SUPERINTENDENT LEE, Eastern NY**
**Correctional Facility, et al.,**

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

      Before the Court are Plaintiff's appeal of Magistrate Judge Christian F. Hummel's decision denying his motion for leave to file an amended complaint and Plaintiff's motion for a preliminary injunction. See dkt. #s 197, 201. The parties have briefed the issues.

**I.**     **Background**

      The present action alleges that Defendants have violated Plaintiff's rights under the Constitution and Federal law by preventing him from wearing his preferred religious hairstyle while incarcerated in New York prisons. Plaintiff alleges that he wears his hair shaved on the sides and dreadlocked in a Mohawk style, and that this style is a religious expression protected by the First Amendment. Defendants, Plaintiff claims, have issued him misbehavior reports, kept him confined in restrictive custody, and retaliated against him for complaining about their failure to respect his religious rights. On May 10, 2017, the Court approved the parties' stipulation allowing Plaintiff to continuing wearing his

1

preferred hairstyle pending the outcome of this litigation.  See dkt. # 95.

The parties have litigated the issues extensively in this case.  Plaintiff has filed a number of motions seeking contempt, preliminary injunctions, summary judgment, and other relief.   The case has been pending for more than three years, and the parties have completed discovery.  Despite this extensive history, Plaintiff moved to amend his Complaint a second time on January 18, 2018.  See dkt. # 142.  Also pending before the Court is Defendants' motion for summary judgment, filed on May 21, 2018.  See dkt. # 174.  Magistrate Judge Hummel denied Plaintiff's motion to amend, and Plaintiff appeals.  Plaintiff also seeks a preliminary injunction against the Defendants.   The issues are briefed and the matter ripe for disposition.

## II.     LEGAL STANDARD

### A.     Appeal of Magistrate Judge Decision

Plaintiff appeals Magistrate Judge Hummel's decision denying him leave to amend his Amended Complaint.  A district court judge reviewing a magistrate judge's non-dispositive pretrial order, as is in issue here, may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law.  Labarge v. Chase Manhattan Bank, N.A., 1997 U.S. Dist. LEXIS 13803, 1997 WL 5853122, at *1 (N.D.N.Y. Sept. 3, 1997) (citing 28 U.S.C. § 636(b)(1)); FED. R. CIV. P. 72(a); Mathias v. Jacobs, 167 F.Supp.2d 606, 621-23 (S.D.N.Y. 2001); Dubnoff v. Goldstein, 385 F.2d 717, 721 (2d Cir. 1967) (court's decision "not to disqualify himself is ordinarily reviewable only upon appeal from a final decision on the cause in which the application . . . was filed.").  Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in

error.  Lanzo v. City of New York, 1999 U.S. Dist. LEXIS 16569, 1999 WL 1007346, *2-3 (E.D.N.Y. Sept. 21, 1999).  This standard imposes a heavy burden on the objecting party, and only permits reversal where the district court determines the magistrate judge "abused his broad discretion over resolution of discovery matters."  Labarge, 1997 U.S. Dist. LEXIS 13803, 1997 WL 583122 at *1.

### B. Preliminary Injunction

Plaintiff requests that the Court issue a preliminary injunction directing the New York Department of Corrections and Community Supervision ("DOCCS") to transfer him to long-term protective custody.  "A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction."  Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015) (quoting Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010)).  Plaintiff here seeks a "mandatory injunction," which alters the standard.  "The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits."  Tom Doherty Assocs. v. Saban Entm't Inc., 60 F.3d 27, 34 (2d Cir. 1995).  When an injunction "alter[s] the status quo by commanding some positive act," however, that injunction is "mandatory."  Id.  Such an "injunction should issue 'only upon a clear showing that the moving party is entitled to relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'"  Id. (quoting Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir.

3

1985)).

### III. ANALYSIS

#### A. Appeal of Magistrate Judge Decision

Plaintiff argues that Magistrate Judge Hummel erred in denying his motion to amend his Amended Compalint. Magistrate Judge Hummel concluded that amending the Complaint would be both futile and unduly prejudicial to some of the proposed defendants. See dkt. # 160. Magistrate Judge Hummel found that amending the Amended Complaint to include claims for monetary damages under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, against one Defendant would be futile because that act does not permit monetary damages, whether compensatory or punitive. Magistrate Judge Hummel also found that the sovereign immunity of the State of New York made futile any attempts to add as defendants the State of New York or DOCCS, a State agency. He also found that Plaintiff had failed to state any additional claims against Defendants Sgt. Bey and Sgt. Barg for violating of his Eighth, Fourth, and First Amendment rights. Magistrate Judge Hummel also rejected Plaintiff's effort to add claims against twenty new defendants, finding that Plaintiff failed file the claims in a timely fashion and that seeking to add the claims three months after the close of discovery, thirteen months after filing his Amended Complaint and three years after commencing the action amounted to an inordinate delay that prejudiced the Defendants. In any case, Magistrate Judge Hummel found, most of Plaintiff's proposed allegations failed to state a claim and would be futile.

4

Plaintiff argues that Magistrate Judge Hummel committed clear error in finding that permitting amendment would be futile and unduly prejudicial. Having examined the Magistrate Judge's decision in detail and the Plaintiff's arguments, the Court concludes that Magistrate Judge Hummel's conclusions were neither clearly erroneous nor contrary to law. The Federal Rules of Civil Procedure provide that "leave to amend the pleadings should be 'freely give[n] . . . when justice so requires.'" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010)). Generally, courts in this Circuit have permitted "'a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'" Id. (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d. Cir. 1993)). Still, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). "'A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss.'" F5 Capital v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017) (quoting Balintulo v. Ford Motor Co., 796 F.3d 160, 164-65 (2d Cir. 2015)). "In gauging prejudice, [courts] consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (quoting Block, 988 F.2d at 350). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Prejudicial delay can occur when "the amendment [comes] on

5

the eve of trial and would result in new problems of proof" such as a need for "a great deal of additional discovery." Id.

The Magistrate Judge relied on both futility and delay and the consequent prejudice the delay would cause in deciding not to permit another amendment of the Complaint. Such decisions were proper. Plaintiff sought relief–such as punitive damages under the RLUIPA–which is unavailable under federal law. See, e.g. Ford v. Palmer, 539 Fed. Appx. 5, 6 n.1 (2d Cir. 2013) ("RLUIPA does not prove a cause of action for damages against state officials in their official capacities . . . or in their individual capacities."). He also sought to raise claims against parties entitled to sovereign immunity. See.,e.g., Trotman v. Palisades Interstate Park Com., 557 F.2d 35, 38 (2d Cir. 1977) ("there is no remedial power in a federal court to require the payment of funds from a state treasury in a § 1983 action."). Plaintiff also failed to plead the sort of conduct which would entitle him to relief against prison guards, and the Magistrate Judge properly found that amendment to include that conduct would be futile. See Decision and Order, dkt. # 160, at 15-20. Finally, the Magistrate Judge properly found that an amendment that named a large number of new parties in a case where discovery had long closed would cause undue delay and prejudice. The Court finds no clear error or conclusions contrary to law in such decisions. See Ruotolo, 514 F.3d at 192 (amendment improper because of prejudice when amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute."). The Court will therefore affirm the Magistrate Judge's opinion and deny the appeal.

6

### B. Preliminary Injunction

Plaintiff seeks an order from the Court "send[ing]" him to "Clinton A[ssessment and] P[rogram] P[reparation] Unit" and establishing a "permanent restraining order." Plaintiff would also accept a transfer to Sullivan Correctional Facility. Plaintiff contends that he has proven he has sincerely held religious belief and thus demonstrated the merits of his claim. He has suffered four years of punishment because of his hairstyle. These facilities, he claims, could provide him long-term protective custody, which would protect his "mental and emotional health," which is daily under attack. Plaintiff claims that his present living conditions leave him subject to "torture." Plaintiff contends that he has been "harassed, threatened, [and] called names" by "correction officials" in his present assignment. Those officials "won't stop until a favorable decision is rendered, as it should be[.]" Plaintiff also complains that all of his funds have been taken by the prison, preventing him from getting stamps to alert the media to his mistreatment. Defendants respond that the Court lacks the authority to order Plaintiff's transfer to any particular facility. Moreover, they point out, Plaintiff's right to continue wearing his hair in his preferred religious style has been addressed by the Court's order approving the party's stipulation.

The Court will deny Plaintiff's motion. While Plaintiff complains that he has been a victim of harassment and mistreatment because of his hairstyle, he does not allege that Defendants have violated the party's stipulation and forced him to cut his hair. Read generously, he argues that Defendants' past mistreatment has caused him anguish and suffering which continue. He needs to be in a facility where he feels more safe as a result of that past treatment. If Plaintiff can prove a violation of his rights, he may be able to obtain damages for Defendants' alleged misconduct. The relief he seeks now from the

7

Court, however, is unavailable to him. Plaintiff's request for a preliminary injunction seeks a court order directing that he be housed in a particular facility. A prisoner does not have any due process right to housing in a particular institution or setting. Pugliese v. Nelson, 617 F.2d 916, 922 (2d Cir. 1980). "It is well settled that a prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred or not transferred from one facility to another." Fisher v. Goord, 981 F.Supp. 140, 176 (W.D.N.Y. 1997) (citing Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Meacham v. Fano, 427 U.S. 215, 225 (1976)). Plaintiff has thus failed to show a violation of his constitutional rights in where he is housed, and cannot demand a transfer on that basis. In short, Plaintiff has not demonstrated irreparable harm and cannot prevail on his motion for a preliminary injunction. The motion will be denied.

## IV. CONCLUSION

For the reasons stated above, the Plaintiff's appeal, dkt. # 197, of Magistrate Judge Christian F. Hummel's decision, dkt. # 160, denying Plaintiff's motion for leave to file a second amended complaint, is hereby DENIED. Magistrate Judge Hummel's decision is AFFIRMED. The Plaintiff's motion for a preliminary injunction, dkt. # 201, is hereby DENIED.

**IT IS SO ORDERED**

DATED: November 2, 2018

Thomas J. McAvoy
Senior, U.S. District Judge