**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAVELL FOX,

                Plaintiff,          No. 9:15-CV-0390
                                                   (TJM/CFH)

    v.

SUPERINTENDENT LEE, et al.,

                Defendants.

---

**APPEARANCES:**                           **OF COUNSEL:**

Javell Fox
12-B-1626
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff pro se

Attorney General for the                LYNN M. KNAPP BLAKE, ESQ.
   State of New York                      Assistant Attorneys General
The Capitol
Albany, New York 12224
Attorney for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

     Presently before the Court is plaintiff pro se Javell Fox's ("plaintiff") motion for contempt. Dkt. No. 200. For the following reasons, it is recommended that plaintiff's motion for contempt be denied.

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order.

**I. Background**

Plaintiff brings the underlying action pursuant to 42 U.S.C. § 1983, alleging that defendants Superintendent ("Supt.") Lee, DOCCS Commissioner ("Comm.") Anthony Annucci, Correction Deputy Superintendent of Administration ("Deputy Superintendent") Wendland, Correction Deputy Superintendent Security ("DSS") Russo, Deputy Calao, Captain ("Capt.") Webbe, Lieutenant ("Lieut.") Madison, Lieut. Simmons, Lieut. Sullivan, Sergeant ("Sgt.") Bey, Sgt. Connor, Sgt. Vanacore, Sgt. Barg, Corrections Officer ("C.O.") Kozak, C.O. Waugh, C.O. Miller, C.O. Henry, C.O. Williamson, C.O. S. Cruz, Corrections Steward C. Jennings, and Corrections Steward Diane Labatte – who at all relevant times, were employed at Eastern Correctional Facility ("Eastern") – violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments by refusing to allow him to wear his religious hairstyle. Dkt. No. 76 ("Am. Compl."). On May 3, 2017, the Hon. Thomas J. McAvoy entered a Stipulation and Order on plaintiff's Request for Preliminary Injunction and Temporary Restraining Order Relief, allowing plaintiff to maintain his current hairstyle pending the outcome of this litigation. Dkt. No. 96 ("the Order").

Plaintiff contends that he showed a copy of the Order to all sergeants at Auburn Correctional Facility ("Auburn") sometime between August 20, 2018 and August 28, 2018. Dkt. No. 200-1 ¶ 3. Plaintiff also served a copy to the Auburn Superintendent. Id. Plaintiff contends that on August 29, 2018, non-party Sergeant ("Sgt.") Sheftic informed plaintiff that he "copied a dismissal of his case," and that he did not care if the case was not over and the Order was still valid because he would keeplock plaintiff. Id. ¶ 4. Plaintiff alleges that same day, Sgt. Sheftic keeplocked plaintiff for his hairstyle. Id. ¶ 5. Plaintiff claims

2

that Sgt. Sheftic stated that he was not going to allow a "squawk haircut" in his jail.  Id. Plaintiff contends that Sgt. Sheftic did not justify his decision to keeplock plaintiff for his hairstyle.  Id. ¶ 6.

## II. Discussion[2]

### 1. Legal Standard

A party or nonparty "may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" Paramedics Electromedicina Comercial, LTDA v. GE Medical Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)).  Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 65(d)(2) directs that only persons "who receive actual notice of it by personal service or otherwise,"[3] are bound by a preliminary injunction or restraining order, including: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."  Fᴇᴅ. R. Cɪᴠ. P. 65(d)(2).

> "Actual notice" is defined as knowledge of facts and circumstances sufficiently pertinent in character to enable

---

[2] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

[3] The Second Circuit has held that Fed. R. Civ. P. 56(d) "codifies the long settled principle that personal service of an injunction is not required as long as those whom the plaintiff seeks to hold in contempt had actual notice of the decree."  Vuitton et Fils S.A. v. Carousel Handbags, 592 F.2d 126, 129 (2d Cir. 1979).

3

>reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts. A notice is regarded in law as "actual notice" where the person sought to be charged therewith either knows of the existence of the particular fact in question or is conscious of having the means of knowing it even though such means may not be employed by him or her.

58 AM. JUR. 2d Notice § 4 (2d ed., 2018).

To hold a nonparty in contempt, the nonparty must "either abet[4] the [party named in the order], or must be legally identified with them." People of State of N.Y. by Vacco v. Operational Rescue Nat., 80 F.3d 64, 70 (2d Cir. 1996) (internal quotation marks and citation omitted). In assessing "legal identity," "the critical inquiry is whether there is a substantial continuity of identity" between the two parties. Id. The Fifth Circuit has held that "[n]onparties who reside outside the territorial jurisdiction of a district court may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order." Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir. 1985).

Moreover,

>a non-party who is alleged to have acted in concert to aid and abet a violation of an injunction can be held in contempt only upon the "predicate" finding that the enjoined party has violated the order. Contempt will not lie against one who "acts independently and whose rights have not been adjudicated."

Matrix Essentials v. Quality King Distributors, Inc., 346 F. Supp. 2d 384, 392 (E.D.N.Y.

---

[4] "The dictionary defines 'abettor' as a person who abets (incites or encourages) *an offender*. As a legal definition, [a]id and abet is not a needless redundancy, . . . it is a term of art meaning to assist the perpetrator of the crime while sharing the requisite intent. By its plain language, this provision appears to contemplate liability towards a party who in some way helps or compels another to act in a discriminatory manner." Bolick v. Alea Grp. Holdings, Ltd., 278 F. Supp. 2d 278, 282 (D.Conn 2003) (internal quotation marks and citations omitted) (emphasis in original).

2004) (citations omitted).

### 2. Merits

It is undisputed that Sgt. Sheftic is not a party to the pending action. Plaintiff seems to suggest that Sgt. Sheftic may be held liable because he is an agent of defendant Annucci. Dkt. No. 200-1 ¶ 8. In determining whether injunctive relief may be assessed against a nonparty, this Court has held that nonparty corrections officers do not meet the "very limited circumstances" set forth in Fed. R. Civ. P. 65(d)(2)(B).[5] See Chandler v. Graham, No. 9:16-CV-0348 (DNH/ATB), 2016 WL 4411407, at *2 (N.D.N.Y. Aug. 19, 2016) (citing FED. R. CIV. P. 65(d)(2)) ("To the extent that Chandler seeks injunctive relief against unidentified correctional officers or other staff at Green Haven C.F. – who are not defendants in the present action – injunctive relief is available against non-parties only under very limited circumstances, none of which are present here."); Ross v. Koenigsmann, No. 9:14-CV-1321 (GTS/DJS), 2016 WL 5107130, at *2 (N.D.N.Y. Sept. 20, 2016) (citing FED. R. CIV. P. 65(d)(2)) (same). Thus, to hold nonparty Sgt. Sheftic in contempt, plaintiff must establish that Sgt. Sheftic received actual notice of the Court's order, and that he "actively aid[ed] and abet[ted] a party in violating that order," Waffenschmidt, 763 F.2d at 714, or was "legally identified" with such a party. Vacco, 80 F.3d at 70. Based on an assessment of the motion below, the undersigned concludes that plaintiff has not established by clear and convincing evidence that Sgt. Sheftic actively

---

[5] Pursuant to Fed. R. Civ. P. 65(d)(2)(B), an order granting injunctive relief "binds only the following who receive actual notice of it by personal service or otherwise: the parties' officers, agents, servants, employees, and attorneys." FED. R. CIV. P. 65(d)(2)(B)

aided and abetted the named defendants in the underlying action.

As an initial matter, the undersigned notes that he has recommended dismissal of a majority of plaintiff's claims for failure to exhaust in a Report-Recommendation and Order dated December 18, 2018. If adopted by the District Judge, the only claim that remains is plaintiff's Eighth Amendment sexual harassment claim against C.O. Cruz. Notably, plaintiff does not allege that C.O. Cruz sexually harassed him in retaliation for his hairstyle. See Dkt. No. 144 at 58 n.37 ("Plaintiff does not bring a retaliation claim against C.O. Cruz for this incident."). Thus, because "a non-party who is alleged to have acted in concert to aid and abet a violation of an injunction can be held in contempt only upon the 'predicate' finding that the enjoined party has violated the order," see Matrix Essentials, 346 F. Supp. 2d at 392, the undersigned concludes that Sgt. Sheftic cannot be found to have aided and abetted the defendants in this action because of the recommendation that a majority of plaintiff's claims be dismissed, and the only remaining claim does not relate to plaintiff's hairstyle or the Order.

Even if the District Judge declines to adopt the undersigned's Report-Recommendation and Order, plaintiff's motion still must fail. Affording plaintiff the special solicitude to which a pro se litigant is generally entitled, plaintiff claims in his reply that he first showed Sgt. Sheftic the Order on August 26, 2018, and then again on August 29, 2018. Dkt. No. 208 at 2.

Because nonparty Sgt. Sheftic was employed at Auburn, located within the jurisdictional territory of this Court, plaintiff may establish contempt by demonstrating the nonparties were "legally identified" with each other or that they aided and abetted

defendants. See Vacco, 80 F.3d at 70. Assessing whether a nonparty was in active concert or participation with a party, the Seventh Circuit summarized the requisite connection, stating that:

> [T]he "legal identity" justification for binding nonparties is limited to those who have notice of the injunction and are so closely identified in interest with the enjoined party that it is reasonable to conclude that their rights and interests were adjudicated in the original proceeding . . . . [A] former employee of an enjoined corporation had such a key role in the company and in the underlying litigation that he could be "legally identified" with the enjoined corporation and therefore held in contempt for using a newly formed company to circumvent the injunction.

National Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. National Spiritual Assembly of the U.S., Inc., 628 F.3d 837, 841 (7th Cir. 2010).

Here, there is no indication that Sgt. Sheftic actively aided and abetted or was legally identified with defendants in this action. First, plaintiff does not establish that Sgt. Sheftic incited or encouraged the named defendants in the underlying action, or helped or compelled them to act in a discriminatory manner in order to meet the aiding and abetting option. See Bolick, 278 F. Supp. 2d at 282. Second, the record does not establish that Sgt. Sheftic was "so closely identified in interest" with the named defendants in this action that his "rights and interests were adjudicated in the original proceeding" in order to demonstrate legal identity. See Hereditary Guardianship, 628 F.3d at 841. Unlike the nonparty in Hereditary Guardianship, it cannot be said that Sgt. Sheftic had such a "key role" within DOCCS and the underlying litigation to sustain a holding of contempt. See id. Although plaintiff contends that Sgt. Sheftic made reference to plaintiff's court order and his hairstyle, plaintiff's allegations do not suggest that his statements were made "in

7

concert or participation" with defendants, rather than as independent assessments of plaintiff's hairstyle and based on their own understanding of Directive 4914.[6]

"Additionally, any aider and abettor liability can be imposed only if the court holds that those actually bound by [the Order] have violated its terms — a holding that has yet to be made." Matrix Essentials, 346 F. Supp. 2d at 393. Therefore, the undersigned concludes that plaintiff has not established that Sgt. Sheftic actively aided and abetted or was legally identified with defendants to this action. Accordingly, it is recommended that plaintiff's motion for contempt be denied.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby,

**RECOMMENDED**, that plaintiff's motion for contempt (Dkt. No. 200) be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.

---

[6] Sgt. Sheftic denies receiving a copy of the Order. Dkt. No. 203-1 ("Sheftic Decl.") ¶ 6. Sgt. Sheftic also denies keeplocking plaintiff for wearing a Mohawk hairstyle, or directing any subordinate staff to keeplock plaintiff for that reason, on August 29, 2018. Id. ¶ 8.

8

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[7]

    Dated: December 18, 2018
    Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).