**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAVELL FOX,**

        **Plaintiff,**

  v.

**SUPERINTENDENT LEE, *et al.*,**

        **Defendants.**

No. 9:15-CV-0390
(TJM/CFH)

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for report and recommendation. Magistrate Judge Hummel issued a Report-Recommendation and Order on December 18, 2018 which addresses Defendants' Motion for Summary Judgment (Dkt. No. 174). *See* 12/18/18 Rep.-Rec. & Ord. (Dkt. No. 215)("Report-Recommendation, Dkt. No. 215"). Magistrate Judge Hummel recommends that Defendants' Motion for Summary Judgment be granted in part and denied in part. Plaintiff filed objections this recommendation. Pl. Obj., Dkt. No. 217.

Magistrate Judge Hummel issued a second Report-Recommendation and Order on December 18, 2018, in which he recommends that Plaintiff's motion for contempt (Dkt. No. 200) be denied. *See* 12/18/18 Rep.-Rec. & Ord. (Dkt. No. 216)("Report-Recommendation,

1

Dkt. No. 216"). No objections to this recommendation have been filed, and the time to do so has expired.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009)(internal quotation marks and citation omitted).

When performing a *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1). "However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance." *Monroe v. Kocienski*, No. 9:17-CV-1050 (GTS/DEP), 2019 WL 409412, at *2 (N.D.N.Y. Feb. 1, 2019)(citing, *inter alia*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering

2

the testimony at the hearing before the magistrate.")(internal quotation marks and citations omitted); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate")). "Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance." *Id.* (citing *Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted)); *see also Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015)("[A] district court generally will not consider new arguments raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.")(citing cases); *Santiago v. City of New York*, No. 15-cv-517, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016), *aff'd*, 697 F. App'x 36 (2d Cir. Sept. 6, 2017) ("[C]ourts ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.")(quotations and citation omitted)). "[F]or the district judge to review new evidence

3

or arguments would reduce the magistrate's work to something akin to a meaningless dress rehearsal," *Michalow v. East Coast Restoration & Consulting Corp.*, No. 09-cv-5475, 2018 WL 1559762, at * 6 (E.D.N.Y. Mar. 31, 2018)(quotations and citation omitted), and would frustrate the congressional objective behind § 636(b)(1) which is intended to alleviate the congestion of litigation in the district courts. *Cf. U.S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("[T]o construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term '*de novo*' does not indicate that a secondary evidentiary hearing is required.")).

When no objection is made to a report-recommendation, or to a portion thereof, the Court subjects the report-recommendation, or the portion to which no objection is made, to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*

## III. DISCUSSION

### a. Report-Recommendation, Dkt. No. 215

#### 1. Sur-Reply

Plaintiff's first objection to Report-Recommendation, Dkt. No. 215, is that he was improperly denied the opportunity to file a sur-reply responding to Defendants' reply memorandum of law. A sur-reply is not permitted under the Northern District's Local Rules. *See* N.D.N.Y. 7.1(b)(1). Moreover, Defendants did not raise new arguments or present new

4

evidentiary facts in their Reply memorandum of law, but rather replied to Plaintiff's arguments presented in his opposition papers. *See* Reply, Dkt. No. 189. As Magistrate Judge Hummel correctly determined in denying Plaintiff's request to file a sur-reply, "Plaintiff has had a full opportunity to respond to the [summary judgment] motion and . . . this motion is fully briefed and with the Court for its recommendation." 07/26/18 Text Order, Dkt. No. 194. Plaintiff's objection on this ground is overruled.

### 2. Timeliness of Motion

Plaintiff's second objection to Report-Recommendation, Dkt. No. 215, is that the summary judgment motion should not have been considered because it was made beyond the deadline for dispositive motions set in the Scheduling Order in this case. However, the Court has the discretion to modify its own orders and to manage the cases before it. The summary judgment motion was made in accordance with the Court's March 6, 2018 Decision and Order (Dkt. No. 157) that denied without prejudice Defendants' cross-motion to dismiss the action pursuant to Fed. R. Civ. P. 12(c), and granted Defendants an opportunity to renew by way of a motion for summary judgment limited to the issue of exhaustion. Because the summary judgment motion was filed in accordance with the Court's March 6, 2018 Decision and Order, Plaintiff's objection on this ground is overruled.

### 3. Substantive Issues

Plaintiff's remaining objections to Report-Recommendation, Dkt. No. 215, amount to the presentation of new arguments and new evidence addressed to Defendants' summary

5

judgment motion.[1] Plaintiff points to no specific portion of Report-Recommendation, Dkt. No. 215, that he contends was erroneously decided, but rather argues why he believes Defendants' summary judgment motion should be denied on the merits. However, Plaintiff offers no valid reason why the arguments and evidence he now presents could not have been presented in response to Defendants' summary judgment motion.[2]

As indicated above, an objection to a report recommendation is not the proper vehicle to raise new arguments or present new evidence in an attempt to take the proverbial second bite at the apple. Because Plaintiff had a full and fair opportunity to respond to Defendants' motion for summary judgment, the new arguments and new evidence will not be considered. Inasmuch as Plaintiff opted to present new arguments and evidence in opposition to Defendants' motion instead of objecting to specific portions of Magistrate Judge Hummel's report, the Court considers the substantive recommendations in Report-Recommendation, Dkt. No. 215, as being without objection. *See Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014)("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."). Proceeding in this manner subjects the substantive determinations in Report-

---

[1] Plaintiff's objections consist of 30-page memorandum of law, and 115 pages of exhibits consisting of evidentiary material related to the grievances that are the subject of the summary judgment motion. *See* Dkt. No. 217. By contrast, Plaintiff's opposition to Defendants' motion for summary judgment consisted of his response to Defendants' Local Rule 7.1(a)(3) Statement of Material Facts, a nine-page memorandum of law with DOCCS Inmate Grievance Program Directive 4040 attached, and Plaintiff's six-page declaration. Dkt. No. 184.

[2] As discussed in the text, *infra*, Plaintiff had no right or legitimate reason to present a sur-reply. Accordingly, Plaintiff's contention that he was waiting until his sur-reply to present the arguments and evidence he presents now is insufficient to merit review of these new arguments and evidence.

6

Recommendation, Dkt. No. 215, to only clear error review, and the Court finds no clear error in Magistrate Judge Hummel's report. Further, to the extent Plaintiff's objections could be deemed general objections to each of Magistrate Judge Hummel's recommendations in Report-Recommendation, Dkt. No. 215, the Court has conducted a *de novo* review of the summary judgment motion based on the record presented on that motion. Having done so, the Court adopts the conclusions reached by Magistrate Judge Hummel in his thorough report.

### b. Report-Recommendation, Dkt. No. 216

The Court finds no clear error on the face of Report-Recommendation, Dkt. No. 216.

## V. CONCLUSION

For the reasons discussed above, the Court **ACCEPTS and ADOPTS** the recommendations in Report-Recommendation and Order, Dkt. No. 215, and in Report-Recommendation and Order, Dkt. No. 216, for the reasons stated in these reports. Thus, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 174) is **GRANTED IN PART**. The motion is **GRANTED**:

(1) Insofar as it seeks dismissal of Plaintiff's First Amendment freedom of expression and free exercise claims against Defendants Lee, Russo, Madison, Simmons, Sullivan, Wendland, Webbe, Bey, Vanacore, Waugh, Miller, Williamson, and Cruz for failure to exhaust,

(2) Insofar as it seeks dismissal of Plaintiff's First Amendment retaliation claims against Defendants Simmons, Madison, Cruz, Williamson, Bey, Wendland, Kozak,

7

Waugh, Webbe, Russo, Lee, Miller, Vanacore, Sullivan, Connor, and Barg for failure to exhaust,

(3) Insofar as it seeks dismissal of Plaintiff's First Amendment interference with mail claims against Defendants Calao, Jennings, and Labatte for failure to exhaust,

(4) Insofar as it seeks dismissal of Plaintiff's claim that Defendants Webbe, Simmons, and Lee denied him access to magazines for failure to exhaust,

(5) Insofar as it seeks dismissal of Plaintiff's Fourth Amendment claims pursuant to a search/strip search and cell search against Defendants Connor, Williamson, and Cruz for failure to exhaust,

(6) Insofar as it seeks dismissal of Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Lee, Webbe, Simmons, Sullivan, and Henry for failure to exhaust,

(7) Insofar as it seeks dismissal of Plaintiff's Fourteenth Amendment due process claims against Defendants Lee, Webbe, Russo, Simmons, Wendland, and Sullivan for failure to exhaust,

(8) Insofar as it seeks dismissal of Plaintiff's supervisory liability claims against Defendants Lee and Annucci for failure to exhaust,

and these claims are **DISMISSED with prejudice**; and it is further,

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 174) is **DENIED IN PART**. The motion is **DENIED**:

(1) Insofar as it seeks dismissal of Plaintiff's Eighth Amendment sexual harassment claims against C.O. Cruz,

8

and it is further,

ORDERED that Plaintiff's motion for contempt (Dkt. No. 200) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 25, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge