UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAVELL FOX,

Plaintiff,

-against-

SANTIAGO CRUZ, et al,

Defendants.

**SETTLEMENT
STIPULATION**

15-CV-390
TJM

This SETTLEMENT AGREEMENT ("Settlement Agreement") is made by and between Plaintiff Javell Fox ("Plaintiff") and Defendant Santiago Cruz ("Defendant"), jointly, "the Parties," as follows:

**WHEREAS**, on October 24 – 26, 2022, a jury trial was held in the matter of *Javell Fox v. Santiago Cruz*, 15-CV-390 (N.D.N.Y.) (the "Action"); and

**WHEREAS**, on October 26, 2022, a Jury Verdict for $5,000.00 was entered in favor of Plaintiff (ECF No. 329); and

**WHEREAS**, on October 27, 2022, Judgment was entered in favor of Plaintiff (Judgment, ECF No. 330);

**WHEREAS**, assigned counsel for plaintiff, the law firm of Miller Mayer, LLP (Anthony Elia, Esq.) [hereinafter "Counsel for Plaintiff"] filed a motion for attorney's fees and costs on December 2, 2022 (Dkt. 333);

**IT IS NOW STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1.      Counsel for Plaintiff waives their entitlement to costs pursuant to any court order, statute or rule, including but not limited to, Fed. R. Civ. P. 54 and 42 U.S.C. § 1988. Counsel for Plaintiff hereby discontinues and withdraws the pending motion for attorney's fees at Dkt. 333.

2.     The State of New York, on behalf of Defendant, agrees to pay attorney's fees to Counsel for Plaintiff in the amount of $5,625.00 in full satisfaction of any all fees and expenses incurred for any and all counsel who have at any time represented or assisted Plaintiff in the trial of this action dated October 24-26, 2022, including all preparation by counsel for that trial, and any post-trial proceedings, including any and all claims for attorney's fees made in the application at Dkt. 333. Payment shall be made payable to Miller Meyer, LLP, as attorneys for Plaintiff, and mailed to Anthony N. Elia, III, Miller Mayer, LLP, 215 East State Street - Suite 200, Ithaca, NY 14850.

3.     Payment of the amount specified in paragraph "2" of this Settlement Agreement is conditioned upon, and subject to, the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. If such approval is not obtained, this agreement will be vacated, and the case restored to the Court's docket for purposes of determining the amount of attorneys' fees and costs to be awarded to Counsel for Plaintiff. Counsel for Plaintiff agree to promptly execute and deliver all necessary and appropriate vouchers and other documents requested with respect to obtaining such approval and effectuating payment.

4.     In the event that the payment referenced in paragraph "2" of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of the Court, together with all other requested documents required under paragraph "3" of this Settlement Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt of the Office of the Attorney General of all documentation required under paragraph "3" of this Settlement Agreement.

5.     Any taxes, or interest or penalties on taxes, on the payments referenced in paragraph "2" of this Settlement Agreement shall be the sole and complete responsibility of Counsel for Plaintiff for

fees paid to said attorneys. Counsel for Plaintiff agree and acknowledge that they shall have no claim, right, or cause of action for attorney's fees against Santiago Cruz, the Department of Corrections and Community Supervision ("DOCCS") and/or the State of New York, or any of their present of former agencies, departments, divisions, officers, employees, agents, attorneys, and assigns, whether in an individual or official capacity, or any of them, or all of them, on account of such taxes, interest, or penalties.

6. This Settlement Agreement shall be submitted, without further notice, to the Court to be "So Ordered."

7. This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument. Signatures transmitted by facsimile, e-mail, or e-mailed in portable document form shall be deemed original signatures.

**IN WITNESS WHEREOF,** Counsel for Plaintiff and Defendant acknowledge that they have read this Settlement Agreement and accept and agree to the provisions set forth herein, and that each has executed this Settlement Agreement to be effective on the day and date first above written.

Dated: Ithaca, New York
    November 16, 2023

Dated: Albany, New York
    November 17, 2023

MILLER MAYER, LLP
Attorneys for Plaintiff

By: _____
    Anthony N. Elia III
    215 East State St. – Suite 200
    Ithaca, NY 14850
    607-273-4200
    ane@millermayer.com

LETITIA JAMES
Attorney General
State of New York
Attorney for Defendant

By: _____
    John F. Moore
    Assistant Attorney General
    The Capitol
    Albany, NY 12224
    (518) 776-2293
    John.Moore@ag.ny.gov

SO ORDERED:

Thomas J. McAvoy
United States District Judge

Dated: 11/22/2023