**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAVELL FOX,

                             Plaintiff,

              v.                                              9:15-cv-00390 (AMN/ML)

LT. MADISON *et al.*,

                             Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **CULLEN & DYKMAN LLP** | **ANN KATHERINE PHILLIPS, ESQ.** |
| 80 State Street – Suite 900 | **CHRISTOPHER E. BUCKEY, ESQ.** |
| Albany, New York 12207 | |
| *Attorneys for Plaintiff* | |
| | |
| **NEW YORK STATE ATTORNEY GENERAL** | **KAITLIN N. VIGARS, ESQ.** |
| The Capitol | **MATTHEW GALLAGHER, ESQ.** |
| Albany, New York 12224 | |
| *Attorneys for Defendants* | |

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

On April 2, 2015, then-*pro se* Plaintiff Javell Fox commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging various claims for violation of his civil rights. Dkt. No. 1 ("Complaint"). Following motion practice, the remaining defendants in this action are Lieutenants Madison and Simmons, Sargeant Connor, and Officers Cruz, Williamson, and Kozack ("Defendants"). Plaintiff's remaining claims in this action stem from Grievance No. ECF 26147-14 and Grievance No. ECF-26217-15, which contain allegations that Defendants violated Plaintiff's right to free expression and free exercise of religion and retaliated against Plaintiff for

his hairstyle. *See* Dkt. No. 355 at 7-8.[1]

Trial is set to commence on February 9, 2026. Dkt. No. 421. Presently before the Court is Defendants' motion *in limine*, Dkt. No. 438 ("Motion"), and Plaintiff's response in opposition. Dkt. No. 442. The Court heard further argument from the parties during the final pre-trial conference on January 30, 2026. For the reasons set forth below, the Motion is granted in part, denied in part, and reserved in part.

## II.    STANDARD OF REVIEW

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Encarnacion v. Olivo*, No. 21-cv-986, 2024 WL 896362, at *1 (N.D.N.Y. Mar. 1, 2024). "A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Coleman v. Durkin*, 585 F. Supp. 3d 208, 212 (N.D.N.Y. 2022) (citation omitted). "Courts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Facci-Brahler v. Montgomery Cnty.*, No. 18-cv-941, 2025 WL 743949, at *1 (N.D.N.Y. Mar. 7, 2025) (citations omitted). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion *in limine*. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016) (citation omitted).

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system.

## III.    DISCUSSION

Defendants seek to preclude Plaintiff from (i) offering evidence related to dismissed claims; (ii) offering evidence that Defendants engaged in a conspiracy against him; (iii) offering evidence of physical, mental, or emotional injury, or any other evidence of compensatory damages other than injury to his First Amendment rights; (iv) offering evidence related to the outcome of the prior trial in this action; (v) offering evidence that Defendants may be indemnified; and (vi) requesting a specific dollar amount from the jury.  Dkt. No. 438-8 at 8-20.  Defendants also seek the Court's permission to (i) admit evidence of Plaintiff's disciplinary history; (ii) inquire into Plaintiff's criminal convictions; and (iii) inquire into Plaintiff's other lawsuits against correction officers and prison employees and lawsuits involving substantially similar claims.  *Id.* at 20-28. The Court addresses each request in turn.

### A.  Evidence related to dismissed claims

Defendants seek to preclude Plaintiff from offering evidence related to the claims and parties that the Court has previously dismissed in this action.  *See id.* at 8-9.  Plaintiff contends that this request is overbroad and would prevent the jury from understanding the context surrounding Plaintiff's remaining claims.  Dkt. No. 442 at 9-11.  Plaintiff requests that the Court allow Plaintiff to introduce "evidence that bears directly on motive, chronology, or intent, with a limiting instruction that the jury may not consider those events as separate bases for liability."  *Id.* at 10 (citing *Williams v. O'Gorman*, No. 20-cv-1417, 2024 WL 4120440, at *2 n.2 (N.D.N.Y. Sept. 9, 2024)).  Specifically, Plaintiff requests that the Court (i) allow Plaintiff to admit evidence related to the misbehavior reports issued on January 4 and January 5, 2015 by nonparties for the limited purposes of establishing chronology or rebutting defense theories of reasonableness or mistake; and (ii) allow Plaintiff to admit evidence relating to the March 6, 2015 misbehavior report

3

authored by Defendant Cruz for the limited purpose of providing context for whether Defendants were enforcing rules uniformly. *Id.* at 10-11.

"[W]here claims have been dismissed, it is generally appropriate to preclude testimony or evidence regarding those same previously dismissed claims during a jury trial." *Harris v. Andersen*, No. 17-cv-932, 2025 WL 2996698, at *5 (N.D.N.Y. Oct. 24, 2025) (internal quotation marks and citation omitted). Accordingly, Plaintiff is precluded from introducing "evidence relating *solely* to previously dismissed claims[.]" *Diggs v. Guynup*, 621 F. Supp. 3d 315, 325-26 (N.D.N.Y. 2022) (emphasis added).

Accordingly, the Court grants this portion of Defendants' Motion in part, to the extent that Plaintiff seeks to admit evidence relating solely to dismissed parties or claims, or re-litigate issues that the Court has already decided. The Court reserves on the question of whether Plaintiff may introduce evidence related to the January 4, January 5, and March 6, 2015 misbehavior reports until Plaintiff makes an offer of proof specifically identifying the relevance of these reports to Plaintiff's remaining claims.

## B. Evidence that Defendants engaged in a conspiracy

Defendants seek to preclude Plaintiff from introducing evidence that Defendants engaged in a conspiracy against him, arguing that any such claim would be barred by the intracorporate conspiracy doctrine. Dkt. No. 438-8 at 9-11 (citing, *inter alia*, *Fed. Ins. Co. v. United States*, 882 F.3d 348, 368 n.14 (2d Cir. 2018)). In response, Plaintiff states that there is not a separate conspiracy claim in this action, and he "does not intend to argue otherwise." Dkt. No. 442 at 11. However, Plaintiff further contends that the record contains evidence indicating coordination among Defendants that is relevant to Plaintiff's existing claims, specifically to Defendants' motive and intent in harassing and retaliating against Plaintiff. *Id*. at 12. To the extent that Plaintiff seeks

to introduce evidence of coordination in order to demonstrate motive or intent, the Court permits the introduction of such evidence for that purpose. *Cf. Sweeney v. Leone*, No. 05-cv-871, 2006 WL 2246372, at *2 n.5 (D. Conn. July 31, 2006) (finding evidence admissible to illustrate defendants' motivation in deciding to suspend plaintiff).

### C. Evidence of physical injury, mental or emotional injury, or other injury unrelated to Plaintiff's First Amendment rights

Defendants seek to preclude Plaintiff from introducing evidence of physical, mental, and emotional injury, as Defendants contend that any evidence of compensatory damages must be limited to evidence of injury to Plaintiff's First Amendment rights. Dkt. No. 438-8 at 11-16.

First, regarding Plaintiff's physical injuries, Plaintiff alleges that, while housed in keeplock following the pat frisk and cell search December 7, 2014, he fell and injured his back as he attempted to retrieve his food tray. Dkt. No. 442 at 13. Although Plaintiff does not attribute the inaccessibility of his food tray to any of the Defendants in this action, Plaintiff contends that he should be permitted to testify as to the circumstances of his fall and the back injury he sustained from the fall. *Id.* A plaintiff must allege a tangible connection between the acts of a defendant and the injuries suffered. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Here, the connection between the December 7, 2014 incident that resulted in Plaintiff being placed in keeplock, and Plaintiff's back injury is too attenuated to find a causal connection. *Martin v. City of New York*, 793 F. Supp. 2d 583, 587-88 (E.D.N.Y. 2011) (holding that defendant's arrest of plaintiff was not the cause of the injuries plaintiff sustained in prison because, although plaintiff would not have suffered such injuries had he not been arrested and in prison, "placing a plaintiff in a situation where the ultimate injury can occur simply does not support a finding of proximate causation"). As such, Plaintiff is precluded from offering evidence of physical injury.

Second, in the absence of a physical injury, the Prison Litigation Reform Act ("PLRA") bars Plaintiff from recovering damages for mental or emotional injury. *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Thus, to the extent that Plaintiff claims that he suffered physical symptoms from the stress associated with his alleged mistreatment, such injuries are not compensable under the Prison Litigation Reform Act. *See McCloud v. Tureglio*, No. 07-cv-650, 2008 WL 1772305, at *9 (N.D.N.Y. Apr. 15, 2008) (noting that "physical manifestations of emotional injuries (e.g., anxiety, depression, stress, nausea, hyperventilation, headaches, insomnia, dizziness, appetite loss, weight loss, etc.) are not 'physical injuries' for purposes of the PLRA"). Accordingly, because Plaintiff cannot establish a physical injury connected to Defendants' actions, Plaintiff cannot recover for any mental or emotional injury and must therefore be precluded from offering such evidence. *See Henderson v. Popp*, No. 22-cv-242, 2025 WL 1427876, at *3 (N.D.N.Y. May 19, 2025) (finding that Plaintiff can recover for injury resulting from defendants' violation of his First Amendment rights but may not recover for mental or emotional harms).

However, Plaintiff is "entitled to recover for the loss of [his] intangible rights." *Brandon v. Kinter*, No. 13-cv-939, 2023 WL 2382637, at *26 (N.D.N.Y. Mar. 6, 2023). "[A] prisoner suffers damages, *per se*, when his First Amendment rights are violated, wholly aside from any physical, mental or emotional injury." *Ford v. McGinnis*, 198 F. Supp. 2d 363, 366 (S.D.N.Y. 2001) (internal quotation marks and citation omitted). "[A]lthough a jury . . . may not award speculative damages, the amount of monetary damages awarded is *necessarily arbitrary and unprovable*." *Brandon*, 2023 WL 2382637, at *26 (quoting *Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004)) (internal quotation marks and alterations omitted) (emphasis in original).

6

Lastly, Plaintiff contends that the PLRA does not bar Plaintiff from also seeking nominal damages and punitive damages for violations of his First Amendment rights. Dkt. No. 442 at 12. The Court agrees that in addition to seeking compensatory damages for injury resulting from First Amendment violations, the PLRA does not bar Plaintiff from seeking nominal or punitive damages for violations of his First Amendment rights, even without a showing of prior physical injury. *See Toliver v. City of New York*, 530 F. App'x 90, 93 n.2 (2d Cir. 2013) (finding that plaintiff may recover compensatory damages for injuries to his First Amendment rights, as well as nominal and punitive damages, even without establishing physical injury).

Accordingly, the Court grants this portion of Defendants' Motion and precludes Plaintiff from introducing evidence of physical, mental, or emotional injury, but allows Plaintiff to seek compensatory, nominal, and punitive damages for injuries to his First Amendment rights.

### D. Evidence related to the outcome of the prior trial

Defendants seek to preclude Plaintiff from introducing evidence of the outcome of the prior trial, including evidence of the jury verdict in favor of Plaintiff and against Defendant Cruz, and the award of compensatory damages in the amount of $5,000. Dkt. No. 438-8 at 16-18. Defendants contend that such evidence is not relevant to Plaintiff's remaining claims, is unduly prejudicial, would confuse the jury, and waste time. *Id.* at 16-17. Plaintiff agrees that evidence of the jury verdict and amount of damages awarded should not be introduced at trial. Dkt. No. 442 at 15. However, Plaintiff argues that the existence and timing of Plaintiff's complaints and related Office of Special Investigations ("OSI") activity may be relevant to motive and chronology, i.e., to show that Plaintiff's filing of grievances and complaints allegedly precipitated retaliatory enforcement actions under Directive 4914. *Id.*

"Where appropriate, a district court may prohibit direct references to prior trials." *United States v. Munoz-Mosquera*, 101 F.3d 683 (2d Cir. 1996) (summary order) (citation omitted). Introducing evidence of the first jury verdict and its award can confuse or mislead the jury and unfairly prejudice Defendants. It "inevitably results in trying those cases before the jury, and the merits of the other case[] would become inextricably intertwined with the case at bar." *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (internal quotation marks, alterations, and citation omitted).

The Court finds that evidence of the prior jury verdict and award of damages is of minimal probative value to the case at bar, and is outweighed by the risk of unfair prejudice to Defendants, as the jury "might feel a strong compulsion to conform their verdict" to the prior verdict. *Birch v. Town of New Milford*, 2025 WL 289205, at *15 (D. Conn. Jan. 24, 2025) (citation and alterations omitted). For these reasons, the Court grants Defendants' request to exclude evidence of the jury verdict and award. However, the Court reserves on the question of whether Plaintiff may introduce evidence related to his grievances, complaints, and related OSI activity until Plaintiff makes an offer of proof specifically identifying the relevance of this evidence to Plaintiff's remaining claims.

### E. Evidence or argument regarding indemnification

Defendants argue that evidence regarding indemnification must be precluded because it is irrelevant and prejudicial. Dkt. No. 438-8 at 18-19. Plaintiff states that he "does not oppose preclusion of references to indemnification or who will pay any judgment" and offers no opposition to this portion of the Motion. Dkt. No. 442 at 15. Accordingly, the Court grants Defendants' request to preclude reference to Defendants' potential indemnification for purposes of trial. However, because the parties' proposed jury verdict forms contemplate the possibility of punitive damages, *see* Dkt. No. 435 at 4; Dkt. No. 440 at 4, the Court reserves on this portion of the Motion for purposes of any post-trial hearing regarding punitive damages.

### F.  Evidence requesting a specific dollar amount from the jury

Defendants seek to preclude Plaintiff from requesting a specific dollar amount for damages from the jury.  Dkt. No. 438-8 at 19-20.  Defendants argue that permitting Plaintiff to suggest a specific dollar amount would be unduly prejudicial because it "would set a target-damages figure without any evidentiary basis."  *Id.* at 20 (citation omitted).  Plaintiff states that he "is amenable to a pretrial ruling that counsel will not suggest a specific number for non-economic damages during opening statements and that the parties will confer with the Court at the charge conference regarding any parameters for summation."  Dkt. No. 442 at 16.  During the final pre-trial conference, Defendants did not oppose proceeding in this manner.

The determination of whether to allow a plaintiff to request a specific damages amount from the jury is within the court's discretion.  *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997).  Although the Second Circuit has stated in the context of monetary awards for pain and suffering that "specifying target amounts for the jury to award is disfavored," *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996), the Second Circuit has also stated that "[i]t is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions."  *Lightfoot*, 110 F.3d at 912 (citations omitted).

As discussed at the pre-trial conference, the Court will proceed in accordance with Plaintiff's proposal.

### G.  Evidence related to Plaintiff's disciplinary history

Defendants seek to introduce evidence related to Plaintiff's disciplinary history, including an incident in June 2012 at Elmira Correctional Facility in which Plaintiff was issued a

misbehavior report for refusing to bring his hair into compliance, and an incident in June 2015 in which Plaintiff was cited for possessing contraband yoga magazines. *See* Dkt. No. 438-8 at 20-21. Defendants contend that they should be permitted to introduce his disciplinary history because (i) it is highly probative of the sincerity of Plaintiff's religious beliefs; (ii) it is probative of Plaintiff's character for truthfulness or untruthfulness; and (iii) it is highly relevant to Plaintiff's retaliation claim, qualified immunity defense, and the issue of punitive damages. *Id*. at 20-23. Plaintiff argues that Federal Rules of Evidence 403, 404, and 608 prohibit the introduction of such disciplinary history because its probative value is remote, there is a danger of unfair prejudice, the use of prior bad acts to show propensity is barred, and the introduction of extrinsic evidence of specific instances of conduct to attack credibility is also prohibited. *See* Dkt. No. 442 at 16-17.

"Rule 403 permits the exclusion of evidence, even if relevant, 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 537 (E.D.N.Y. 2011) (quoting Fed. R. Evid. 403). Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "Thus, Federal Rule of Evidence 404(b) prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Cooper v. Clancy*, No. 19-cv-362, 2023 WL 7281149, at *5 (N.D.N.Y. Nov. 3, 2023) (internal quotation marks and citation omitted). "In particular, disciplinary records of a state ward plaintiff, *e.g.*, a prison inmate or psychiatric patient, are almost always inadmissible." *Id.* (citation omitted). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge,

identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  Moreover, pursuant to

Rule 608(b), a court may, on cross examination, allow "specific instances of a witness's conduct .

. . to be inquired into if they are probative of the [witness's] character for truthfulness or

untruthfulness[.]" Fed. R. Evid. 608(b).  But "extrinsic evidence is not admissible to prove specific

instances of a witness's conduct in order to attack or support the witness's character for

truthfulness or untruthfulness." *Holley v. Spinner*, No. 22-cv-1119, 2025 WL 2410372, at *6

(N.D.N.Y. Aug. 20, 2025) (quoting Fed. R. Evid. 608(b)).

First, under Rule 403, the Court agrees with Plaintiff that the probative value of these two

specific instances in Plaintiff's disciplinary history is far outweighed by the danger of prejudice to

Plaintiff.  *See* Dkt. No. 442 at 16.  In particular, Plaintiff's statement in June 2012 that "I will be

whatever I need to be so I don't have to cut my hair" is ambiguous and occurred years before the

events at issue in trial, but presents a substantial likelihood of prejudice to Plaintiff.  *See Shepherd

v. Smith*, No. 15-cv-665, 2019 WL 5212883, at *6 (N.D.N.Y. Oct. 16, 2019) (noting that "the

probative value of a specific instance of misconduct is lessened when it occurred a long time before

trial" (citing *United States v. Schwab*, 886 F.2d 509, 513 (2d Cir. 1989))).  Additionally, the June

2015 incident related to Plaintiff's possession of yoga magazines is different in character from the

incidents at issue for trial, and thus its probative value is low, while the risk of prejudice remains,

and the risk of jury confusion is substantial.

Second, Rule 404(b) bars the introduction of this evidence, as well.  Here, Defendants

plainly seek to use Plaintiff's disciplinary history to prove Plaintiff's character, *i.e.*, as someone

who invokes religion to obtain exemption from applicable rules, by showing that, on certain

occasions, Plaintiff acted in accordance with that character.  *See, e.g.*, *Starmel v. Tompkin*, 634 F.

Supp. 3d 41, 46 (N.D.N.Y. 2022) (quoting Fed. R. Evid. 404(b)).  Moreover, there is also no basis

to conclude that such evidence falls under any of the Rule 404(b) exceptions.

Lastly, the Court agrees with Plaintiff that Plaintiff's disciplinary history is not admissible for the purpose of attacking his character for truthfulness because it is extrinsic evidence barred by Rule 608(b).  *See, e.g.*, *Tapp v. Tougas*, No. 05-cv-1479, 2018 WL 1918605, at *4 (N.D.N.Y. Apr. 20, 2018).

Accordingly, the Court denies this portion of Defendants' Motion.  To the extent that Defendants seek to introduce additional disciplinary incidents aside from the June 2012 and June 2015 incidents, the Court will reserve until Defendants make an offer of proof specifically identifying the disciplinary incidents into which they wish to inquire, the basis for their admissibility, and precisely how those incidents are probative of Plaintiff's character for truthfulness or untruthfulness.

### H.  Inquiry into Plaintiff's criminal convictions

Defendants seek to introduce evidence related to Plaintiff's criminal convictions.  *See* Dkt. No. 438-8 at 23-25.  Plaintiff contends that (i) Defendants should not be allowed to inquire into any of Plaintiff's convictions prior to 2016, and (ii) drug offenses are not crimes involving dishonesty and generally have low impeachment value.  *See* Dkt. No. 442 at 18-19.

As an initial matter, the Court must determine whether Rule 609(a) or Rule 609(b) applies. Rule 609(b) "applies if more than 10 years have passed since the witness's conviction or *release from confinement for it*, whichever is later."  Fed. R. Evid. 609(b) (emphasis added).  "[B]y its terms, Rule 609(b) provides that evidence of a crime is not excludable if the witness is still incarcerated for that crime."  *Smith v. Perez*, No. 19-cv-1758, 2023 WL 4540439, at *3 (D. Conn. July 14, 2023) (citing *Blake v. Coughlin*, No. 99-208, 2000 WL 233550, at *1 (2d Cir. 2000)). Here, Plaintiff was convicted of criminal possession of a controlled substance in the third degree

12

and fourth degree in February 2011 and was sentenced to a ten-year term of imprisonment. Dkt. No. 438-8 at 23. Plaintiff was released on parole in September 2024 and shortly thereafter, was arrested on a violation of parole in March 2025 and returned to the custody of the Department of Corrections and Community Supervision ("DOCCS") on July 31, 2025. *Id.* The Court considers Plaintiff's confinement resulting from his parole violation as confinement for his original convictions, which restarts the clock for purposes of Rule 609(b). *See United States v. Thompson*, No. 25-cr-13, 2025 WL 3562613, at *5 (E.D. Pa. Dec. 12, 2025). But for Plaintiff's 2011 convictions, he would not have been confined for a parole violation in March 2025. *See id.* Accordingly, because Plaintiff has not been released from confinement for his parole violation in March 2025, Rule 609(b) does not apply, and thus, the Court must analyze Plaintiff's felony convictions under Rule 609(a).

Furthermore, Rule 609(a)(1), rather than Rule 609(a)(2), applies because Plaintiff's convictions do not require admitting a dishonest act or false statement. "The Second Circuit has repeatedly instructed that narcotics-related crimes generally are 'less probative of veracity' than 'crimes that reflect adversely on a person's integrity, and which therefore bear on honesty, such as those involving deceit, fraud and theft.'" *Williams v. City of New York*, No. 19-cv-3347, 2023 WL 2911023, at *3 (S.D.N.Y. Apr. 12, 2023) (quoting *United States v. Estrada*, 430 F.3d 606, 617-18 (2d Cir. 2005)); *see also Picciano v. McLoughlin*, No. 07-cv-781, 2010 WL 4366999, at *3 (N.D.N.Y. 2010) ("Drug crimes are generally not crimes involving dishonesty or false statement."). Thus, "[h]aving concluded that these convictions are not presumptively barred under Rule 609(b), and not presumptively admissible under Rule 609(a)(2), the Court must now undertake the balancing of factors required under Rule 609(a)(1)." *Espinosa v. McCabe*, No. 10-cv-497, 2014 WL 988832, at *4 (N.D.N.Y. Mar. 12, 2014).

Rule 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case[.]" Fed. R. Evid. 609(a)(1). In other words, a district court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Estrada*, 430 F.3d at 620-21 (quoting Fed. R. Evid. 403). "In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted).

Regarding the first factor, "Rule 609(a)(1) crimes, which do not bear directly on honesty such as to be automatically admissible under Rule 609(a)(2), may nonetheless be highly probative of credibility." *Estrada*, 430 F.3d at 617 (citation omitted). Indeed, Rule 609 presumes that "all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility[.]" *Id.* (citations omitted). Here, Plaintiff's felony convictions for possession of a controlled substance have little probative value as to Plaintiff's character for truthfulness. *See Starmel*, 634 F. Supp. 3d at 45 (citing, *inter alia*, *Ali v. Police Officer William Connick*, No. 11-cv-5297, 2016 WL 3080799, at *3 (E.D.N.Y. May 31, 2016) (noting that drug possession convictions rank low on impeachment value)).

Regarding the second factor, it is well-settled that "the probative value of a conviction decreases as its age increases." *Espinosa*, 2014 WL 988832, at *5 (internal quotation marks and

14

citation omitted).  "Under Rule 609(b), convictions over [ten] years old should be admitted very rarely and only in exceptional circumstances, as convictions over ten years old generally do not have much probative value." *Id.* at *2 (internal quotation marks and citation omitted).  Here, Plaintiff's convictions for possession of a controlled substance are fairly remote in time, as Plaintiff was convicted approximately fifteen years ago, and thus, their probative value is low.

However, as to the third factor, Plaintiff's convictions for drug possession "are so dissimilar from the conduct at issue here that there is little potential for unfair prejudice." *Shepherd*, 2019 WL 5212883, at *2 (citing *Stephen v. Hanley*, No. 03-cv-6226, 2009 WL 1471180, at *5 (E.D.N.Y. May 21, 2009) (noting that "[t]he less similar the pending case is to the prior conviction, the less prejudicial its admission is")).  Thus, the third factor weighs in favor of admission.

Finally, regarding the fourth factor, Plaintiff's credibility is a central issue in this case. Where there is little documentary or supporting evidence, the resolution of Plaintiff's claims largely hinges on whether the jury credits Plaintiff's or Defendants' version of events.  *See Espinosa*, 2014 WL 988832, at *5.  Thus, the fourth factor weighs in favor of admitting Plaintiff's convictions for impeachment purposes.

After weighing each of the factors under Rule 403, the Court finds that the probative value of Plaintiff's felony convictions is substantially outweighed by the danger of unfair prejudice. Accordingly, while the Court will permit Defendants to introduce evidence related to the fact that Plaintiff is a convicted felon, *see Allah v. Kemp*, No. 19-cv-839, 2024 WL 1740550, at *4 (N.D.N.Y. Apr. 23, 2024) (noting that the jury will be informed that plaintiff has been convicted of a crime by the very nature of the case), the Court precludes Defendants from introducing any details regarding Plaintiff's convictions, including the statutory names of the offenses, their

essential elements, the number and dates of the felony convictions, and the length of the sentence imposed.

### I.    Inquiry into Plaintiff's other lawsuits

Defendants seek to inquire into Plaintiff's other lawsuits against corrections officers and DOCCS employees, and lawsuits making substantially the same claims as those at issue here.  Dkt. No. 438-8 at 25-28.  Defendants argue that this evidence is probative of Plaintiff's credibility and demonstrates a pattern of using litigation affirmatively against prison officials.  *Id.* at 25.  Plaintiff contends that introducing evidence of Plaintiff's prior lawsuits to impeach Plaintiff's credibility is improper character evidence under Rule 404(b) and highly prejudicial under Rule 403.  Dkt. No. 442 at 19.

The Court must weigh the probative value of Plaintiff's other lawsuits against the danger of prejudice.  "[A] plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant."  *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) (brackets omitted).  "The trial court has a duty to prevent exploitation of this prejudice."  *Id.*  "Evidence of prior lawsuits 'undoubtedly cause the jury to question the validity of a plaintiff's current claims,' which is of particular concern in cases where 'credibility is of particular importance.'"  *Shepherd*, 2019 WL 5212883, at *4 (quoting *Outley*, 837 F.2d at 593) (brackets omitted).

Here, the Court finds that the probative value of Plaintiff's prior lawsuits is outweighed by the substantial danger of unfair prejudice to the Plaintiff, as well as the risk of confusion of issues.  Accordingly, the Court denies this portion of Defendants' Motion.

IV.    **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that Defendants' motion *in limine*, Dkt. No. 438, is **GRANTED in part,**

**DENIED in part, and reserved in part**, as set forth in Section III of this Memorandum-Decision

and Order; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 5, 2026
      Albany, New York

*Anne M. Nardacci*
_____
Anne M. Nardacci
U.S. District Judge

17