UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAVELL FOX,

                    Plaintiff,

          v.                                              9:15-cv-00390 (AMN/ML)

LT. MADISON, *et al.*,

                    Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **CULLEN & DYKMAN LLP** | **ANN KATHERINE PHILLIPS, ESQ.** |
| 80 State Street – Suite 900 | **CHRISTOPHER E. BUCKEY, ESQ.** |
| Albany, New York 12207 | |
| *Attorneys for Plaintiff* | |
| | |
| **NEW YORK STATE ATTORNEY GENERAL** | **KAITLIN N. VIGARS, ESQ.** |
| The Capitol | **MATTHEW GALLAGHER, ESQ.** |
| Albany, New York 12224 | |
| *Attorneys for Defendants* | |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

On April 2, 2015, then-*pro se* Plaintiff Javell Fox commenced this action pursuant to 42 U.S.C. § 1983 alleging various claims for violation of his civil rights.  Dkt. No. 1.  On February 12, 2026, the jury returned a verdict finding that Plaintiff had failed to prove his claims by a preponderance of the evidence.  *See* Dkt. No. 458.  On February 17, 2026, the Court entered a judgment in accordance with the verdict.  *See* Dkt. No. 459.

Presently before the Court is Defendants' motion for a Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, seeking a total of $924.59 in costs associated with

defending this action. *See* Dkt. No. 463 ("Motion"). Plaintiff did not oppose Defendants' Motion.

For the reasons stated herein, Defendants' Motion is granted.

## I.      STANDARD OF REVIEW

"Rule 54(d)(1) provides that costs other than attorney's fees should be allowed to the prevailing party unless the court directs otherwise." *Pachura v. Hegseth*, No. 21-cv-316 (AMN/MJK), 2025 WL 2391689, at *1 (N.D.N.Y. Aug. 18, 2025) (internal quotation marks, citation, and alterations omitted). The costs that may be awarded to a prevailing party are set forth in 28 U.S.C. § 1920, *see id.* (citation omitted), which states, in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In civil litigation, awarding costs to the prevailing party is the rule—not the exception. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citing Rule 54(d)), *abrogated on other grounds*, *Bruce v. Samuels*, 577 U.S. 82 (2016). Therefore, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (citations omitted). "The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the sound discretion of the district court." *Mayanduenas v. Bigelow*, No. 18-cv-1161 (AMN/TWD), 2024 WL 1345514, at *1 (N.D.N.Y.

Mar. 29, 2024) (citation omitted).

## II.    DISCUSSION

Defendants seek $924.59 for (i) the cost of Plaintiff's deposition transcripts, (ii) the costs incurred in connection with the trial testimony of non-party witness, Jason Waugh, and (iii) discovery-related copying costs.  *See* Dkt. No. 463-2 at ¶¶ 7-8.

### A.  Plaintiff's Deposition Transcript

Defendants request $431.79 in fees for the transcript from Plaintiff's deposition, which Defendants claim was necessary for trial preparation, including for Defendants' cross-examination of Plaintiff.  *Id.* at ¶¶ 11-12; *see also* Dkt. No. 463-1 at 5-6.[1]  As a general matter, "the reasonable costs of transcribing depositions are properly taxed in favor of the prevailing party."  *Green v. Venettozzi*, No. 14-cv-1215, 2019 WL 4508927, at *1 (N.D.N.Y. Sept. 19, 2019) (citation omitted); *see also* Northern District of New York Guidelines for Bills of Costs ("N.D.N.Y. Guidelines") § II(D)(1)(c)-(e).  "When a deposition transcript is used or received in evidence at trial[,] costs are properly allowed."  *Mayanduenas*, 2024 WL 1345514, at *2 (citation and alterations omitted). "However, even where the transcripts are not so used, transcript costs are properly awarded if the court is convinced that they were otherwise necessary in the case."  *Id.* (quoting *C.C. by & through Camarata v. Polaris Indus., Inc.*, No. 14-cv-0975, 2018 WL 3031848, at *5 (N.D.N.Y. June 19, 2018)).

Here, the Court finds that the costs associated with Plaintiff's deposition transcript were a necessary expense for Defendants to prepare for trial.  *See, e.g.*, *Zulu v. Barnhart*, No. 16-cv-1408, 2019 WL 4544420, at *2, 2 n.2 (N.D.N.Y. Sept. 19, 2019) (finding that defendants needed

---

[1] Citations to court documents utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

plaintiff's deposition to properly prepare for trial and examine plaintiff at trial, and even if defendants had not used the deposition at trial, the deposition was necessary to support defendants' summary judgment motion). Additionally, by not opposing Defendants' Motion, Plaintiff has failed to show that he is otherwise entitled to the denial of costs or reduced costs. *See Whitfield*, 241 F.3d at 270.

Accordingly, Defendants' request for costs in the amount of $431.79 in connection with Plaintiff's deposition is granted.

### B. Witness Fees

Defendants also seek $146.80 in witness fees for Jason Waugh, a non-party witness who testified at trial, which consist of mileage, totaling $114.80, and miscellaneous expenses for parking and meals ($15.00 and $17.00, respectively). *See* Dkt. No. 463-2 at ¶¶ 18-19; Dkt. No. 463-1 at 3. Pursuant to the N.D.N.Y. Guidelines, witnesses are entitled to mileage at the rate set by the General Services Administration. *See* N.D.N.Y. Guidelines § II(F)(1)(b) (citing 28 U.S.C. § 1821(c)(2)). Here, Mr. Waugh's travel-related expenses are sufficiently documented and fall within the approved mileage rates. *See* Dkt. No. 463-1 at 10-13 (claiming mileage reimbursement of 164 miles roundtrip from Ellenville, New York to Albany, New York at $0.70 per mile); *see also* U.S. General Services Administration Privately Owned Vehicle Mileage Rates, effective January 1, 2026, https://www.gsa.gov/travel/plan-a-trip/transportation-airfare-rates-pov-rates/privately-owned-vehicle-pov-mileage-reimbursement (noting a $0.725 mileage rate for privately owned vehicles). Pursuant to the N.D.N.Y. Guidelines, witness fees also include miscellaneous expenses, such as parking fees. *See* N.D.N.Y. Guidelines § II(F)(1)(e) (citing 28 U.S.C. § 1821(c)(3) and noting that witness's parking fees may be taxed).

Accordingly, Defendants' request for costs in the amount of $146.80 for witness fees is granted.

## C.  Discovery-Related Copying Costs

Lastly, Defendants seek $346.00 for discovery-related copying costs related to Defendants' production of various documents and materials to Plaintiff in accordance with the Mandatory Pretrial Discovery and Scheduling Order, *see* Dkt. No. 33, in this action.  Dkt. No. 463-2 at ¶¶ 20, 24.  Specifically, Defendants mailed 692 Bates-stamped pages of materials consisting of records maintained by the New York State Department of Corrections and Community Supervision to Plaintiff.  *Id.* at ¶¶ 20-22.

"Courts interpret 28 U.S.C. § 1920(4) to include photocopying charges for discovery." *Encarnacion v. Spinner*, No. 15-cv-1411, 2023 WL 2785745, at *7 (N.D.N.Y. Apr. 5, 2023) (quoting *Green*, 2019 WL 4508927, at *2) (alterations omitted); *see also Encarnacion v. Olivo*, No. 21-cv-986, 2024 WL 4651770, at *11 (N.D.N.Y. Nov. 1, 2024) ("The Court's Guidelines also allow 'copies directed by the Court' and 'any courtesy copies required to be provided to the presiding judge' to be taxed." (quoting N.D.N.Y. Guidelines § II(H)(1)(a), (c)) (alterations omitted)).  Defendants have "provided sufficient information regarding the purpose of the copies" and the Court finds that they are necessary in this case.  *Spinner*, 2023 WL 2785745, at *7 (quoting *Green*, 2019 WL 4508927, at *2).  The copying cost for these documents is $0.50 per page.  *See* Dkt. No. 463-2 at ¶ 23; *see also* Northern District of New York, Court Fees & Rates, https://www.nynd.uscourts.gov/court-fees-rates#copy (noting a fee of $0.50 per page for photocopies).

Thus, the Court also grants Defendants' request for costs in the amount of $346.00 for discovery-related copying costs.

\* \* \*

For the foregoing reasons, Defendants' request for costs in the amount of $924.59 is granted.

### III.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' Motion, Dkt. No. 463, is **GRANTED** and Defendants are awarded $924.59 in costs; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 3, 2026
        Albany, New York

Anne M. Nardacci
U.S. District Judge

6